**LOAN AGREEMENT**

This Loan Agreement ("Agreement") is entered into and effective as of March 16th, 2014 (the "Effective Date"), by and between

Sapinda Asia Limited, a BVI limited liability company with its registered address at OMC Chambers, Wickhams Cay 1, Road Town, Tortola, BVI ("Lender"), a stockholder of SecureAlert, Inc., a Utah corporation ("Company"), and

Eli Sabag, an Israeli resident, residing at Maapilim 14, Kfar Saba, Israel (including his designees, successors and assigns, the "Borrower"). The Lender and the Borrower may each be referred to herein as a "Party" and collectively as the "Parties."

Lender and Borrower hereby agree as follows:

1.  Loan.

    (a) Lender shall lend the Borrower US$1,600,000 (the "Loan"). The Loan amount will be delivered to the Borrower no later than March 28, 2014, in wire transfer of immediately available funds to the Borrower's bank account according to the details attached hereto as **Schedule A**. The Loan shall not bear any interest and shall not be linked to any index.

    (b) On or before the nine-month anniversary date the Loan is lent to Borrower (the "Due Date") Borrower shall, at the Borrower's sole discretion, either (i) repay the Loan, or (ii) provide the Lender with the Initial Buyer Shares, as such term is defined in that Share Purchase Agreement by and between the Borrower, the Company and GPS Global Tracking and Surveillance System Ltd. (the "SPA"), after registration and in an "electronic" method of transfer (not by transfer of a hard-copy stock certificate), regardless of the then-applicable value of such Initial Buyer Shares (each a "Loan Settlement"), and in such event the Loan shall immediately become settled, discharged and extinguished. Failure to settle the Loan on or before the Due Date shall constitute an Event of Default under Section 5 below.

2.  Fee. Borrower shall not be required to pay to Lender any fees in connection with the Loan.

3.  Pre-payment. Borrower may, on or prior to the Due Date, settle the Loan, in whole or in part, at any time or from time to time, without penalty or premium.

4.  Event of Default.  Failure by the Borrower to settle the Loan on or before the Due Date shall constitute an "Event of Default" pursuant to this Agreement.

5.  Representations, Warranties and Covenants. Lender hereby represents, warrants and covenants to Borrower as follows:



(a) Lender is not, and within 90 days of the Effective Date has not been an officer, director, representative or affiliate of Company.

(b) Except as expressly stated herein, Lender is not, directly or indirectly, receiving any consideration from or being compensated in any manner by, and will not at any time in the future accept any consideration or compensation from, Company, any affiliate of Company, or any other person for entering into this Agreement. There is no restriction applicable to the Lender, under law or otherwise, which may prevent the Lender from receiving the Initial Buyer Shares as full and absolute discharge of the Loan.

(c) Lender is a limited liability company duly organized, validly existing, and in good standing under the laws of the British Virgin Islands.

(d) This Agreement constitutes the legal, valid, and binding obligation of Lender, enforceable against it in accordance with its terms. Lender has the absolute and unrestricted right, power, and authority to execute and deliver this Agreement.

(e) The execution, delivery and performance of this Agreement by Lender will not conflict with, or result in any violation of or default (with or without notice or lapse of time, or both) under or give rise to any right or obligation under, any provision of (i) the incorporation documents of Lender; (ii) any applicable law; or (iii) any contract.

(f) Lender is not and will not be required to obtain any consent from any third party in connection with the execution, delivery and performance of this agreement.

(g) Lender acknowledges that the Borrower has entered into the SPA in reliance on Lender's representations, warranties and undertakings set forth in this Agreement, and without such representations, warranties and undertakings, the Borrower would not have entered into the SPA.

7.      Fees and Expenses. Each party shall pay the fees and expenses of its advisers, counsel, accountants and other experts, if any, and all other expenses incurred by such party incident to the negotiation, preparation, execution, delivery and performance of this Agreement.

8.      Construction. The headings herein are for convenience only, do not constitute a part of this Agreement and shall not be deemed to limit or affect any of the provisions hereof. The language used in this Agreement will be deemed to be the language chosen by the parties to express their mutual intent, and no rules of strict construction will be applied against any party.

TC

9.     Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the parties and their successors and permitted assigns.

10.     No Third-Party Beneficiaries. This Agreement is intended for the benefit of the parties hereto and their respective successors and permitted assigns and is not for the benefit of, nor may any provision hereof be enforced by, any other person.

11.     Reserved.

12.     Termination; Survival. This Agreement shall terminate when the Loan is settled. The representations and warranties contained herein shall survive until the Loan is settled.

13.     Execution. This Agreement may be executed by facsimile or electronic transmission and in two or more counterparts, all of which when taken together shall be considered one and the same agreement and shall become effective when counterparts have been signed by each party and delivered to the other party, it being understood that both parties need not sign the same counterpart. In the event that any signature is delivered by facsimile transmission, email or electronic file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile signature page were an original thereof.

14.     Severability. If any provision of this Agreement is held to be invalid or unenforceable in any respect, the validity and enforceability of the remaining terms and provisions of this Agreement shall not in any way be affected or impaired thereby and the parties will attempt to agree upon a valid and enforceable provision that is a reasonable substitute therefore, and upon so agreeing, shall incorporate such substitute provision in this Agreement.

15.     Amendments; Waivers. No provision of this Agreement may be waived or amended except in a written instrument signed, in the case of an amendment, by the Lender and Borrower, or, in the case of a waiver, by the party against whom enforcement of any such waiver is sought. No waiver of any default with respect to any provision, condition or requirement of this Agreement shall be deemed to be a continuing waiver in the future or a waiver of any subsequent default or a waiver of any other provision, condition or requirement hereof, nor shall any delay or omission of either party to exercise any right hereunder in any manner impair the exercise of any such right.

16.     Entire Agreement. This Agreement contains the entire agreement and understanding of the parties, and supersedes all prior and contemporaneous agreements, understandings, communications and discussions, both oral and written. No party, representative, attorney or agent has relied upon any collateral contract, agreement, assurance, promise, understanding or representation not expressly set forth herein above. The parties hereby waive all rights and remedies, at law and in equity, arising out of, relating to, or which may arise as the result of, any person's reliance on any such

assurance. The parties acknowledge that all prior agreements have been merged into this Agreement.

[SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective authorized signatories as of the date first indicated above.

Lender                                               Borrower
For and on behalf of Sapinda Asia

_____                  _____
By Ms. Tatiana Cohen,                           Eli Sabag
Under power of attorney



Privet account – eli Sabag

SABAG ELI  MENACHEM

ID NO: 038720769

HAMAAPILIM 14, KFAR SABA, ISRAEL

BANK LEUMI ISRAEL

BRANCH:  946

ADDRESS: 101 WAIZMAN ST. KFAR-SABA, ISRAEL

ACCOUNT NO: 946-418167/86

IBAN NO: IL370109-4600-0004-1816-786

