AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

| | | |
|---|---|---|
| In Re: The Application of ELI SABAG | ) | |
| _Plaintiff_ | ) | Civil Action No.  1:19-cv- |
| v. | ) | |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Marion County Community Corrections c/o Office of Corporation Counsel
200 East Washington Street, Suite 1600, Indianapolis, Indiana 46204

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents requested in attached Exhibit A.

| Place: | Date and Time: |
|---|---|
| | |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

_CLERK OF COURT_

OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT
LL**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

The Applicant incorporates by reference all instructions, definitions and rules contained in the Federal Rules of Civil Procedure and for purposes of these requests, the following definitions and instructions shall apply.

1.      As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of their scope.  Similarly, each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other words whenever doing so broadens the scope of the Requests.

2.      As used herein, the term "communication" refers to any exchange or transmission of information, whether oral, written, via electronic mail, or by other means, and includes but is not limited to, written, oral, telephonic, via electronic mail, or other inquiry, representation, discussion, meeting, letter, correspondences, facsimile, memorandum, newsletter, telegram, advertisement, speech, conversation, conference, note, e-mail or computer generated message, any other documents which refer to any such communication, and any video or audio records of such communication.

3.      As used herein, the terms "referring to," "relating to," "evidencing," "concerning" and "concern" shall be construed in their broadest sense and shall mean directly or indirectly analyzing, comprising, containing, consisting, constituting, contradicting, controverting, corroborating, dealing with, demonstrating, describing, discussing, disputing, embodying, evaluating, identifying, mentioning,  pertain or pertaining to, proposing, providing, recording, setting forth, showing, stating, studying, supporting, refer or referring to, reflecting, rebutting, or being in any way legally, logically, or factually connected with the matter being discussed either

in whole or in part and without limitation.

    4.    The term "document" means all written and graphic matter, however produced or reproduced, and each and every thing from which information can be processed, transcribed, transmitted, restored, recorded, or memorialized in any way, by any means, regardless of technology or form. It includes, without limitation, correspondence, memoranda, notes, notations, diaries, papers, books, accounts, newspaper and magazine articles, photographs, notebooks, ledgers, letters, telegrams, cables, telex messages, facsimiles, contracts, offers, agreements, reports, objects, tangible things, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or conferences, or of other meetings, occurrences or transactions, affidavits, statements, summaries, opinions, tests, experiments, analysis, evaluations, journals, balance sheets, income statements, statistical records, desk calendars (such as Outlook calendars), appointment books, lists, tabulations, sound recordings, data processing input or output, microfilms, checks, statements, receipts, summaries, computer printouts, computer programs, information kept in computer hard drives, computer zip or jaz drives, computer tape back-up, CD-ROM, computer floppy diskettes, teletypes, telecopies, invoices, worksheets, printed matter of every kind and description, graphic and oral records and representations of any kind, and electronic "writings" and "recordings" as set forth in the Federal Rules of Evidence, including but not limited to originals or copies where originals are not available. "Documents" also includes electronically stored information or data, which is maintained in electronic format of any kind, including but not limited to e-mail communications. Any documents with nay marks such as initials, comments or notations of any kind of not deemed to be identical with one without such marks is to be produced as a separate document. Where there

2

is any question about whether a tangible item otherwise described in these requests falls within the definition of "document," such tangible item shall be produced.

5.     For the avoidance of confusion, the term "document" includes, among other information, information stored in machine-readable form. In determining where responsive documents in this form might be located, consider whether you have any equipment or media which contain "Documents" expressly includes but is not limited to:

a.    Documents on or stored in a computer, including, without limitation, desktop personal computers (PCs) or workstations; PCs, workstations, minicomputers, PDAs, or mainframes used as file servers, application servers, or electronic mail servers; other microcomputers and mainframes; laptop, notebook, and other portable computers; and home computers used for work-related purposes.

b.    Documents on or stored in backup, including, without limitation, backup disks and tapes, archival disks and tapes, and other forms of offline storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third-party; and

c.    Electronic mail messages, even if available only on backup or archive disks or tapes.

6.     The term "person" shall mean any natural individual, in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, without limitation, any public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

7.     The term "representative" shall mean any agent, employee, servant, officer, director, accountant, attorney, independent contractor, or other person acting or purporting to act at the direction of or on behalf of the person in question.

8.      To "describe" any fact, act, occurrence, omission, or series of facts, occurrences, or omissions means to provide the following information: (i) the identity of each and every person who has knowledge of the fact, act, occurrence, omission or series of facts, acts, occurrences, or omissions; (ii) the date(s) of each fact, act, occurrence, or omission; (iii) a narrative description of each fact, act, occurrence, or omission; and (iv) the identity of each and every document related to the fact, act, occurrence, or omission or series of facts, acts, occurrences, or omissions.

9.      The term "including" shall mean including but not limited to.

10.     The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation of the date (based upon relationship with other events).

11.     The use of the word "the" shall not be construed as limiting the scope of any request.

12.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

13.     The term "MCCC" shall collectively and individually mean the Marion County Community Corrections, and its present and former agents, advisory board or advisory committee (and advisory board or advisory committee members), officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on MCCC's behalf.

14.     "Track Group" shall collectively and individually mean the corporation Track Group, Inc. (formerly SecureAlert Inc.), and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities,

4

accountants, attorneys, predecessors, and any other person acting or purporting to act on Track Group, Inc.'s behalf.

15.    "Sapinda Asia Limited" shall collectively and individually mean the British Virgin Islands corporation called Sapinda Asia Limited, and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on Sapinda Asia Limited's behalf.

16.    "GPS Global Tracking" shall collectively and individually mean the Israeli corporation called GPS Global Tracking & Surveillance System Ltd, and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on GPS Global Tracking's behalf.

17.    "3M" shall collectively and individually mean the "3M Company," a Delaware corporation, and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on 3M's behalf.

18.    "CorrectiveSolutions"       shall       collectively       and       individually       mean CorrectiveSoultions Holdings, a California corporation, and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on CorrectiveSolutions' behalf.

19.    "Mr. Sabag" shall mean Eli Sabag.

5

20.     "Mr. Windhorst" shall mean Lars Windhorst.

21.     "Mr. Dubois" shall mean Guy Dubois.

22.      "Mr. Deiter" shall mean John Deiter.

23.     "Mr. Barton" shall mean Brian Barton.

24.     "3M Offer" shall mean the written offer to MCCC by 3M on April 4, 2016 to render prison tracking devices and services until December 31, 2016.

25.     "Corrective Solutions Offer" shall mean the written offer to MCCC by CorrectiveSolutions in or around April 2016 to render prison tracking devices and services until December 31, 2016.

26.      "Track Group Offer" shall mean the written offer to MCCC by Track Group on April 18, 2016, to render prison tracking devices and services for a two-year period, with three one-year extensions.

27.     "MCCC Agreement" shall mean the 18-month "Monitoring Services Agreement" contract signed by Mr. Deiter (and others) on May 5, 2016, by and between Track Group and MCCC.

28.     "Four-Year Bid Process" shall mean MCCC's bid process seeking requests for proposals for a four-year contract for prison monitoring devices, initiated by MCCC through "RFP #34COM-12."

29.     "Second MCCC Agreement" shall mean the six-year "Monitoring Services Agreement" entered into by and between Track Group and MCCC signed by Tyler Bouma (and others) on October 17, 2017.

30.     The terms "you" and "your" shall collectively and individually mean MCCC, and

6

its present and former agents, advisory committees (and advisory committee members), officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on your behalf.

## **INSTRUCTIONS**

The following instructions shall apply to Mr. Sabag's Requests:

1.      Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests.

2.      These Requests are directed to and cover all documents in your possession, custody or control, or in the possession, custody, or control of your representatives, including, but not limited to, any of your employees, agents, or attorneys, and any other person acting for, on behalf of, or under your authority or control.

3.      When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

4.      You shall produce documents responsive to these Requests in such a manner that the source of the documents is easily ascertainable by Applicant.

5.      When producing the requested documents, please produce all other documents that are clipped, stapled, or otherwise attached to any requested document.

6.      In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person

7

who removed the file, the title of the file and each sub file, if any, maintained within the file, and the present location of the file.

7.      If you withhold any documents that you are otherwise required to produce by these Requests, specifically identify each document by stating its date, author, recipients and the reason for withholding said document.

8.      If you choose to withhold any documents from production or inspection on the grounds of privilege or other immunity from discovery, please provide the following information: the type of document, and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege (with understanding that the privilege may be waived under a crime-fraud exception), and to enable adjudication of the propriety of that claim.

9.      If any document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall:

        a.      describe in detail the nature of the document and its contents;

        b.      identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

        c.      specify the date on which the document was prepared or transmitted or both;

        d.      specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such

destruction and the person(s) requesting and performing the destruction; and

e.     if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

10.     You are under a continuous obligation to supplement your answers to these Requests.

11.     Unless otherwise specified in the individual requests, the time frame for these Requests is January 1, 2015, to the present date.

## DOCUMENTS REQUESTED

1.     All documents and communications between July 1, 2015 and June 30, 2016 relating to or referring to your negotiations with 3M to extend 3M's existing contract with MCCC to provide prisoner tracking services and devices beyond the contractually-agreed termination date of June 30, 2016 (including, but not limited to, any communications between you and 3M that resulted in the 3M Offer).

2.     All communications between you and CorrectivSolutions that resulted in the CorrectiveSolutions Offer.

3.     All communications between you and Track Group that resulted in the Track Group Offer.

4.     All documents and communications relating to or referring to actions or activities by MCCC to obtain a vendor (existing or new) of prisoner tracking services and or/devices to start on or around July 1, 2016.

5.     All of your communications to third-parties to solicit a vendor (existing or new) of prisoner tracking services and or/devices to start on or around July 1, 2016.

6.      All documents and communications relating to or referring to the (1) 3M Offer, (2) the CorrectiveSolutions Offer, and (3) the Track Group Offer.

7.      All documents and communications relating to or referring to the "Request for Information" or "RFI" that you discussed in a meeting of the MCCC Advisory Board on February 18, 2016 (and subsequent monthly meetings of the MCCC Advisory Board).

8.      All documents and communications relating to or referring to deliberations by MCCC regarding the selection of a vendor (existing or new) of prisoner monitoring services and devices to start on or around July 1, 2016.

9.      All documents and communications relating to or referring to plans by MCCC to issue a formal "Request for Proposal" or "RFP" to solicit a vendor of prisoner tracking services and devices (for a future contract to start on or around January 1, 2017, or any other date).

10.      All documents and communications relating to or referring to the MCCC Agreement, including, but not limited to, requests for bids or proposals, solicitations for goods and/or services, drafts, notes and memoranda.

11.      All of your communications with Track Group relating to or referring to the MCCC Agreement, including, but not limited to, the negotiation of the MCCC Agreement (either before or after the Track Group Offer was received).

12.      All of your communications with Mr. Windhorst.

13.      All of your communications with Sapinda Asia.

14.      All documents and communications relating to or referring to the Four-Year Bid Process, including but not limited to drafts, notes and memoranda, your communications with Track Group, and your later selection of Track Group to sign the Second MCCC Agreement.

15.     All documents and communications relating to or referring to the Second MCCC Agreement, including but not limited to requests for bids or proposals, solicitations for goods and/or services, drafts, notes and memoranda.

16.     All documents and communications relating to or referring to any decision to continue the MCCC Agreement for the full 18-month term of the agreement after selecting Track Group to sign the Second MCCC Agreement.

17.     All of your communications with Track Group relating to or referring to the Second MCCC Agreement, including but not limited to the negotiation of the Second MCCC Agreement.

18.     All documents and communications relating to or referring to meetings between Mr. Deiter and Track Group, including without limitation, meetings with Mr. Barton.

19.     All of your communications with Mr. Barton relating to or referring to (1) the Track Group Offer, (2) the MCCC Agreement, (3) the Four-Year Bid Process, (4) the Second MCCC Agreement, and (5) any solicitation by Mr. Barton to have Track Group render services for pay for MCCC.

20.     All documents and communications relating to or referring to the reasons for Mr. Deiter's separation of employment from MCCC or any decisions to terminate Mr. Deiter's employment with MCCC.

21.     All of your communications relating to or referring to acts of dishonesty or employee misconduct by Mr. Deiter.

22.     All of your communications relating to or referring to Mr. Deiter's relationship and/or discussions with Track Group.

23.     All of your communications relating to or referring to actual or possible violations

11

of federal law, state law, or local law, or local procedures (including, but not limited to, violations of the Marion County Purchasing Manual) by Mr. Deiter.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| In Re: The Application of ELI SABAG, | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:19-cv- |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          David Condon c/o Office of Corporation Counsel
          200 East Washington Street, Suite 1600, Indianapolis, Indiana 46204
          *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  KATZ KORIN CUNNINGHAM, PC | Date and Time: |
|---|---|
| 334 N. Senate Ave. Indianapolis, IN  46204-1708 | |

The deposition will be recorded by this method:     stenographically and videographically

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

          *CLERK OF COURT*
                                                OR

          _____          _____
          *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Eli Sabag
c/o Offer Korin, KATZ KORIN CUNNINGHAM, PC                              , who issues or requests this subpoena, are:
334 N. Senate Ave., Indianapolis, IN  46204-1708, 317-464-1100, okorin@kkclegal.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:19-cv-

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                      _____
                                                            *Printed name and title*

                                                      _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | | |
|---|---|---|
| In Re: The Application of ELI SABAG, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:19-cv- |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        John J. Deiter, 327 Poplar Rd., Indianapolis, IN  46219-5643

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | KATZ KORIN CUNNINGHAM, PC<br>334 N. Senate Ave.<br>Indianapolis, IN  46204-1708 | Date and Time: |
|---|---|---|

The deposition will be recorded by this method:    stenographically and videographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All documents requested in attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Eli Sabag
c/o Offer Korin, KATZ KORIN CUNNINGHAM, PC                                  , who issues or requests this subpoena, are:
334 N. Senate Ave., Indianapolis, IN  46204-1708, 317-464-1100, okorin@kkclegal.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:19-cv-

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                          *Server's signature*

                                               _____
                                                          *Printed name and title*

                                               _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

The Applicant incorporates by reference all instructions, definitions and rules contained in the Federal Rules of Civil Procedure and for purposes of these requests, the following definitions and instructions shall apply.

1.      As used herein, "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of their scope. Similarly, each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other words whenever doing so broadens the scope of the Requests.

2.      As used herein, the term "communication" refers to any exchange or transmission of information, whether oral, written, via electronic mail, or by other means, and includes but is not limited to, written, oral, telephonic, via electronic mail, computer app (e.g., WhatsApp), or other inquiry, representation, discussion, meeting, letter, correspondences, facsimile, memorandum, newsletter, telegram, advertisement, speech, conversation, conference, note, e-mail or computer generated message, any other documents which refer to any such communication, and any video or audio records of such communication.

3.      As used herein, the terms "referring to," "relating to," "evidencing," "concerning" and "concern" shall be construed in their broadest sense and shall mean directly or indirectly analyzing, comprising, containing, consisting, constituting, contradicting, controverting, corroborating, dealing with, demonstrating, describing, discussing, disputing, embodying, evaluating, identifying, mentioning,  pertain or pertaining to, proposing, providing, recording, setting forth, showing, stating, studying, supporting, refer or referring to, reflecting, rebutting, or being in any way legally, logically, or factually connected with the matter being discussed either

in whole or in part and without limitation.

4.      The term "document" means all written and graphic matter, however produced or reproduced, and each and everything from which information can be processed, transcribed, transmitted, restored, recorded, or memorialized in any way, by any means, regardless of technology or form.  It includes, without limitation, correspondence, memoranda, notes, notations, diaries, papers, books, accounts, newspaper and magazine articles, photographs, notebooks, ledgers, letters, telegrams, cables, telex messages, facsimiles, contracts, offers, agreements, reports, objects, tangible things, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or conferences, or of other meetings, occurrences or transactions, affidavits, statements, summaries, opinions, tests, experiments, analysis, evaluations, journals, balance sheets, income statements, statistical records, desk calendars (such as Outlook calendars), appointment books, lists, tabulations, sound recordings, data processing input or output, microfilms, checks, statements, receipts, summaries, computer printouts, computer programs, information kept in computer hard drives, computer zip or jaz drives, computer tape back-up, CD-ROM, computer floppy diskettes, teletypes, telecopies, invoices, worksheets, printed matter of every kind and description, graphic and oral records and representations of any kind, and electronic "writings" and "recordings" as set forth in the Federal Rules of Evidence, including but not limited to originals or copies where originals are not available.   "Documents" also includes electronically stored information or data, which is maintained in electronic format of any kind, including but not limited to e-mail communications. Any documents with nay marks such as initials, comments or notations of any kind of not deemed to be identical with one without such marks is to be produced as a separate document.  Where there

is any question about whether a tangible item otherwise described in these requests falls within the definition of "document," such tangible item shall be produced.

5. For the avoidance of confusion, the term "document" includes, among other information, information stored in machine-readable form. In determining where responsive documents in this form might be located, consider whether you have any equipment or media which contain "Documents" expressly includes but is not limited to:

 a. Documents on or stored in a computer, including, without limitation, desktop personal computers (PCs) or workstations; PCs, workstations, minicomputers, PDAs, or mainframes used as file servers, application servers, or electronic mail servers; other microcomputers and mainframes; laptop, notebook, and other portable computers; and home computers used for work-related purposes.

 b. Documents on or stored in backup, including, without limitation, backup disks and tapes, archival disks and tapes, and other forms of offline storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third-party; and

 c. Electronic mail messages, even if available only on backup or archive disks or tapes.

6. The term "person" shall mean any natural individual, in any capacity whatsoever, or any entity or organization, including divisions, departments, and other units therein, and shall include, without limitation, any public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

7. The term "representative" shall mean any agent, employee, servant, officer, director, accountant, attorney, independent contractor, or other person acting or purporting to act at the direction of or on behalf of the person in question.

3

8.      To "describe" any fact, act, occurrence, omission, or series of facts, occurrences, or omissions means to provide the following information: (i) the identity of each and every person who has knowledge of the fact, act, occurrence, omission or series of facts, acts, occurrences, or omissions; (ii) the date(s) of each fact, act, occurrence, or omission; (iii) a narrative description of each fact, act, occurrence, or omission; and (iv) the identity of each and every document related to the fact, act, occurrence, or omission or series of facts, acts, occurrences, or omissions.

9.      The term "including" shall mean including but not limited to.

10.     The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation of the date (based upon relationship with other events).

11.     The use of the word "the" shall not be construed as limiting the scope of any request.

12.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

13.     The term "MCCC" shall collectively and individually mean the Marion County Community Corrections, and its present and former agents, advisory board or advisory committee (and advisory board or advisory committee members), officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on MCCC's behalf.

14.     "Track Group" shall collectively and individually mean the corporation Track Group, Inc. (formerly SecureAlert Inc.), and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities,

accountants, attorneys, predecessors, and any other person acting or purporting to act on Track Group, Inc.'s behalf.

15.     "Sapinda Asia Limited" shall collectively and individually mean the British Virgin Islands corporation called Sapinda Asia Limited, and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on Sapinda Asia Limited's behalf.

16.     "GPS Global Tracking" shall collectively and individually mean the Israeli corporation called GPS Global Tracking & Surveillance System Ltd, and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on GPS Global Tracking's behalf.

17.     "3M" shall collectively and individually mean the "3M Company," a Delaware corporation, and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on 3M's behalf.

18.     "CorrectiveSolutions"     shall     collectively     and     individually     mean CorrectiveSoultions Holdings, a California corporation, and its present and former agents, officers, directors, employees, servants, representatives, parents, affiliates, subsidiaries, sister entities, related entities, accountants, attorneys, predecessors, and any other person acting or purporting to act on CorrectiveSolutions' behalf.

19.     "Mr. Sabag" shall mean Eli Sabag.

5

20.     "Mr. Windhorst" shall mean Lars Windhorst.

21.     "Mr. Dubois" shall mean Guy Dubois.

22.     "Mr. Barton" shall mean Brian Barton.

23.     "Mr. Cassell" shall mean Derek Cassell.

24.     "3M Offer" shall mean the written offer to MCCC by 3M on April 4, 2016 to render prison tracking devices and services until December 31, 2016.

25.     "Corrective Solutions Offer" shall mean the written offer to MCCC by CorrectiveSolutions in or around April 2016 to render prison tracking devices and services until December 31, 2016.

26.     "Track Group Offer" shall mean the written offer to MCCC by Track Group on April 18, 2016, to render prison tracking devices and services for a two-year period, with three one-year extensions.

27.     "MCCC Agreement" shall mean the 18-month "Monitoring Services Agreement" contract signed by Mr. Deiter (and others) on May 5, 2016, by and between Track Group and MCCC.

28.     "Four-Year Bid Process" shall mean MCCC's bid process seeking requests for proposals for a four-year contract for prison monitoring devices, initiated by MCCC through "RFP #34COM-12."

29.     "Second MCCC Agreement" shall mean the six-year "Monitoring Services Agreement" entered into by and between Track Group and MCCC signed by Tyler Bouma (and others) on October 17, 2017.

30.     The terms "you" and "your" shall mean you, John Deiter, both in your individual

6

capacity as well as when acting within the scope of your employment with MCCC.

## **INSTRUCTIONS**

The following instructions shall apply to the Requests:

1.      Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests.

2.      These Requests are directed to and cover all documents in your possession, custody or control, or in the possession, custody, or control of your representatives, including, but not limited to, any of your employees, agents, or attorneys, and any other person acting for, on behalf of, or under your authority or control.  More specifically, these Requests seek your individual, personal documents and communications, including but not limited to your personal email messages, personal WhatsApp messages, personal text messages or other personal electronic communications, and any documents and communications you copied, retained, or of which you took possession, from MCCC.

3.      When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

4.      You shall produce documents responsive to these Requests in such a manner that the source of the documents is easily ascertainable by the Applicant, Mr. Sabag.

5.      When producing the requested documents, please produce all other documents that are clipped, stapled, or otherwise attached to any requested document.

7

6.      In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub file, if any, maintained within the file, and the present location of the file.

7.      If you withhold any documents that you are otherwise required to produce by these Requests, specifically identify each document by stating its date, author, recipients and the reason for withholding said document.

8.      If you choose to withhold any documents from production or inspection on the grounds of privilege or other immunity from discovery, please provide the following information: the type of document, and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege (with understanding that the privilege may be waived under a crime-fraud exception), and to enable adjudication of the propriety of that claim.

9.      If any document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall:

    a.      describe in detail the nature of the document and its contents;

    b.      identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

8

c.      specify the date on which the document was prepared or transmitted or both;

d.      specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and

e.      if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

10.      You are under a continuous obligation to supplement your answers to these Requests.

11.      Unless otherwise specified in the individual requests, the time frame for these Requests is January 1, 2015, to the present date.

## DOCUMENTS REQUESTED

1.      All communications between you and Track Group that relate to or refer to the modification or expansion of Track Group's business relationship with MCCC.

2.      All communications that relate to or refer to Track Group's request for specific deal terms for any agreements between Track Group and MCCC.

3.      All communications between you and Track Group that relate to or refer to the MCCC Advisory Board or its members.

4.      All communications that relate to or refer to Mr. Sabag.

5.      All communications between you and Track Group that relate to or evidence an offer of any financial consideration or any personal advantage to you in exchange for your actions or consent to provide a benefit to Track Group (including its employees) or Track Group's direct or indirect shareholders.

9

6.      All communications that relate to or refer to your actions to promote or agree to an 18-month term (or any other duration) for the MCCC Agreement.

7.      All documents and communications relating to or referring to either a request by Track Group or a decision by MCCC to continue the MCCC Agreement for the full 18-month term of the agreement after Track Group was selected to sign the Second MCCC Agreement.

8.      All communications between you and Track Group that resulted in the Track Group Offer.

9.      All documents and communications relating to or referring to the (1) 3M Offer, (2) the CorrectiveSolutions Offer, and (3) the Track Group Offer.

10.      All documents and communications relating to or referring to the "Request for Information" or "RFI" that the Chief Financial Officer of MCCC discussed (in your presence) in a meeting of the MCCC Advisory Board on February 18, 2016.

11.      All documents and communications relating to or referring to deliberations by MCCC regarding the selection of a vendor (existing or new) of prisoner monitoring services and devices to start on or around July 1, 2016.

12.      All documents and communications relating to or referring to plans by MCCC to issue a formal "Request for Proposal" or "RFP" to solicit a vendor of prisoner tracking services and devices (for a future contract to start on or around January 1, 2017, or any other date).

13.      All documents and communications relating to or referring to the MCCC Agreement, including, but not limited to, requests for bids or proposals, solicitations for goods and/or services, drafts, notes and memoranda.

14.      All of your communications with Track Group relating to or referring to the MCCC

10

Agreement, including, but not limited to, the negotiation of the MCCC Agreement (either before or after the Track Group Offer was received).

15.     All of your communications with Mr. Windhorst.

16.     All of your communications with Sapinda Asia.

17.     All documents and communications relating to or referring to the Four-Year Bid Process, including but not limited to drafts, notes and memoranda, your communications with Track Group, and MCCC's later selection of Track Group to sign the Second MCCC Agreement.

18.     All documents and communications relating to or referring to the Second MCCC Agreement, including but not limited to requests for bids or proposals, solicitations for goods and/or services, drafts, notes and memoranda.

19.     All of your communications with Track Group relating to or referring to the Second MCCC Agreement, including but not limited to the negotiation of the Second MCCC Agreement.

20.     All documents and communications relating to or referring to meetings between you and Track Group, including without limitation, meetings with Mr. Barton.

21.     All of your communications with Mr. Barton or Mr. Cassell relating to or referring to (1) the Track Group Offer, (2) the MCCC Agreement, (3) the Four-Year Bid Process, (4) the Second MCCC Agreement, and (5) any solicitation by Mr. Barton to have Track Group render services for pay for MCCC.

22.     All documents and communications relating to or referring to the reasons for your separation of employment from MCCC or any decisions to terminate your employment with MCCC.

23.     All communications with Track Group relating to your potential hiring or

11

employment with Track Group.