UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: | ) |
| The Application of: | ) |
| | ) Case No.: 1:19-mc-00084-JPH-TAB |
| ELI SABAG, for an Order Pursuant to | ) |
| 28 U.S.C. § 1782 to Conduct Discovery | ) |
| for Use in Foreign Proceedings. | ) |

**APPLICANT'S MEMORANDUM IN RESPONSE TO PROSPECTIVE
INTERVENOR LARS WINDHORST'S MOTION TO INTERVENE**

**TABLE OF CONTENTS**

I. Introduction …………………………………………………………………………...1

II. The U.S. Supreme Court Has Directly Addressed the Right of a Potential Intervenor to Intervene in Discovery (Directed at Third Parties) that May Criminally Implicate the Potential Intervenor…..…..……………………………...2

III. To Support a Rule 24(a)(2) Intervention, Mr. Windhorst Must Also Show "Article III" Standing for Each Claim that He Presents for Intervention...…………...4

IV. Mr. Windhorst Does Not Satisfy Various Other Rule 24(a)(2) Factors to Intervene as a Matter of Right ……………………………………………………..6

V. Mr. Windhorst Conflates His Standing to Challenge the Court's Section 1782 Order with His Standing to Intervene Under Rule 24(a)(2) ……………………7

VI. This Court Should Not Allow Mr. Windhorst to "Permissively Intervene" Under Rule 24(b) Beyond His Challenge to the Court's Section 1782 Order ..………8

VII. Mr. Windhorst Waived His "Service of Process" Defense by Filing a Motion to Intervene as a Matter of Right ……………………………………………10

VIII. Conclusion …………………………………………………………………………..12

# **TABLE OF AUTHORITIES**

**Cases**

*Allen v. Wright*,
468 U.S. 737 (1984) ……………………………………………………………………………4

*City of Santa Clara v. Kleppe*,
428 F.Supp. 315 (N.D. Cal. 1976) …………………………………………………………10

*County Sec. Agency v. Ohio Dept. of Commerce*,
296 F.3d 477 (6th Cir. 2002) ………………………………………………………………10

*DaimlerChrysler Corp. v. Kuno*,
547 U.S. 332 (2006) …………………………………………………………………………4

*Diamond v. Charles*,
476 U.S. 54 (1986) …………………………………………………………………………..2

*Donaldson v. U.S.*,
400 U.S. 517 (1971) ……………………………………………………………………2, 3, 6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ……………………………………………………………………........4

*In re Application of Sarrio, S.A.*,
119 F.3d 143 (2d Cir. 1997) …………………………………………………………………8

*In re Associated Press*,
162 F.3d 503 (7th Cir. 1998) ………………………………………………………………..5

*In re Ex Parte Application of Kleimar N.V.*,
220 F. Supp. 3d 517 (S.D.N.Y. 2016) ………………………………………………………5

*In re Kleimar N.V. v. Benxi Iron & Steel Am., Ltd.*,
2017 U.S. Dist. LEXIS 124437 (N.D. Ill. Aug. 7, 2017) ……………………………………5

*In re Letter of Request from Crown Prosecution Service of United Kingdom*,
870 F.2d 686 (D.C. Cir. 1989) ……………………………………………………………7, 8

*In re Letter of Request from Crown Prosecution Service of United Kingdom,*
Misc. No. 88-0028 (D.D.C. July 14, 1988) …………………………………………………8

*In re Letter Rogatory from Justice Court, Montreal*,
523 F.2d 562 (6th Cir. 1975) ………………………………………………………………..8

*In re Malev Hungarian Airlines*,
964 F.2d 97 (2d Cir. 1992) …………………………………………………………………..9

*In re Rivada Networks*,
230 F.Supp.3d 467 (E.D. Va. 2017) …………………………………………………...6

*In re Szanto*,
2019 U.S. Dist. LEXIS 70409 (S.D. Ind. Apr. 25, 2019) ………………………………….11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) ……………………………………………………………………1

*Kluge v. Brownsburg Cmty. Sch. Corp.*,
2020 U.S. Dist. LEXIS 2672 (S.D. Ind. Jan. 8, 2020) …………………………………2, 3, 6

*Matysik v. Judd Transp., LLC*,
2016 U.S. Dist.LEXIS 5091 (N.D. Ind. Jan. 14, 2016) …………………………………………..5

*Nautilus Insurance Company v. C.C. Rider, Inc.*,
2002 U.S. Dist. LEXIS 29908 (N.D. Ind. November 25, 2002) ………………………………….2

*Reedsburg Bank v. Apollo*,
508 F.2d 995 (7th Cir. 1975) ……………………………………………………………..7

*Schneider v. National Railroad Passenger Corp*,
72 F.3d 17 (2d. 1995) ……………………………………………………………………11

*S.E.C. v. Ross*,
504 F.3d 1130 (9th Cir. 2007) ……………………………………………………………..10

*Steffel* v. *Thompson*,
415 U.S. 452 (1974) ……………………………………………………………………….4

*Stringfellow* v. *Concerned Neighbors in Action*,
480 U.S. 370 (1987) ……………………………………………………………………….9

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*,
722 F. App'x 7 (2d Cir. 2018) ……………………………………………………………..6

*Tonggui Xie v. Lai*,
2019 U.S. Dist. LEXIS 219306 (N.D. Cal. Dec. 20, 2019) ………………………………….6

*Town of Chester v. Laroe Estates, Inc.*,
137 S. Ct. 1645 (2017) ……………………………………………………………………….4

*United States v. Fishoff*,
2016 WL 4414780 (D.N.J. Aug. 16, 2016) ……………………………………………………5

*United States v. Gecas*,
120 F.3d 1419 (11th Cir. 1997) …………………………………………………………………..3

*United States v. Oregon*,
657 F.2d 1009 (9th Cir.1981) …………………………………………………………………...10

*United States v. Verdugo-Urquidez*,
494 U.S. 259 (1990) ………………………………………………………………………………3

*United States ex rel. Eisenstein* v. *City of N.Y.*,
556 U.S. 928 (2009) ………………………………………………………………………………1

*United States Sec. & Exch. Comm'n v. Salis*
2016 U.S. Dist. LEXIS 173237 (N.D. Ind. Dec. 14, 2016) ……………………………………..10

**Constitutional Provisions**
U.S. Const. Art. III, § 2, cl. 1 …………………………………………………………………..4

**Statutes**
26 U.S.C. § 7609 ………………………………………………………………………………..2

**Other Authorities**
2A Moore's Federal Practice ¶ 12.23 ……………………………………………………………11
Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d ……………………………...10

**Rules**
Federal Rules of Civil Procedure, 4 ……………………………………………………………11, 12
Federal Rules of Civil Procedure, 12 …………………………………………………………..10, 11
Federal Rules of Civil Procedure, 24 ……………………………………………1, 2, 3, 4, 6, 7, 8, 9, 12
Federal Rules of Civil Procedure, 45 …………………………………………………………..5, 6, 11, 12

**Treaties and Conventions**
U.S.-U.S. Mutual Legal Assistance Treaty (1996) ……………………………………………….3
Hague Convention on Service of Process (1965) ……………………………………………...11, 12

## I.    Introduction

Eli Sabag ("Mr. Sabag") alleges in his Section 1782 Application that Lars Windhorst ("Mr. Windhorst") committed various criminal acts in the United Kingdom that were directed at Mr. Sabag, including criminal fraud and the criminal influence of an employee of Marion County Community Corrections ("MCCC"). This Court issued an Order on January 31, 2020 granting Section 1782 discovery to Mr. Sabag based on Mr. Sabag's satisfaction of the eight *Intel* factors in his Section 1782 Application (four "mandatory" factors and four "discretionary" factors) (hereinafter, the "*Intel* factors"). *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).[1]

Mr. Sabag does not object to Mr. Windhorst's standing to challenge the Court's Section 1782 Order. Mr. Windhorst, however, is also strategically asking the Court to allow him to intervene (by right) as a "party" for the duration of the case under Fed. R. Civ. Proc. ("Rule") 24(a)(2). Thus, even if this Court were to later reject Mr. Windhorst's challenges to the Court's Section 1782 Order (leaving Mr. Windhorst without "standing" to object to third-party subpoenas), Mr. Windhorst effectively argues that he should still be able to attend the future depositions of two subpoenaed Marion County officials so that he can gain information to reduce his chance of criminal prosecution in the United Kingdom.[2]

---

[1] Mr. Sabag's Section 1782 Application was supported by the declaration of a U.K. legal expert, Peter Bibby ("Mr. Bibby"), who carefully outlined how the facts alleged by Mr. Sabag would be processed by the various British prosecutorial bodies (D.E. 6-1). Mr. Bibby provided great details regarding the British criminal process, including Mr. Sabag's rights to private prosecution of Mr. Windhorst in certain instances, as well as Mr. Sabag's rights to judicially appeal any decision by a British prosecutor not to proceed with a criminal prosecution in other instances (D.E. 6-1). Mr. Windhorst, who has retained lawyers with a law firm with a large London office, offers no testimony of a British legal expert to challenge any assertions made by Mr. Bibby.

[2] If afforded the full rights of a "party" under Rule 24(a)(2), Mr. Windhorst may even boldly assert that he can now initiate his own Section 1782 discovery without having filed a Section 1782 application and satisfied the *Intel* factors. *See e.g.*, *United States ex rel. Eisenstein* v. *City of N.Y.*, 556 U.S. 928, 933-934 (2009) (holding that a party who intervenes by right "assume[s] the rights and burdens attendant to full party status.").

1

As discussed further below, the United States Supreme Court has determined through clear precedent that Mr. Windhorst would lack any standing to intervene in this case beyond his limited right to challenge the Court's Section 1782 Order.

## II. The U.S. Supreme Court Has Directly Addressed the Right of a Potential Intervenor to Intervene in Discovery (Directed at Third Parties) that May Criminally Implicate the Potential Intervenor

In *Donaldson v. United States*, 400 U.S. 517, 530-31 (1971), the Supreme Court held that a U.S. taxpayer had no right to intervene under Rule 24(a)(2) to prevent the IRS from legally investigating the records of the taxpayer's accountant as they relate to the taxpayer, even if there were a possibility that the records may later be used in a criminal proceeding against the taxpayer.

In denying the taxpayer the right to intervene under Rule 24, the *Donaldson* court reasoned that the "[Taxpayer's] only interest -- and of course it looms large in his eyes -- lies in the fact that those records presumably contain [details held by his accountant] possessing significance for federal income tax purposes. This asserted interest, however, is nothing more than a desire by [Taxpayer] to counter and overcome [the summoned third party's] willingness, under summons, to comply and to produce records." *Id*.

Congress reacted to *Donaldson* in 1976 by adding a new section to the Internal Revenue Code to provide greater intervention rights to taxpayers <u>in non-criminal cases</u>,[3] but the *Donaldson* case is still regularly cited in non-taxpayer cases for the proposition that a Rule 24(a)(2) intervening party must show a "significantly protectable interest" before intervening.[4] In *Kluge v.*

---

[3] *See* Section 7609 of the Internal Revenue Code ("IRC"). IRC Section 7609(c)(2)(E) of the code specifically provides that Section 7609 does not apply to taxpayers in criminal investigations. This Court's Section 1782 Order was issued with respect to an anticipated foreign criminal proceeding.

[4] *See e.g., Diamond v. Charles*, 476 U.S. 54, 68 (1986); *Security Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir. 1995); *Nautilus Ins. Co. v. C.C. Rider, Inc.*, No. 1:02-CV-128, 2002 U.S. Dist. LEXIS 29908, *3-4 (N.D. Ind. Nov. 25, 2002).

*Brownsburg Cmty. Sch. Corp.*, No. 1o f:19-cv-2462-JMS-DLP, 2020 U.S. Dist. LEXIS 2672, *68 (S.D. Ind. Jan. 8, 2020), this Court provided that a proposed intervenor under Rule 24(a)(2) must demonstrate a "direct, significant, and legally protectable interest in the question at issue in the lawsuit, and such interest must be unique to the proposed intervenor."[5]

Mr. Windhorst, just like the taxpayer in *Donaldson*, is obviously concerned that the information that Mr. Sabag may obtain from employees of Marion County and/or Marion County Community Corrections ("MCCC") will, in fact, implicate him in various British crimes.[6]

Although Mr. Windhorst may have a legally protectable interest in challenging this Court's Section 1782 Order, Mr. Windhorst has no "significant legally protectable" interests (*i.e.*, that this Court can legally "protect") in third-party subpoenas that will produce information that will be used in a <u>criminal action taking place through a foreign proceeding in the United Kingdom</u>.

Mr. Sabag now submits the legal opinion of Mr. Bibby (a British solicitor) to confirm that Mr. Windhorst would have no rights under U.K. laws to intervene or to interfere with any British criminal investigation involving third-party witnesses. Mr. Bibby's letter is attached as Exhibit 1. Mr. Windhorst, who has the burden to show his right to intervene, has not provided any evidence from U.K. counsel to show this Court that Mr. Sabag's use of discovery through Section 1782 will deprive Mr. Windhorst of any rights in the United Kingdom to which he is otherwise entitled.[7]

---

[5] This Court has already issued a Section 1782 Order, and the "question at issue in the lawsuit" is whether Mr. Windhorst, has a "significant legally protectable" interests (*i.e.*, that this Court can legally "protect") in third-party subpoenas which will be used in <u>an anticipated criminal action taking place through a foreign proceeding in the United Kingdom</u>.

[6] Mr. Windhorst, who is not a U.S. citizen or resident, enjoys no U.S. Due Process rights in an anticipated British criminal proceeding. *See e.g., United States v. Gecas*, 120 F.3d 1419 (11th Cir. 1997) ("The Fifth Amendment does not apply to foreign court proceedings involving foreign citizens.") (citing *United States v. Verdugo-Urquidez*, 494 U.S. 259, 269 (1990)).

[7] For example, in the Mutual Legal Assistance Treaty (MLAT) between the United States government and the United Kingdom, the parties specifically stated in Article 1(3) that "the provisions of this Treaty shall not give

3

### III. To Support a Rule 24(a)(2) Intervention, Mr. Windhorst Must Also Show "Article III" Standing for Each Claim that He Presents for Intervention

Article III of the Constitution dictates that federal courts may exercise judicial power only as necessary to resolve a vital "case" or "controvers[y]" between litigants with standing. *See* U.S. Const. art. III, § 2, cl. 1. In *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017), the Supreme Court held that a potential intervenor under Rule 24(a)(2) must also establish Article III "standing" with respect to each of the claims being asserted. The Court noted that "[f]or all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a co-plaintiff, or an intervenor of right." *See id*.

In *DaimlerChrysler Corp. v. Kuno*, the Supreme Court held that a potential party "must demonstrate standing for *each claim* he seeks to press." 547 U.S. 332, 352 (2006) (emphasis added). The potential party must also show "standing separately for each form of *relief* sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (emphasis added). The Supreme Court has emphasized that "our standing decisions make clear that standing is not dispensed in gross." *Town of Chester*, 137 S. Ct. at 1650 (quotations omitted).[8]

Mr. Windhorst may be able to show standing to challenge the Court's Order under Section 1782, but if the Court rejects Mr. Windhorst's challenge, Mr. Windhorst could not prove his continued standing to remain in this case in any capacity.

---

rise to a right on the part of any private person to obtain, suppress, or exclude any evidence, or to impede the execution of a request."

[8] In the context of a plaintiff filing a complaint, the Supreme Court has held that there must be "an actual controversy [in existence] at all stages of review, not merely at the time the complaint is filed." *Steffel* v. *Thompson*, 415 U.S. 452, 459 n.10 (1974). Before a court may decide any question at any point in a case, it must be confident that "the particular plaintiff" who invokes the court's authority has standing. *DaimlerChrysler*, 547 U.S. at 352 (quoting *Allen v. Wright*, 468 U.S.737, 752 (1984)).

In the Section 1782 case of *In re Kleimar N.V. v. Benxi Iron & Steel Am., Ltd.*, No. 17-cv-01287, 2017 U.S. Dist. LEXIS 124437, *10 (N.D. Ill. Aug. 7, 2017), the District Court for the Northern District of Illinois confirmed that an objector to a Section 1782 order does not have standing to challenge discovery directed at third parties. *See also In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 520 (S.D.N.Y. 2016) ("While neither party disputes that Vale has standing to move to quash the subpoena directed at it [under Section 1782], Vale does not have standing to challenge discovery directed at other third parties."); *Matysik v. Judd Transp., LLC*, No. 2:15-MC-113-PRC, 2016 U.S. Dist. LEXIS 5091,*2 (N.D. Ind. Jan. 14, 2016) ("A party that is not the recipient of a Fed. R. Civ. Pro. Rule 45 subpoena does not have standing to quash the subpoena unless the party claims a personal right or privilege with respect to the documents sought in the subpoena.").

In a purely criminal context, the standards for intervention during a criminal investigation are even more restricted. In the few reported criminal cases where a potential intervenor has been successful, the potential intervenor was required to prove the need to protect an existing constitutional right or privilege.[9]

Mr. Windhorst has asserted no "legitimate" personal right or privilege in obstructing the truth in a future foreign criminal investigation. He certainly enjoys no "privileges" or "personal rights" with respect to the Section 1782 discovery requested from the employees and former employees of Marion County and Marion County Community Corrections ("MCCC"). Mr.

---

[9] *See e.g., United States v. Fishoff*, No. 15-586 (MAS), 2016 U.S. Dist. LEXIS 108301, *4 (D.N.J. Aug. 16, 2016) ("Despite there not being any specific criminal rule on intervention, motions to intervene in criminal proceedings have been granted in limited circumstances where 'a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case.'") (citations omitted). *See also In re Associated Press*, 162 F.3d 503, 506-507 (7th Cir. 1998) (allowing the press to intervene in a criminal matter as a third party to protect its First Amendment rights).

Windhorst's attempt to quash subpoenas, without standing to do so, more closely resembles "obstruction of justice" rather than the exercise of a legitimate right.

### IV. Mr. Windhorst Does Not Satisfy Various Other Rule 24(a)(2) Factors to Intervene as a Matter of Right

This Court has provided the following guidelines to determine whether a party should be able to intervene by right in a federal lawsuit under Rule 24(a)(2):

> To intervene as a matter of right in a federal lawsuit under Rule 24, a proposed intervenor must satisfy four criteria: (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action. The proposed intervenor has the burden of establishing all four elements; the lack of even one requires that the court deny the motion.

*Kluge*, 2020 U.S. Dist. LEXIS 2672 at *67-68 (internal quotations and citations omitted).[10]

As stated above, *Donaldson* provides that Mr. Windhorst has no legally protectable interest with respect to the subject matter of the action (*i.e.*, the third-party subpoenas that were issued by Mr. Sabag to John Deiter, David Condon, and MCCC).

Mr. Windhorst also fails to show that the "disposition of the action" may, as a practical matter, impair or impede Mr. Windhorst ability to protect his interest. First, the discovery that Mr.

---

[10] Mr. Windhorst misconstrues the Rule 45(a)(4) "notice letter" that Mr. Sabag's lawyers sent to Mr. Windhorst, and he now attempts to argue that the letter itself makes him a "party" of right in Mr. Sabag's Section 1782 action. Mr. Sabag's lawyer referred to Mr. Windhorst as a "party" solely in the context of service under Rule 45(a)(4) (which refers to "Other Parties"). *See* Exhibit 2. The Seventh Circuit has not addressed the issue of whether a lawyer "must" send a Rule 45(a)(4) notice to the "subject" or "target" of a Section 1782 *ex parte* Order in an anticipated foreign proceeding, but Mr. Sabag's lawyers acted out of an abundance of caution to meet their potential ethical obligations. *See Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7, 11 (2d Cir. 2018) (upholding decision of lower court not to sanction a Section 1782 applicant for failing to serve subpoenas on target of Section 1782 discovery requests under Rule 45(a)(4)). In *Tonggui Xie v. Lai*, the District Court for the Northern District of California ruled that Rule 45(a)(4) service was not required in a Section 1782 proceeding when there was risk that the target of the discovery would destroy evidence. No. 19-mc-80287-SVK, 2019 U.S. Dist. LEXIS 219306, *11-12 (N.D. Cal. Dec. 20, 2019) (citing *In re Rivada Networks*, 230 F. Supp. 3d 467, 474 (E.D. Va. 2017) ("there may be circumstances where it is appropriate for a successful § 1782 petitioner to refrain from providing notice to potential adverse parties.")). Notwithstanding the holdings of these cases and the *ex parte* nature of this case, Mr. Sabag ensured that Mr. Windhorst received notice of the Court's 1782 Order.

Sabag seeks will not impair Mr. Windhorst ability to legally assert a criminal defense in the United Kingdom. *See Reedsburg Bank v. Apollo*, 508 F.2d 995, 999 (7th Cir. 1975) (ruling against intervention after determining that action in a state court would not harm the potential intervenors' ability to later raise claims or defenses). Mr. Windhorst's real problem is that the proposed discovery will establish the truth regarding Mr. Windhorst's prior conduct. Second, Mr. Windhorst specifically states that Mr. Sabag's criminal allegations against him "**are false**" (D.E. 21, p. 7). Mr. Windhorst cannot be impaired or potentially impaired (in any legally protectable manner) as he professes his innocence.

### V. Mr. Windhorst Conflates His Standing to Challenge the Court's Section 1782 Order with His Standing to Intervene Under Rule 24(a)(2)

Mr. Sabag does not dispute the holdings of various federal courts (including those cited by Mr. Windhorst) which have determined that the target of discovery in a Section 1782 matter has "standing" to challenge a Section 1782 order.

For example, in a case involving the U.K. Crown Prosecution Service's attempt to use Section 1782 (through letters rogatory) to obtain information in a criminal investigation, then-Judge Ruth Bader Ginsberg of the D.C. Court of Appeals wrote "[O]ne against whom information obtained under section 1782 may be used, has standing to assert that, to his detriment, the authority for which the section provides is being abused." *In re Letter of Request from Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 689 (D.C. Cir. 1989). In other words, the target of the criminal investigation had standing to challenge the lower court's Section 1782 Order. On the other hand, for obvious reasons, the lower court denied the target's attempt to intervene to participate in the third-party discovery that that the British government was requesting. *See id.* at

689 (citing *In re Letter of Request from Crown Prosecution*, Misc. No. 88-0028 (D.D.C July 14, 1988) (order)).[11]

The main case cited by Mr. Windhorst, *In re Application of Sarrio, S.A.*, 119 F.3d 143 (2d Cir. 1997), also supports Mr. Sabag's proposition that Mr. Windhorst may well have standing to challenge the Court's Section 1782 Order, but Mr. Windhorst would not have standing to object to Mr. Sabag's subpoenas on behalf of Marion County or MCCC when Marion County and MCCC do not raise their own objections. *Id.* at 148 ("Grupo Torras may well have standing to contend that Sarrio's subpoena to Chase was unenforceable under the terms of the enabling statute [Section 1782]. But it does not have standing to assert an attorney-client privilege belonging to Chase").

Mr. Windhorst also cites to additional cases that stand for the same proposition (discussed above) as *In re Crown Prosecution Service* and *In re Application of Sarrio,* and none of these cases allow the target of a criminal investigation to intervene under Rule 24 ("a" or "b") to participate in the discovery process.[12]

### VI. This Court Should Not Allow Mr. Windhorst to "Permissively Intervene" Under Rule 24(b) Beyond His Challenge to the Court's Section 1782 Order

Rule 24(b) would permit the Court to exercise discretion to allow Mr. Windhorst to intervene as a party. Rule 24(b)(3) provides that when a court exercises its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

---

[11] The D.C. Circuit Court of Appeals noted that the district court properly concluded that Section 1782 does not require that a judicial criminal investigation be pending at the time that the assistance from the Crown Prosecution Service was sought. *See In re Letter of Request from Crown Prosecution Service*, 870 F.2d at 691-692.

[12] *See e.g., In re Letter Rogatory from Justice Court, Montreal*, 523 F.2d 562, 564 (6th Cir.1975) (the target of Section 1782 discovery has "standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute [Section 1782].").

Mr. Sabag has asked for targeted discovery in his Section 1782 Application which this Court has already reviewed and approved. The Marion County government, representing both itself and MCCC (and the two witnesses to be deposed) has not objected to the production of the requested discovery. Mr. Windhorst asserts that Mr. Sabag's allegations "are false" (D.E. 21, p. 7). Mr. Sabag and Marion County have already exchanged email search codes, and the County has been locating the documents that Mr. Sabag seeks. The Section 1782 discovery process is limited, and Mr. Sabag's discovery requests are narrowly focused.

Mr. Sabag does not object to the Court's discretion in granting Mr. Windhorst the right to intervene for the limited purpose of challenging the Court's Section 1782 Order.[13]

It would be highly prejudicial, however, to Mr. Sabag to allow Mr. Windhorst to intervene under Rule 24(b) for any other purpose. There is simply no precedent under either U.S. or U.K. law for an alleged criminal (who enjoys no privileges or protections) to be granted rights to intervene in a criminal investigation to learn facts from the documents and testimony to be provided.[14]

If, as Mr. Windhorst argues, Mr. Sabag's criminal allegations against Mr. Windhorst "are false," then Mr. Windhorst should be motivated to allow Marion County to continue its cooperation with Mr. Sabag in an expedited manner. Instead, Mr. Windhorst wishes to raise every

---

[13] Federal courts have the full discretion to condition and limit the extent to which permissive intervenors are able to participate in a lawsuit. *See e.g., Stringfellow* v. *Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987).

[14] Congress enacted Section 1782 with the "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). If this Court were to allow an alleged criminal to intervene in a foreign criminal investigation, future attempts by the U.S. Department of Justice and the Federal Bureau of Investigation to obtain the reciprocal cooperation from foreign governments may be met with foreign courts establishing similar local rights for the targets of those investigations.

technical argument that he can find (based primarily on "word twisting" exercises) to frustrate Mr. Sabag's right to discovery under Section 1782.

Finally, Mr. Sabag recently learned, to his great surprise, that that when he sent his request for documents to MCCC in 2017 under the Indiana Public Access Laws (*See* Exhibit 3), the recipient at MCCC who failed to provide a proper response to Mr. Sabag's request (the Chief Deputy Director of Programs) was the ex-wife of John Dieter (the former Director of MCCC and the primary witness in Mr. Sabag's Section 1782 action). This former marital relationship might further explain Mr. Sabag's prior difficulties in obtaining a proper response from MCCC under the Indiana Public Access Laws.

Public policy favors the quick disposition of this matter without the interference of a foreign individual who has been alleged to have tainted the integrity of the prison system within Marion County. "The public has an interest in ensuring the criminal discovery process is not subverted." *United States SEC v. Salis*, No. 2:16-cv-231, 2016 U.S. Dist. LEXIS 173237, *6 (N.D. Ind. Dec. 14, 2016) (quotations omitted).

### VII. Mr. Windhorst Waived His "Service of Process" Defense by Filing a Motion to Intervene as a Matter of Right

It is logically inconsistent for a proposed intervenor to ask a court to intervene as a matter of right (for the duration of the case) while also alleging improper service of process.[15] The rules regarding Rule 12 defenses were intended to "eliminate the piecemeal assertion of . . . defenses'

---

[15] *See e.g., County Sec. Agency v. Ohio Dept. of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002) ("[A] motion to intervene is fundamentally incompatible with an objection to personal jurisdiction") (citing *United States v. Oregon*, 657 F.2d 1009, 1017, n.18 (9th Cir.1981) & *City of Santa Clara v. Kleppe*, 428 F. Supp. 315, 317 (N.D. Cal. 1976)); *S.E.C. v. Ross*, 504 F.3d 1130, 1148 (9th Cir. 2007) ("[T]he intervenor submits himself to the personal jurisdiction of the court by seeking to intervene in the action and cannot move to dismiss on that ground.") (quoting Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1920, at 612) (3d ed. 2007).

by forcing litigants to voice jurisdictional objections before the court wastes its time adjudicating issues over which it has no jurisdiction." *Schneider v. Nat'l Railroad Passenger Corp*, 72 F.3d 17, 20 (2d. Cir. 1995) (quoting 2A Moore's Federal Practice p 12.23).  Mr. Windhorst is asking this Court to adjudicate whether he should be allowed to attend future depositions (by right) <u>before</u> asking the court to vacate the Court's order due to "insufficient service of process."  Mr. Windhorst cannot expect this Court to evaluate the merits of his requests to remain in the case as a party of right, and then later ask the Court (through a subsequent motion) to dismiss the case for improper service of process.[16]

Mr. Sabag served Mr. Windhorst with notice of the third-party subpoenas under Rule 45(a)(4).  *See* Exhibit 2.  In *In re Szanto*, No. 1:18-mc-00061-JMS-DLP, 2019 U.S. Dist. LEXIS 70409, *4 (S.D. Ind. Apr. 25, 2019), this Court recently ruled that a third party like Mr. Windhorst would not even have the right to contest service of process with respect to a third-party subpoena under Rule 45(a)(4).  The *Szanto* court analyzed whether a debtor in a Chapter 11 bankruptcy could quash a subpoena issued by the Trustee/Receiver to Chase Bank because the subpoena was not properly served on the debtor <u>under Rule 45(a)(4)</u>.  The Court held that "Rule 45(d)(3) lays out the various circumstances under which a court may quash a subpoena; failing to properly serve a party with a copy of the subpoena is not one of those circumstances." *Id*. at *3.

Mr. Windhorst argues vigorously in his Motion to Vacate and Quash (his second motion) that service of process was not proper under Rule 4(f) and the Hague Convention.  Although Mr.

---

[16] The Advisory Committee Notes on Rule 12 provide the required consolidation of defenses and objections in a Rule 12 motion "works against the piecemeal consideration of a case."  *See* Advisory Committee Notes for Fed. R. Civ. P. 12, Subdivision (g).  Mr. Windhorst attempts to remedy his inconsistent approach by "mentioning" the allegedly faulty service of process in his Motion to Intervene and by submitting two motions at the same time.  The Federal Rules of Civil Procedure, however, do not permit Mr. Windhorst's to maintain the Rule 12 defense of "insufficient service of process" <u>after</u> establishing "personal jurisdiction" by intervention.

Sabag originally believed that service of process on Windhorst under Rule 4(f) and the Hague Convention was required, Rule 45(a)(4) simply does not support that principle. Mr. Sabag's lawyers met their ethical obligations by serving "notice" on Mr. Windhorst under Rule 45(a)(4). Mr. Windhorst's lawyers, who acknowledge receipt of the notice in their filings with this Court, have now also been served (as counsel of record) by Mr. Sabag's lawyers in accordance with Rule 45(a)(4).

### VIII. Conclusion

Based on the foregoing arguments, Mr. Sabag respectfully requests that this Court issue an Order: (1) under Rule 24(b)(1) allowing Mr. Windhorst to intervene <u>solely</u> for purposes of contesting the Court's Section 1782 Order with respect to the statutory requirements of Section 1782 and (2) denying Mr. Windhorst's objections to "service of process" as moot.

Respectfully Submitted,

*Courtney Caprio*
Courtney Caprio, PHV
Florida Bar No. 933961
Caprio Law, P.A.
40 N.W. 3rd Street, Suite 200
Miami, Florida 33128
T: (786) 353-5760
F: (305) 381-6869
courtney@capriolawgroup.com

Offer Korin, Atty. No. 14014-49
Brooke Smith, Atty. No. 32427-03
Katz Korin Cunningham, PC
334 North Senate Avenue
Indianapolis, Indiana 46204
T: (317) 464-1100
F: (317) 464-1111
okorin@kkclegal.com
bsmith@kkclegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2020, the foregoing motion was filed electronically via CM/ECF and served on all counsel of record.

*Courtney Caprio*
Courtney Caprio
