# Exhibit 1

**brown**rudnick

PETER A. BIBBY
fax: +44 20 7851 6100
pbibby@brownrudnick.com

09 April 2020

Via Email:  courtney@capriolawgroup.com
Courtney Caprio, Caprio Law, P.A.
40 NW 3rd St Ste 200, Miami, FL 33128-1839

Dear Courtney,

You have asked me to comment on the extent to which a suspect in a criminal investigation in England may seek to challenge the use by the investigators of their powers to gather evidence from third parties for the purpose of their investigation.

As explained in my Declaration, once an Agency has decided to launch an investigation it may then exercise powers to obtain information (see for example paragraphs 64 and 65 of the Declaration in relation to an FCA investigation under s168(2) of FSMA into the Misleading Statements Offence). The powers which can be exercised by investigators appointed under s168(2) are set out in s173 of FSMA.  s173(2) provides that the investigator may require any person the investigator considers is or may be able to give information which is or may be relevant to the investigation (a third party) to attend before him at a specified time and place and answer questions; or otherwise to provide such information as he may require for the purposes of his investigation.  This enables the investigator to require the provision of information from a third party who is not the subject of the investigation or a suspect. The subject of the investigation is not provided with notice of the exercise of these powers by the investigator and he has no right to challenge the use by the investigator of these powers against any third party.

Further, where such powers are exercised against a third party, the subject of the investigation has no right to participate in the interview carried out by the investigating authorities in the UK. He would have no ability to comment on the questions that are to be asked or on the extent of the subjects to be covered and would have no right to obtain a record of the interview or details of what took place at this stage of the process. The investigation is an independent process which gathers the evidence, and then the evidence is collated and provided to a prosecutor who will take a decision on whether to prosecute based on the test set out in the Code for Crown Prosecutors. In advance of that decision being taken, it is often the case that the suspect will make submissions as to why no charge would be brought.  However, in making such submissions in advance of a decision to prosecute, he would have no right of access to the evidence gathered in the course of the investigation. The accused's right to see the evidence arises following a decision to prosecute, and the right to challenge any evidence which is to be relied on will arise during the trial process including in any pre trial hearings.

Sincerely,

Peter A. Bibby
**BROWN RUDNICK LLP**

Brown Rudnick LLP | brownrudnick.com | 8 Clifford Street, London, W1S 2LQ | +44.20.7851.6000

Brown Rudnick is a Limited Liability Partnership ("LLP") authorised and regulated by the Solicitors Regulation Authority and registered in England & Wales, No. OC300611. We use the word "partner" to refer to a member of the LLP, or to an employee or consultant with equivalent standing and qualifications. A full list of members, who are either solicitors or registered foreign lawyers, is open to inspection at the registered office, 8 Clifford Street, London WIS 2LQ.