UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re:                                             )
The Application of:                                )
                                                   ) Case No.: 1:19-MC-00084-JPH-TAB
ELI SABAG, for an Order Pursuant to                )
28 U.S.C. § 1782 to Conduct Discovery              )
for Use in Foreign Proceedings.                    )

## ORDER

After review and consideration of Lars Windhorst's ("Mr. Windhorst") (1) Motion to Intervene in this 28 U.S.C. § 1782 action (the "Section 1782 Action"), (2) the Memorandum in Support of the Motion and corresponding exhibits (the "Motion to Intervene"), and (3) Applicant Eli Sabag's ("Mr. Sabag") Memorandum in Response to the Motion to Intervene and the exhibits thereto, the Court, having fully considered the papers on file, hereby ORDERS AND ADJUDGES:

1.      Mr. Windhorst's Motion to Intervene is GRANTED, in part, and DENIED, in part.

2.      Mr. Windhorst's request to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) is DENIED.  Mr. Windhorst has not satisfied the four elements to intervene as a matter of right, as set forth by the Court in *Kluge v. Brownsburg Cmty. Sch. Corp.*, No. 1:19-cv-2462-JMS-DLP, 2020 U.S. Dist. LEXIS 2672 (S.D. Ind. Jan. 8, 2020).  More specifically, Mr. Windhorst does not have a "significantly protectable right" (or standing) to object to the third party subpoenas attached as Exhibit LL to the Appendix to Mr. Sabag's *Ex Parte* Application for Discovery in Aid of Foreign Proceedings Pursuant to 28 U.S.C. § 1782" (the "Application").  Mr. Windhorst has also failed to show that the "disposition of the action" would impair or impede him from raising future defenses in the United Kingdom to protect his interests.

3.      Mr. Windhorst's request for permissive intervention pursuant to Fed. R. Civ. P. 24(b) is GRANTED with a specific condition.  Mr. Windhorst may intervene in the Section 1782

Action solely to challenge the propriety of the Court's Order dated January 31, 2020 granting the Application.  Accordingly, the Court will rule upon Mr. Windhorst's "Motion to Vacate Order Permitting Discovery Pursuant to 28 U.S.C. § 1782 and Motion to Quash Subpoenas" after the Court has been fully briefed.

4.     It is FURTHER ORDERED that after Mr. Windhorst conceded personal jurisdiction through his Motion to Intervene with respect to the Section 1782 Action, his objections to Mr. Sabag's "service of process" are now moot.

SO ORDERED.

Date: _____        _____

Judge, Southern District of Indiana

Distribution:

All ECF counsel of record.

2