UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| APPLICATION OF ELI SABAG, FOR AN ) | No. 1:19-mc-00084-JPH-TAB |
| ORDER PURSUANT TO 28 U.S.C. § 1782 TO ) | |
| CONDUCT DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDINGS ) | |
| ) | |

**ORDER ON MOTIONS TO INTERVENE**

**I.    Introduction**

Before the Court are two motions to intervene, filed by Lars Windhorst [Filing No. 20] and Track Group, Inc. [Filing No. 33], in this *ex parte* matter involving an application for a 28 U.S.C. § 1782 discovery order filed by applicant Eli Sabag. Windhorst has also filed a motion requesting a hearing on his motion to intervene. [Filing No. 52.] For reasons stated below, the Court permissively grants both motions to intervene [Filing No. 20; Filing No. 33] and denies Windhorst's motion for a hearing [Filing No. 52].

**II.    Background**

On December 31, 2019, Sabag submitted his *ex parte* application for an order pursuant to 28 U.S.C. § 1782, which sought "leave to obtain discovery from Marion County Community Corrections ('MCCC') and various employees of MCCC and Marion County for use in an anticipated criminal investigation conducted before formal accusation in a foreign court." [Filing No. 1, at ECF p. 1.] In support of his application, Sabag filed a detailed memorandum with allegations that Track Group acquired his Israeli company and that Windhorst indirectly owned 45.2% of the shares of Track Group. [Filing No. 9, at ECF p. 5.] Sabag alleges a financial scheme of Windhorst and others leading up to the acquisition of Sabag's company, which

damaged Sabag financially. [Filing No. 9.] On January 31, 2020, the Court granted Sabag's *ex parte* application for the 28 U.S.C. § 1782 discovery order and granted him leave to issue subpoenas to MCCC, John Deiter (former employee of MCCC), and David Condon (employee of Marion County). [Filing No. 13.] On February 11, 2020, at the request of Sabag's counsel, the Court unsealed this case and lifted the *ex parte* designation from each filing. [Filing No. 15.]

On March 18, 2020, Windhorst filed his motion to intervene under Fed. R. Civ. P. 24, requesting that the Court vacate its January 31 order granting Sabag's *ex parte* § 1782 application and quash the subpoenas issued to MCCC, Deiter, and Condon. [Filing No. 20.] Windhorst also filed a motion to vacate the Court's January 31 order. [Filing No. 25.][1] On March 25, 2020, Track Group filed its motion to intervene under Fed. R. Civ. P. 24. [Filing No. 33.] Sabag opposes both motions to intervene. [Filing No. 40; Filing No. 48.] On May 1, 2020, Windhorst filed a motion requesting a hearing on his motion to intervene [Filing No. 52.],[2] which Sabag opposes [Filing No. 53].

**III.  Discussion**

Windhorst and Track Group have both filed motions to intervene under Fed. R. Civ. P. 24. There are two ways an interested non-party may intervene in pending litigation: (1) intervention of right, under Fed. R. Civ. P. 24(a)(2); or (2) permissively, under Fed. R. Civ. P. 24(b). *Id*. For intervention of right under Fed. R. Civ. P. 24(a)(2), the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

---

[1] The Court entered an order on April 27, 2020, granting Sabag's motion for extension of time to file a response to Windhorst's motion to vacate the Court's January 31 order, granting Sabag 14 days after this Court's order on Windhorst's motion to intervene to file such response. [Filing No. 49.]
[2] This motion is denied. The Court addresses the motion to intervene without further argument.

2

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." With permissive intervention, the Court, in its discretion, may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, for reasons explained below, the Court uses its discretion to grant both motions to intervene regardless of whether they meet the requirements for intervention of right because both Windhorst and Track Group have, at a minimum, articulated a proper basis for permissive intervention.

### A. Windhorst's motion to intervene

Windhorst argues that the Court should grant his motion on three independent grounds: (1) because courts have long recognized that a party against whom the requested discovery will be used has standing to challenge a § 1782 application; (2) as an intervenor of right under Fed. R. Civ. P. 24(a)(2); and (3) as a permissive intervenor, in the Court's discretion under Fed. R. Civ. P. 24(b)(1)(B), because his motion shares a common question of law or fact with the existing proceedings and does not cause any undue delay or prejudice. [Filing No. 21, at ECF p. 5.] Sabag does not dispute that Windhorst, as the stated party against whom his requested discovery would be used, had standing to challenge the Court's order granting Sabag's § 1782 application. [Filing No. 40, at ECF p. 12.] However, Sabag argues that Windhorst should be given only limited intervenor access for that sole purpose, and not anything beyond, including his request to quash the subpoenas. [Filing No. 40, at ECF p. 6, 9, 12.]

The Court first briefly addresses, without ultimately ruling on, Windhorst's arguments under Fed. R. Civ. P. 24(a)(2) for intervention of right.

> To intervene in a federal lawsuit under Federal Rule of Civil Procedure 24(a)(2), a proposed intervenor needs to meet four elements: (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action;

and (4) lack of adequate representation of the interest by the existing parties to the action.

*Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (internal citation and quotation marks omitted). Sabag does not raise any argument that Windhorst's application lacks timeliness or that Windhorst lacks adequate representation by the existing parties. Thus, the Court focuses on the two remaining elements at issue.

As for the second factor, an interest relating to the subject matter of the action, intervention of right requires a "direct, significant, and legally protectable" interest in the question at issue in the underly action. *See, e.g., Lopez-Aguilar v. Marion County Sheriff's Dep't*, 924 F.3d 375, 391-92 (7th Cir. 2019) ("We first consider whether Indiana [who moved to intervene] has a legally protectable interest in this litigation. Our cases say that the prospective intervenor's interest must be direct, significant, and legally protectable. The Rule does not define 'interest,' but the case law makes clear that more than the minimum Article III interest is required. At the same time, we have interpreted statements of the Supreme Court as encouraging liberality in the definition of an interest. In general, whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, making comparison to other cases of limited value." (Internal citations, quotation marks, and brackets omitted.)). Windhorst has articulated such an interest.

Sabag argues that while Windhorst may have a legally protectable interest in challenging the Court's § 1782 order, he has no "significantly legally protectable" interests in third-party subpoenas that "will produce information that will be used in a criminal action taking place through a foreign proceeding in the United Kingdom." [Filing No. 40, at ECF p. 8.] This also goes to the third element, as Windhorst argues that his interests would be impaired if he cannot intervene because "he has meritorious arguments against Mr. Sabag's application" and if he is

denied the opportunity to present those arguments, Sabag "would obtain information that he intends to use against Mr. Windhorst." [Filing No. 21, at ECF p. 11.] Sabag contends that Windhorst fails to meet this third element because the discovery that he seeks "will not impair [Windhorst's] ability to legally assert a criminal defense in the United Kingdom." [Filing No. 40, at ECF p. 12.] The problem with Sabag's argument is two-fold. First, as Windhorst notes, no foreign criminal matter is currently pending. Second, Windhorst alleges that Sabag may be using this discovery order to seek information to ultimately use in a pending arbitration case in New York that Sabag recently filed against Windhorst, Track Group, and another party. [Filing No. 51, at ECF p. 15.] Thus, Windhorst sets forth an interest in ensuring that Sabag complies with the requirements of 28 U.S.C. § 1782 and does not use the discovery in any improper manner, and this interest may be impaired if he is unable to intervene.

However, the Court need not address those arguments any further, because even if Windhorst does not have a right to intervene under Fed. R. Civ. P. 24(a)(2), the Court in its discretion nevertheless will allow Windhorst to intervene permissively. *See, e.g., Kluge v. Brownsburg Comm. Sch. Corp.*, __ F. Supp. 3d __, __, 2020 WL 95061, at *24 (S. D. Ind. Jan. 8, 2020) ("As to permissive intervention, upon a timely motion, a district court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. The decision to whether to permit intervention is wholly discretionary. While the Federal Rules require a district court to consider whether intervention would unduly delay or otherwise prejudice the adjudication of the original parties' rights, they otherwise leave the court with ample authority to consider a wide variety of factors and manage the litigation before it." (Internal citations, quotations, and ellipses omitted)).

Here, Windhorst does not seek to file a claim or defense in the underlying action; rather, he just seeks to ensure that his interests are adequately represented and protected. While Sabag claims that allowing Windhorst to intervene would be "highly prejudicial" and akin to allowing an alleged criminal to be granted rights to intervene in a criminal investigation, the Court disagrees. There is no evidence before this Court of any criminal case that is currently taking place. What the evidence does show is that there is an arbitration case in New York; that Windhorst has sought intervention in this miscellaneous civil matter in the United States where he is the target of a discovery investigation; and that this is an *ex parte* matter, so no party is currently representing Windhorst's interests. As a result, Windhorst's request to intervene is reasonable. Windhorst's motion shares a common question of law or fact with the existing proceedings and should not cause any undue delay or prejudice. It is within the Court's discretion to allow intervention, and given the obvious relationship between Windhorst and Sabag, permissive intervention is appropriate even if intervention of right were not. Therefore, Windhorst's motion to intervene [Filing No. 20] is granted.

B.  **Track Group's motion to intervene**

Track Group also filed a motion to intervene. [Filing No. 33.] Track Group, like Windhorst, argues Sabag may be using his 28 U.S.C. § 1782 application to seek discovery that he actually intends to use in the New York arbitration and would otherwise not be able to compel if he sought it through that proceeding. [Filing No. 33, at ECF p. 3.] Track Group, like Windhorst and Sabag, is a party in the domestic New York arbitration proceeding that Sabag recently filed. [Filing No. 33, at ECF p. 2.] Track Group argues that it has a direct and significant interest in Sabag's application and the discovery being sought from MCCC, it's past and current customer. [Filing No. 33, at ECF p. 5.] While some of Track Group's underlying

arguments regarding why they should be allowed to intervene differ from Windhorst's, the same general analysis applies to Track Group's motion to intervene as it does to Windhorst's motion. Like Windhorst, Track Group has sought intervention in this matter simply to ensure its interests are adequately represented and protected and to ensure that Sabag uses his application and the discovery sought appropriately. Track Group's motion shares a common question of law or fact with the existing proceedings and should not cause any undue delay or prejudice. Track Group, like Windhorst, has no party currently representing its interests in this matter, and given the obvious relationship between Track Group, Windhorst, and Sabag, permissive intervention is appropriate. Thus, the Court in its discretion grants Track Group's motion [Filing No. 33] to permissively intervene.

### IV. Conclusion

For reasons stated above, Windhorst's motion for a hearing [Filing No. 52] is denied. However, Windhorst's motion to intervene [Filing No. 20] and Track Group's motion to intervene [Filing No. 33] are permissively granted.

Date: 5/22/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email