UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| APPLICATION OF ELI SABAG, FOR AN | ) | No. 1:19-mc-00084-JPH-TAB |
| ORDER PURSUANT TO 28 U.S.C. § 1782 TO | ) | |
| CONDUCT DISCOVERY FOR USE IN | ) | |
| FOREIGN PROCEEDINGS | ) | |
| | ) | |

**ORDER ON APPLICANT'S
MOTION TO RECONSIDER**

**I.      Introduction**

Applicant Eli Sabag has filed a motion to reconsider [Filing No. 55] in this Section 1782

matter, requesting that this Court reconsider its recent order [Filing No. 54] granting motions to

intervene filed by Lars Windhorst and Track Group.  Sabag asks the Court to reconsider its

decision "based on its factual finding that neither Mr. Windhorst nor Track Group filed a 'claim

or defense' to support a legal basis for intervention in this proceeding under Rule 24."  [Filing

No. 55, at ECF p. 3.]  However, all of the parties, including Sabag, recognize that a Section 1782

action does not have a plaintiff or defendant.  Thus, it would be procedurally difficult if not

impossible to file a claim or defense in such a matter.  Therefore, the Court construes Rule 24 in

this context to find no basis to alter its earlier discretionary ruling allowing Windhorst and Track

Group to permissively intervene to protect their interests.  Accordingly, Sabag's motion [Filing

No. 55] is denied.

## II.    Discussion

The Court, in its discretion, recently granted both Windhorst and Track Group permission to intervene in this Section 1782 matter because their motions shared a common question of law or fact with the existing proceedings and did not cause undue delay or prejudice.  [Filing No. 54, at ECF p. 3.]  In response, Sabag has filed a motion to reconsider.  [Filing No. 55.]  A motion to reconsider is appropriate where a movant demonstrates a manifest error of law or fact.  *See, e.g., Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories.  A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or fact."  (Internal citations and quotation marks omitted)).

Sabag focuses on the specific language of Fed. R. Civ. P. 24(b)(1)(B), which gives courts discretion to allow intervention where the potential intervenor "has a claim or defense" that shares a common question of law or fact with the main action.  Sabag then notes that the Court's order stated that neither Windhorst nor Track Group sought to file a claim or defense in the underlying action; rather, they just want to ensure their interests are adequately represented and protected.  [Filing No. 54, at ECF p. 6-7.]  Thus, while Sabag reiterates that he has not objected to Windhorst's right to seek to vacate the Court's Section 1782 order, he argues that neither Windhorst nor Track Group have a legal basis for intervention under Rule 24—permissively or by right.  [Filing No. 55, at ECF p. 1-2.]  Windhorst and Track Group oppose Sabag's motion to reconsider.  [Filing No. 59; Filing No. 61.]

Sabag relies in part on an unpublished 2013 decision from this Court, *Hughes v. Kore of Indiana Enter., Inc.*, No. 1:11-cv-01329-JMS-MJD, 2013 WL 312868, at *2 (S.D. Ind. Jan. 25, 2013), which enforced Rule 24 as written and denied a prospective intervenor's request where they had not asserted a claim or defense.  However, *Hughes* did not involve a Section 1782 order; it was a class action suit in which the proposed intervenor was an insurer who wanted to intervene for the sole purpose of staying the action while litigating another lawsuit.  *Id.*, 2013 WL 312868, at *1.  In a Section 1782 action, there are no plaintiffs or defendants.  *See generally* 28 U.S.C. § 1782.  Thus, it is difficult to imagine how any prospective intervenor could assert a claim or defense in such an action.

Moreover, as Track Group notes, the "claim or defense" portion of Rule 24 has, at times, been liberally construed in other courts, particularly when a Section 1782 order is at issue.  *See, e.g.*, *In re Hornbeam Corp.*, No. 14-24887-MC-LOUIS, 2019 WL 1491727, at *4 (S.D. Fla. April 4, 2019) ("The 'claim or defense' portion of Rule 24(b) has been construed liberally, and a court can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion to intervene."  (Internal citation, quotation marks, and brackets omitted)); *In re Reyes*, No. 19 Civ. 7219, 2019 WL 6170901, at *2 (S.D.N.Y. Nov. 20, 2019) (granting proposed intervenor permissive intervention in Section 1782 matter where intervenor filed motion to intervene and to vacate or quash a subpoena); *In re Ambercroft Trading Ltd.*, No. 18-mc-80074-KAW, 2018 WL 4773187, at *4 (N.D. Cal. Oct. 3, 2018) (concluding individual could intervene under Fed. R. Civ. P. 24(b) where motion was timely and potential intervenor's conduct was "at the center of Petitioner's potential lawsuit."); *In re Rivada Networks*, 230 F. Supp. 3d 467, 472 (E.D. Va. 2017) (holding there was "no doubt that Rule 24(b) fits this case" where potential intervenor sought to intervene in Section 1782 action); *In re Dep't of Antioquia,*

No. 16-cv-20335-SCOLA/OTAZO-REYES, 2016 WL 10707020, at *2 (S.D. Fla. June 9, 2016)

("Applicants argue that the Liquor Companies are not entitled to permissive intervention because

they have failed to attach a pleading that demonstrates that they have a claim or defense that

shares with the main action a common question of law or fact.  This argument rings hollow since

there are no pleadings in this action and the action in Colombia has not been filed."  (Internal

citation and quotation marks omitted)), *report and recommendation adopted sub nom, In re*

*Departments of Antioquia et al.*, No. 16-20335-Civ-Scola, 2016 WL 10707016 (S.D. Fla. Oct.

26, 2016).

The requirements of Fed. R. Civ. P. 24(b) have also been liberally construed in other

contexts, including protective and confidentiality orders.  *See, e.g., In re Linerboard Antitrust*

*Litig.*, 333 F. Supp. 2d 333, 338-39 (E.D. Penn. 2004) ("The requirements for permissive

intervention are: (1) an independent basis of subject matter jurisdiction; (2) a timely motion; and

(3) a claim or defense that has a question of law or fact in common with the main action.  These

requirements have been interpreted flexibly when a non-party seeks intervention for the limited

purpose of modifying a protective order.  First, the intervenor need not demonstrate an

independent basis of subject matter jurisdiction.  This is because such intervenors do not ask the

district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise

a power that it already has, namely the power to modify a previously entered confidentiality

order.  Second, the requirement that a claim or defense present 'common legal or factual issues'

to the main action is interpreted with considerable breadth."  (Internal citations and quotation

marks omitted)); *E.E.O.C. v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.D.C. 1998)

("[D]espite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has

considered the question has come to the conclusion that nonparties may permissively intervene

for the purpose of challenging confidentiality orders.").  This Court construed Fed. R. Civ. P. 24's "claim or defense" requirement broadly in the same way so many other courts have done in a Section 1782 context.

Moreover, as detailed in the Court's original order [Filing No. 54, at ECF p. 6-7], Windhorst's request to intervene was reasonable, he shares a common question of law or fact with the existing proceedings, and his intervention should not cause any undue delay or prejudice.  Similarly, Track Group set forth an articulable, direct, and significant interest in Sabag's application and the discovery sought, its motion shared a common question of law or fact with the existing proceedings, and its intervention should not cause any undue delay or prejudice.  And neither Windhorst nor Track Group's interests were represented in the matter when only Sabag was involved.  Additionally, as the Court noted in its order granting the motions to intervene, the decision of whether to permit intervention is discretionary.  *See, e.g., Kluge v. Brownsburg Comm. Sch. Corp.*, 432 F. Supp. 3d 832, 858 (S.D. Ind. 2020) ("The decision whether to permit intervention is wholly discretionary."  (Internal citation and quotation marks omitted)).  The Court stands by its discretionary decision for the reasons stated in its original order and as clarified here.[1]  Sabag has not demonstrated a manifest error of law or fact justifying reconsideration.  Accordingly, Sabag's motion to reconsider [Filing No. 55] is denied.

---

[1] Sabag also briefly asserts, in a footnote of his motion to reconsider, that a party seeking to intervene under Rule 24(b) must also establish an independent basis for subject matter jurisdiction.  [Filing No. 55, at ECF p. 2, n.2.]  Sabag does not object to or question Windhorst's right or standing to seek to vacate the Court's Section 1782 order.  [Filing No. 55, at ECF p. 2.]  And as noted above and in the Court's original order, neither Windhorst nor Track Group are asserting a claim or defense, so there is no further analysis to be done regarding subject matter jurisdiction at this point in time.

**IV.    Conclusion**

For reasons stated above, Sabag's motion to reconsider [Filing No. 55] is denied.

Date: 7/10/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email