UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| APPLICATION OF ELI SABAG, FOR AN ) | No. 1:19-mc-00084-JPH-TAB |
| ORDER PURSUANT TO 28 U.S.C. § 1782 TO ) | |
| CONDUCT DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDINGS ) | |
| ) | |

**ORDER ON MOTION TO VACATE
ORDER PERMITTING DISCOVERY PURSUANT TO 28 U.S.C. § 1782
AND MOTION TO QUASH SUBPOENAS**

**I.     Introduction**

This matter is before the Court on intervenor Lars Windhorst's motion [Filing No. 24] to vacate the Court's order permitting applicant Eli Sabag to conduct discovery pursuant to 28 U.S.C. § 1782. The Court initially granted Sabag's *ex parte* application. However, upon further review of additional facts and case law that have since been provided, the Court now finds that Sabag's application did not set forth a sufficient factual basis objectively indicating that a foreign proceeding was within reasonable contemplation at the time he filed his application. Thus, he failed to satisfy the statutory requirements of an application under 28 U.S.C. § 1782, and his application should have been denied. Accordingly, Windhorst's motion to vacate [Filing No. 24] is granted, the Court's earlier order granting the application [Filing No. 13] is vacated, and Sabag's application for an order pursuant to 28 U.S.C. § 1782 [Filing No. 1] is now denied.

**II.    Background**

On December 31, 2019, Sabag submitted his *ex parte* application with this Court for an order pursuant to 28 U.S.C. § 1782, seeking leave to obtain "targeted discovery from Marion County Community Corrections ('MCCC') and various employees of MCCC and Marion County

for use in an anticipated criminal investigation conducted before formal accusation in a foreign court." [Filing No. 1, at ECF p. 1.] In his memorandum supporting the application, Sabag claimed that he "intends to file a criminal complaint" against Windhorst and others in the United Kingdom with "various British government offices[,]" including the U.K. Financial Conduct Authority (FCA), U.K. Serious Fraud Office (SFO), U.K. federal police (U.K. police), U.K. National Crime Agency (NCA). [Filing No. 9, at ECF p. 8.] Sabag also provided a sworn declaration in the form of an affidavit with this Court to confirm his intent to file such a criminal complaint against Windhorst with the FCA, NCA, SFO, and U.K. police. [Filing No. 6-41, at ECF p. 1-2.]

On January 31, 2020, after reviewing Sabag's application and supporting materials, the Court granted Sabag's *ex parte* application and gave Sabag leave to issue subpoenas to MCCC, John Deiter (former employee of MCCC), and David Condon (employee of Marion County). [Filing No. 13.] On February 11, 2020, the Court unsealed this case at the request of Sabag's counsel and lifted the *ex parte* designation from each filing. [Filing No. 15.] In March 2020, Lars Windhorst [Filing No. 20] and Track Group, Inc. [Filing No. 33] filed separate motions to intervene in this matter, which the Court granted.[1] [Filing No. 54.] On March 18, 2020, Windhorst filed his motion to vacate the Court's earlier order granting Sabag's application to conduct discovery pursuant to 28 U.S.C. § 1782 and to quash the subpoenas, which now pends. [Filing No. 24.] Sabag opposes the motion. [Filing No. 56.][2]

---

[1] Sabag subsequently filed a motion seeking reconsideration of the Court's order granting the motion to intervene [Filing No. 55], but the Court denied his request [Filing No. 68].

[2] Windhorst also filed a motion requesting a hearing on the motion to vacate [Filing No. 66], which Sabag opposes [Filing No. 67]. The Court is able to fully address Windhorst's motion without need for a hearing. Accordingly, Windhorst's request for a hearing [Filing No. 66] is denied.

### III.   Discussion

Windhorst argues that the Court should vacate its order permitting discovery pursuant to 28 U.S.C. § 1782. [Filing No. 25, at ECF p. 17.] He contends that Sabag's application does not satisfy any of the statutory requirements of a Section 1782 application or various discretionary factors that courts also consider when deciding whether to grant an application. [Filing No. 25, at ECF p. 18, 25.] As explained in more detail below, the Court agrees that its earlier order granting Sabag's application should be vacated in light of the additional factual background and briefing that the Court has now had the benefit of reviewing.

#### A.   Statutory requirements

While Windhorst raises various arguments as to why the Court should vacate its order permitting discovery, the Court begins its analysis with the statutory requirements of 28 U.S.C. § 1782. Title 28 U.S.C. § 1782(a) states that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." In addition, the statute sets forth that the request for such order may be made "by a foreign or international tribunal or upon the application of any interested person[.]" *Id*.

Thus, Section 1782 sets forth the following statutory requirements that must be met before a district court may grant an application for discovery:

> (1) the request must be made "by a foreign or international tribunal" or "upon the application of any interested person"; (2) the request must seek evidence in the form of "testimony or statement" of a person or production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation"; and (4) the person from whom discovery is sought must either reside or be found in the district of the district court ruling on the application.

3

*See id.*; *In re Medytox, Inc.*, No. 1:18-mc-00046-TWP-DLP, 2019 WL 3162174, at *4 (S.D. Ind. July 16, 2019), *report and recommendation adopted*, 2019 WL 3556930 (S.D. Ind. Aug. 5, 2019).  While Windhorst argues that Sabag's application does not satisfy any of the statutory requirements of 28 U.S.C. § 1782, the crux of this case lies in the requirement that the evidence sought must be "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a).

In 2004, the Supreme Court analyzed these statutory requirements in *Intel Corp. v. Advanced Micro Devices*, Inc., 542 U.S. 241, 255, 124 S. Ct. 2466, 2478 (2004) ("*Intel*"), before concluding that 28 U.S.C. § 1782 "authorizes, but does not require, a federal district court to provide assistance to a complainant in a European Commission proceeding that leads to a dispositive ruling[.]"  *Intel* clarified the requirement that the discovery must be for use in a proceeding in a foreign or international tribunal, noting the legislative history of Section 1782 and the addition in 1996 of the words "including criminal investigations conducted before formal accusation" to this requirement.  *Id.* at 249, 124 S. Ct. at 2474.  The Supreme Court succinctly stated in *Intel* that "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *Id.* at 258, 124 S. Ct. at 2479.  Rather, the Supreme Court held that the statute "requires only that a dispositive ruling by the Commission, reviewable by the European courts, be *within reasonable contemplation*." *Id.* at 259, 124 S. Ct. at 2480 (emphasis added).

Thus, the issue in this case is whether, at the time Sabag filed his application with this Court, there was a sufficient factual basis to support a finding that a proceeding before a foreign or international tribunal was within reasonable contemplation.  Windhorst argues that Sabag's application should have been denied because he has not sought discovery for use in a reasonably

contemplated proceeding in a foreign or international tribunal as required by *Intel*. [Filing No. 25, at ECF p. 19-20.] He contends that a proceeding, or even a criminal investigation prior to a proceeding, is speculative at best, and argues that the most Sabag seeks to do is "buttress an application to a number of U.K. agencies in hopes that they will initiate criminal proceedings against Mr. Windhorst." [Filing No. 25, at ECF p. 20.] Windhorst also accuses Sabag of attempting a "second bite of the apple for the exact same discovery that has already been denied to him" in an earlier Indiana state court action. [Filing No. 25, at ECF p. 22.]

Sabag disagrees with Windhorst's characterization of his application and argues that a proceeding in a foreign or international tribunal *was* in reasonable contemplation at the time he filed his application. [Filing No. 56, at ECF p. 16.] He reiterates in his response that he is

> gathering evidence to supplement the compelling evidence that he already presented to this Court to be used in a reasonably contemplated criminal U.K. prosecution of Mr. Windhorst. Mr. Sabag has filed an affidavit with this Court under penalty of perjury to state that he intends to pursue criminal action against Mr. Windhorst in the United Kingdom.

[Filing No. 56, at ECF p. 17.] Sabag contends that he is "entitled to use Section 1782 as it is written to initiate his criminal filings against Mr. Windhorst in the U.K. based on his own 'reasonably contemplated' timeframe, rather than the accelerated timeframe that Mr. Windhorst argues is a prerequisite to trigger the application of Section 1782." [Filing No. 56, at ECF p. 17-18.] Sabag also alleges that he would be entitled, under U.K. law, to seek judicial review of the decision of a public prosecutor or agency and "force" prosecution of Windhorst. [Filing No. 56, at ECF p. 18.] Sabag filed an affidavit contemporaneously with his Section 1782 application asserting these same claims. [Filing No. 6-41.] Sabag also filed a declaration from U.K. counsel with his application, which summarized the alleged events between Sabag and Windhorst and reiterated Sabag's contention that he may make a criminal complaint to UK authorities, who

would then "consider whether to launch a formal investigation using statutory powers of investigation[.]"  [Filing No. 6-1, at ECF p. 24.]  In addition, counsel noted that Sabag may also, "should he so choose, launch his own private prosecution[.]"  [Filing No. 6-1, at ECF p. 25.]

The Supreme Court clearly held in *Intel* that 28 U.S.C. § 1782 does not require that proceedings in a foreign or international proceeding must have already commenced or that such proceedings must be pending or imminent.  *Intel*, 542 U.S. at 259, 124 S. Ct. at 2480.  Rather, as noted above, the 28 U.S.C. § 1782 requirement of a foreign proceeding is met so long as such proceeding was "within reasonable contemplation" at the time the application was filed.  *Id.*  Sabag claims that the fact that he has "attested by affidavit that he reasonably contemplates initiating foreign criminal proceedings against Mr. Windhorst" is "the beginning and end of the analysis."  [Filing No. 56, at ECF p. 13.]

However, "within reasonable contemplation" requires more than speculation or conjecture.  *See, e.g., Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123-24 (2d Cir. 2015) ("[T]he Supreme Court's inclusion of the word 'reasonable' in the 'within reasonable contemplation' formulation indicates that the proceedings cannot be merely speculative.  At a minimum, a § 1782 applicant must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye."); *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.,* 747 F.3d 1262, 1270 (11th Cir. 2014) ("The future proceedings must be more than speculative, however, and a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time."  (Internal citation and quotation marks omitted)).  For instance, the Second Circuit concluded in *Certain Funds* that "the applicant must have more than a subjective intent to undertake some legal action, and

6

instead must provide some objective indicium that the action is being contemplated." *Certain Funds*, 798 F.3d at 123.  Here, as in *Certain Funds*, there is no objective indication that a proceeding in a foreign or international tribunal was within reasonable contemplation at the time of Sabag's application.  Sabag's subjective desire, alone, is not enough.  While Sabag articulated his rights and options under U.K. law, he has not used those rights or options yet.

In *Certain Funds*, the Second Circuit additionally noted that "the relevant question is whether at the time the evidence is sought, the evidence is eventually to be used in a foreign proceeding.  In other words, we assess the indicia of whether the contemplated proceedings were within reasonable contemplation at the time the § 1782 application was filed." *Id* at 124 (internal citation, quotation marks, and ellipses omitted).  The Second Circuit found that at the time the applicant filed its application, the only facts alleged were that they had retained counsel and were discussing the "possibility of initiating litigation." *Id.* (emphasis omitted).  Thus, the Second Circuit concluded that "at the time the evidence was sought in this case, [the applicant] had done little to make an objective showing that the planned proceedings were within reasonable contemplation." *Id.*  See also *Fagan v. J.P. Morgan Chase Bank*, No. SA-19-MC-00111-FB, 2019 WL 984281, at *2 (W.D. Tex. Feb. 28, 2019) (report and recommendation) (Fagan's supplemental declaration indicating foreign investigatory authorities in South Africa were doing due diligence to determine whether Fagan's complaint had any merit fell short of providing indication that proceedings were within reasonable contemplation at time application made.).  *Cf. Consorcio*, 747 F.3d at 1271 (contemplated proceedings satisfied 28 U.S.C. § 1782 where applicant provided "facially legitimate and detailed explanation of its ongoing investigation, its intent to commence a civil action against its former employees, and . . . valid reasons . . . to

7

obtain the requested discovery under the instant section 1782 application before commencing suit[.]").

Again, Sabag's application also falls short of demonstrating that an actual foreign criminal investigation or proceeding was within reasonable contemplation at the time he filed the application. Putting aside the fact that so much time has passed and still no investigation has been initiated, what is relevant is that in December 2019, when Sabag filed his application, the only indication Sabag provided to the Court of a potential foreign investigation was Sabag's purported subjective intention to attempt to have a criminal investigation launched sometime in the future, and a declaration from U.K. counsel generally summarizing the procedural background of such investigations in the United Kingdom. This is far too speculative to meet the "within reasonable contemplation" requirement.

Sabag also argues that the Seventh Circuit has advocated for a liberal reading of 28 U.S.C. § 1782, citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011). In *Heraeus Kulzer*, the Seventh Circuit reversed the district court after it denied all requested discovery under 28 U.S.C. § 1782 for being unduly intrusive or burdensome, rather than simply looking to limit its scope. *Id.* But the cited portion of that Seventh Circuit decision addressed the discretionary component of Section 1782 application requests, not the statutory requirements. *Id.* As noted below, the Court need not analyze those discretionary factors in this case, since Sabag failed to meet the statutory factors.

Thus, after reviewing the additional facts and case law provided, the Court concludes that it was premature to grant Sabag's application, as no proceeding before a foreign or international tribunal was within reasonable contemplation at the time Sabag filed his application. Therefore, Windhorst's motion to vacate the Court's earlier order is granted.

B.     **Discretionary factors**

Once a district court determines it has authority to grant an application pursuant to 28 U.S.C. § 1782, it then must continue its analysis to determine whether and to what extent the request is appropriate in light of four discretionary factors the Supreme Court has set forth. *See Intel*, 542 U.S. at 264, 124 S. Ct. at 2483. In this case, however, the Court has determined that Sabag failed to meet one of the statutory requirements of 28 U.S.C. § 1782. Thus, while Windhorst raises numerous additional arguments in his memorandum in support of his motion as to why Sabag's application fell short and the Court's order allowing discovery should be vacated, [Filing No. 25, at ECF p. 11-32], the Court need not address these remaining arguments since it has already concluded that Sabag's application should not have been granted.[3]

IV.    **Conclusion**

For reasons explained above, Windhorst's motion for a hearing [Filing No. 66] on the motion to vacate is denied. However, Windhorst's motion to vacate [Filing No. 24] the Court's order granting Sabag's application to conduct discovery pursuant to 28 U.S.C. § 1782 is granted. Accordingly, the Court's order [Filing No. 13] granting the application is vacated, and Sabag's application [Filing No. 1] is denied.

Date: 8/18/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[3] For instance, in his reply brief, Windhorst asserts that Sabag has an ulterior motive for requesting this discovery, ultimately planning to use it not in any foreign or international tribunal, but rather in a New York arbitration proceeding currently pending that Sabag brought against Windhorst, Track Group, and others. [Filing No. 65, at ECF p. 17.] While the Court shares Windhorst's concerns that Sabag's ultimate use for the discovery sought through his Section 1782 application seems to only relate to the New York proceeding—the only proceeding within reasonable contemplation at the time Sabag filed his application, since Sabag's application has now been denied, the Court need not address these concerns further.

9

Distribution:

All ECF-registered counsel of record via email