UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| APPLICATION OF ELI SABAG, FOR AN ) | No. 1:19-mc-00084-JPH-TAB |
| ORDER PURSUANT TO 28 U.S.C. § 1782 ) | |
| TO CONDUCT DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDINGS ) | |

**ORDER SUSTAINING OBJECTION**

In December 2019, Eli Sabag applied for an order granting leave to obtain discovery for use in a foreign proceeding. Dkt. 1. After the Magistrate Judge initially granted the application, dkt. 13, Lars Windhorst intervened and asked the Court to vacate that order, dkt. 24. The Magistrate Judge granted Mr. Windhorst's motion, vacated the order granting the application, and denied Mr. Sabag's application, dkt. 54; dkt. 69. Mr. Sabag has objected to that ruling under Federal Rule of Civil Procedure 72. Dkt. [70]. For the reasons below, that objection is **SUSTAINED**.

**I.
Facts and Background**

In March 2014, Track Group, Inc. acquired Mr. Sabag's company, GPS Global, which manufactured GPS prison tracking devices. Dkt. 6-1 at 4–6. At the time, Mr. Windhorst owned Track Group's largest shareholder, Sapinda Asia Limited. *Id.* Mr. Windhorst was the primary negotiator of the acquisition of GPS Global. Dkt. 6-41 at 1.

The acquisition agreement "provided that Mr. Sabag would receive total consideration with a value of $7,811,404 for the sale of his 100% holding of

1

shares in GPS Global, made up of cash consideration of $311,404 with the remainder in Track Group stock." Dkt. 6-1 at 6.  The Track Group stock was split between "initial buyer shares," "Restricted Shares," and additional shares to be issued "on an 'earn-out' basis."  *Id.*  The "earn-out" shares depended on the number of devices that Track Group sold or leased in the 36 months after the sale closed.  *Id.*  Mr. Sabag had a separate agreement with Sapinda and Mr. Windhorst that allowed him to "put" all his restricted shares and any "earn-out" shares "to Sapinda at $20 per share on or after the third anniversary of Closing."  *Id.* at 8.

In early 2016, Marion County Community Corrections ("MCCC") sought bids from GPS tracking service providers for a six-month "gap" contract.  *See* dkt. 6-36; dkt. 6-38.  Track Group responded with a bid, but requested "a minimum 2 year agreement," dkt. 6-36; they eventually agreed to an 18-month agreement, *see* dkt. 6-38.

Mr. Sabag alleges that when Track Group pursued a longer contract with MCCC, it was not acting in "'good faith' to allow Mr. Sabag to reach his earn-out milestones." Dkt. 9 at 47.  Mr. Sabag intends to pursue criminal charges against Mr. Windhorst in the United Kingdom for his alleged role in interfering with the "earn-out" shares.  Dkt. 6-41.  Mr. Sabag therefore filed this application under 28 U.S.C. § 1782, seeking discovery from MCCC for use in a foreign or international proceeding.  Dkt. 1.

Magistrate Judge Baker initially granted Mr. Sabag's application.  Dkt. 13.  Mr. Windhorst and Track Group intervened, and Mr. Windhorst filed a

2

motion to vacate the order granting the application. Dkt. 24; dkt. 54. The Magistrate Judge granted Mr. Windhorst's motion and denied Mr. Sabag's application, finding that it did not meet § 1782's requirement that foreign or international proceedings be "within reasonable contemplation." Dkt. 69 at 6, 9. Mr. Sabag objected, asking the district judge to reverse Judge Baker's ruling. Dkt. 70.

## II.
## Applicable Law

Federal Rule of Civil Procedure 72 allows parties to object to a magistrate judge's ruling or recommended disposition. *See also* 28 U.S.C. § 636(b). When the objection is to a ruling on "a pretrial matter not dispositive of a party's claim or defense," the district judge will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). But if the objection is to a dispositive order, the district judge's review is de novo. Fed. R. Civ. P. 72(b).

Mr. Sabag argues that Magistrate Judge Baker's order ruled on the entire § 1782 proceeding, so it is a dispositive order that must be reviewed de novo. Dkt. 77 at 5–7. Mr. Windhorst and Track Group argue that the issue is ancillary rather than dispositive, so the review is whether the order is clearly erroneous or contrary to law. Dkt. 74 at 2–3; dkt. 78 at 9–11.

Discovery issues are not dispositive, and "the district judge reviews magistrate-judge discovery decisions for clear error." *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). Section 1782 is a discovery statute; it allows courts to order discovery in the district "for use in a proceeding in a foreign or

3

international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a); *see Intel Corp. v. Advances Micro Devices, Inc.*, 542 U.S. 241 (2004). However, unlike most discovery orders, rulings on § 1782 discovery applications conclude the matter before the district court. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 593 (7th Cir. 2011) ("*Heraeus I*"). Some district courts have therefore conducted a de novo review. *E.g.*, *In re Application of LPKF Laser & Electronics AG*, No. 14-cv-1616, 2015 WL 228063 at *2 (N.D. Ill. Jan. 14. 2015).

But "dispos[ing] of all issues in the proceeding," *Kestrel Coal Pty. Ltd. v. Joy Global, Inc.*, 362 F.3d 401, 403 (7th Cir. 2004), is not the same as "dispositive" under Rule 72. "[I]t is the type of matter . . . that controls" the Rule 72 classification. *Ret. Chi. Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996). Section 1782 applications are merely a preliminary part of "litigation on the merits [that] occurs in a foreign tribunal." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 560 (7th Cir. 2011) ("*Heraeus II*"). So they "do not make any step toward final disposition of the merits of the case," *id.* at 563 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)), and therefore are not dispositive under Rule 72, *see Sims v. EGA Prods., Inc.*, 475 F.3d 865, 869 (7th Cir. 2007) (addressing Rule 72 review based on whether the order "concludes the merits").

This Court therefore reviews Magistrate Judge Baker's opinion under Rule 72(a)'s "clearly erroneous or . . . contrary to law" standard. *See In re Application of Heraeus Kulzer*, No. 3:09-cv-183 RM, 2009 WL 2058718 at *1

4

(N.D. Ind. July 9, 2009) (rev'd on other grounds); *In re Hulley Enters. Ltd.*, 400 F.Supp.3d 62, 71 (S.D.N.Y. 2019) ("Most lower courts, however, have found that [rulings on § 1782 applications] are *not* dispositive and are therefore subject to review only for clear error.").

### III.
### Analysis

Under the relevant statute, a federal district court may order a person residing or found in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782. District courts may grant applications under 28 U.S.C. § 1782 if several statutory requirements are satisfied and the weighing of discretionary factors supports the application. *See Intel Corp.*, 542 U.S. at 256–66. For this objection, only one statutory requirement is at issue—that the requested discovery be for use in a foreign or international proceeding, 28 U.S.C. § 1782(a); *see Certain Funds, Accounts and/or Investment Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir 2015). The "proceeding" does not have to be "pending" or "imminent," but only "within reasonable contemplation." *Intel Corp.*, 542 U.S. at 259. Reasonable contemplation requires "more than a subjective intent to undertake some legal action"; the applicant "must provide some objective indicium that the action is being contemplated." *Certain Funds*, 798 F.3d at 123.

In his objection, Mr. Sabag argues that the Magistrate Judge erred when he vacated the previous order and denied Mr. Sabag's application. Dkt. 70 at

5

2. Specifically, Mr. Sabag contends that the Magistrate Judge erroneously concluded that the Application "fell short of demonstrating that an actual foreign criminal investigation or proceeding was within reasonable contemplation at the time [Mr. Sabag] filed his application." *Id.*; *see* dkt. 71 at 11–16. Mr. Windhorst responds that Mr. Sabag's subjective intent to pursue criminal action is not enough to show that proceedings are reasonably contemplated. Dkt. 78 at 15.[1]

To show that a foreign criminal action is "within reasonable contemplation," Mr. Sabag relies on his own affidavit, dkt. 6-41, and the affidavit of Peter Bibby, an attorney based in London, dkt. 6-1. *See* dkt. 71 at 25–33. In his affidavit, Mr. Sabag testified: "I intend to file criminal complaints against Mr. Windhorst in the United Kingdom. The specific government agencies to which I intend to direct my complaints (and the facts which support my complaints) are described in my Application." Dkt. 6-41 at 1-2. Mr. Bibby's 40-page affidavit summarizes Mr. Bibby's education and experience, including that he is a partner in the white-collar defense practice of a law firm in London and formerly worked as a department head in the Enforcement Division of the Financial Services Authority, which had "criminal powers to deal with financial impropriety." Dkt. 6-1 at 1. He further testifies that he was "asked to advise Mr. Sabag in connection with the criminal

---

[1] While Track Group did not previously address the merits of Mr. Sabag's application, it argues that his objection should be overruled for "abuse of the Section 1782 process" "under the guise of a speculative, if not specious, criminal action which hasn't even been initiated." Dkt. 74 at 9.

6

complaint that he intends to bring in the United Kingdom" and that the "requested discovery is for evidence for use in Mr. Sabag's intended criminal complaint in the UK" against Mr. Windhorst. *Id.* at 2.

Mr. Bibby's affidavit then sets forth relevant facts linking the evidence that Mr. Sabag seeks to obtain through his § 1782 application to five potential violations of UK criminal law that Mr. Sabag alleges that Mr. Windhorst committed. *Id.* at 2–14. The affidavit explains that any discovery "would form part of Mr. Sabag's report" to several law-enforcement agencies in the United Kingdom. *Id.* at 16–23, 33. It also explains that an agency could decide to prosecute Mr. Windhorst, or Mr. Sabag could pursue a private prosecution with his own legal team. *Id.* at 33–34.

The evidence therefore shows that Mr. Sabag intends to bring criminal complaints against Mr. Windhorst, dkt. 6-41 at 1–2, and has taken the specific action of having Mr. Bibby—a lawyer with specialized experience about UK financial crime—conduct factual investigation and legal analysis on his behalf, dkt. 6-1. That is enough to show that a foreign or international proceeding is reasonably contemplated. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014).

In *Consorcio*, the § 1782 applicant intended to bring a civil action in Ecuador to recover damages from former employees. *Id.* at 1270–71. It provided a "detailed explanation of its intent to pursue civil and possibly subsequent criminal proceedings," which was enough to show that the

7

proceedings were in reasonable contemplation.  *Id.*  Similarly, in *In re Furstenberg Finance SAS*, the Second Circuit held that a criminal proceeding was reasonably contemplated when applicants and their counsel supported the application with "well-documented assertions . . . outlining the basis of their intended criminal complaint pending receipt of the evidence sought."  785 Fed. App'x 882, 884–85 (2d Cir. 2019).

The same is true here.  Mr. Sabag's application and supporting exhibits are robust:  Mr. Bibby's affidavit provides a detailed analysis of the contractual agreements between Mr. Sabag, Track Group, and Mr. Windhorst.  Dkt. 6-1 at 4–14.  It then explains Mr. Sabag's allegations and identifies five specific criminal offenses that he believes Mr. Windhorst committed.  *Id.* at 14–23.  That affidavit's detailed legal analysis and Mr. Sabag's sworn statement that he intends to pursue criminal charges are "objective indicium that the action is being contemplated" and that criminal proceedings in the United Kingdom are not "merely speculative" or "just a twinkle in counsel's eye."  *Certain Funds*, 798 F.3d at 123–24.[2]  And while Mr. Sabag had not yet brought a criminal complaint in the UK when he filed the application, he was allowed to wait until he had gathered evidence through § 1782 to bring the contemplated foreign proceedings.  *See Consorcio,* 747 F.3d at 1271.

---

[2] As explained, Mr. Bibby's detailed analysis does more than "summarize[ ] the procedural background" of investigations in the UK.  Dkt. 78 at 22.  Moreover, Mr. Sabag needed to show only that the proceedings were in "reasonable contemplation"—it is not this Court's role under § 1782 to address the merits of any foreign criminal proceedings.  *See id.* (citing *Consorcio,* 747 F.3d at 1268).

Mr. Windhorst relies on *Certain Funds* to argue that the proceedings are not reasonably contemplated, but Mr. Sabag has provided substantially more evidence than was provided there. In *Certain Funds*, the applicants "retained counsel and were discussing the *possibility* of initiating litigation," but "had done little to make an objective showing" despite having five years to do so. 798 F.3d at 124. Here, in contrast, Mr. Sabag has sworn that he intends to pursue criminal action, obtained a detailed legal analysis of potential charges from counsel in the United Kingdom, and filed this § 1782 action, all within three years after the alleged criminal activity.

Similarly, Mr. Sabag's related action in the Indiana state courts does not affect the "reasonable contemplation" analysis. Mr. Windhorst alleges that Mr. Sabag "has unsuccessfully sought to pursue claims against Mr. Windhorst in Marion Superior Court" instead of bringing criminal proceedings, but he has not argued or shown that the proceedings are mutually exclusive. And as explained above, Mr. Sabag has presented evidence that he has been pursuing criminal charges within a reasonable amount of time. *See Consorcio*, 747 F.3d at 1271.

Mr. Sabag's objection is therefore **SUSTAINED**. This case is returned to Magistrate Judge Baker to consider the remaining requirements for § 1782 applications, including discretionary factors and, if necessary, potential limits on the scope or use of discovery. *See Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) (describing the discretionary factors and § 1782 discovery may be limited "by applying the familiar standards of Rule 26 of the Federal Rules of

9

Civil Procedure"); *cf. Victoria, LLC v. Likhtenfeld*, 791 Fed. App'x 810, 816 (11th Cir. 2019) (explaining limits on proceedings in which § 1782 discovery could be used).

### IV.
### Conclusion

Mr. Sabag's objection to Magistrate Judge Baker's order, dkt. 69, is **SUSTAINED**, dkt. [70]; Mr. Sabag's application is returned to Magistrate Judge Baker for further consideration.  Mr. Sabag's motion for leave to file is **GRANTED** to the extent that the Court considered his proposed reply brief, dkt. 79-1.  Dkt. [79].

**SO ORDERED.**

Date: 4/26/2021

                                               James Patrick Hanlon
                                               United States District Judge
                                               Southern District of Indiana

Distribution:

Courtney Caprio
CAPRIO LAW, P.A.
courtney@capriolawgroup.com

Evan Carr
HOOVER HULL TURNER LLP
ecarr@hooverhullturner.com

Tai-Heng Chang
SIDLEY AUSTIN LLP
tcheng@sidley.com

Sean Tyler Dewey
ICE MILLER LLP
sean.dewey@icemiller.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Martin B. Jackson
SIDLEY AUSTIN LLP
mjackson@sidley.com

Offer Korin
KATZ KORIN CUNNINGHAM, P.C.
okorin@kkclegal.com

Brooke Smith
KATZ KORIN CUNNINGHAM, P.C.
bsmith@kkclegal.com

Gaelle E. Tribie
SIDLEY AUSTIN LLP
gtribie@sidley.com

Meredith Wood
ICE MILLER, LLP
meredith.wood@icemiller.com

Michael A. Wukmer
ICE MILLER LLP (Indianapolis)
michael.wukmer@icemiller.com