UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| APPLICATION OF ELI SABAG, FOR AN | ) | No. 1:19-mc-00084-JPH-TAB |
| ORDER PURSUANT TO 28 U.S.C. § 1782 | ) | |
| TO CONDUCT DISCOVERY FOR USE IN | ) | |
| FOREIGN PROCEEDINGS | ) | |
| | ) | |

**ORDER OVERRULING OBJECTION**

Before the Court is Eli Sabag's objection to Magistrate Judge Baker's protective order limiting the use of documents obtained for use in a foreign proceeding. He argues that the protective order lacked good cause and improperly granted discovery participation rights to other parties. Dkt. [90]. For the reasons below, Mr. Sabag's objection is **OVERRULED**.

**I.
Facts and Background**

Believing that he was the victim of securities fraud related to a business transaction[1], Mr. Sabag filed an application under 28 U.S.C. § 1782, seeking discovery from Marion County Community Corrections ("MCCC") for use in a foreign or international proceeding. Dkt. 1. Magistrate Judge Baker initially granted Mr. Sabag's application, dkt. 13, but after Mr. Windhorst and Track Group intervened and objected, Magistrate Judge Baker vacated his prior order and denied the application. Dkt. 69 at 6. Mr. Sabag objected to the Magistrate Judge's ruling. Dkt. 70. This Court sustained the objection and returned the

---

[1] The underlying facts relating to the business transaction are summarized in the Court's order of April 26, 2021. Dkt. 80.

1

application to Magistrate Judge Baker "to consider the remaining requirements for § 1782 applications . . . and, if necessary, potential limits on the scope or use of discovery." Dkt. 80 at 7–10.

Mr. Windhorst then filed a motion for a protective order under Federal Rule of Civil Procedure 26(c), dkt. 86, that would limit discovery "solely for use in the contemplated foreign proceedings," dkt. 87 at 4. Mr. Windhorst also sought "to participate in the discovery process, including the right to receive copies of all documents produced . . . and the right to participate in any depositions." *Id.* at 7. Magistrate Judge Baker granted that motion when he granted Mr. Sabag's § 1782 application, ordering that the "use of discovery obtained from Sabag's § 1782 application is limited to the foreign proceeding in contemplation at the time of Sabag's application." Dkt. 89 at 11. He also ordered that "Sabag shall provide Windhorst and Track Group with copies of the discovery he has received so far in relation to his § 1782 application, as well as the discovery he receives as a result of this order granting his application." *Id.* at 11.

Mr. Sabag now objects to that ruling, asking this Court to (1) overrule the protective order and (2) either deny Mr. Windhorst's and Track Group's requests to participate in discovery, or provide Mr. Sabag with reciprocal discovery rights. Dkt. 90.

## II.
## Applicable Law

Federal Rule of Civil Procedure 72 allows parties to object to a magistrate judge's ruling. *See also* 28 U.S.C. 636(b). When the objection is to a ruling on

2

"a pretrial matter not dispositive of a party's claim or defense," the district judge will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  But if the objection is to a dispositive order, the district judge's review is de novo.  Fed. R. Civ. P 72(b).

A § 1782 application is a preliminary step before litigation on the merits in a foreign tribunal commences.  Dkt. 80 at 3–5 (citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 560 (7th Cir. 2011) ("*Heraeus II*")).  So while a § 1782 ruling concludes the matter before the district court, *see Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 593 (7th Cir. 2011), it "do[es] not make any step towards final disposition of the merits of the case," *Heraeus II*, 881 F.3d at 563 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).  Magistrate Judge Baker's order is therefore not dispositive under Rule 72, *see Sims v. EGA Prods., Inc.*, 475 F.3d 865, 869 (7th Cir. 2007), and this Court reviews it under the clearly erroneous or contrary to law standard.  *See* dkt. 80 at 3–5; *In re Hulley Enters. Ltd.*, 400 F.Supp.3d 62, 71 (S.D.N.Y. 2019) ("Most lower courts, however, have found that [rulings on § 1782 applications] are *not* dispositive and are therefore subject to review only for clear error.").

"Clear error is an extremely deferential standard of review" that will be found only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

## III.
## Analysis

Mr. Sabag objects to portions of Magistrate Judge Baker's order, arguing that (1) the protective order is improper because it lacked good cause under Federal Rule of Civil Procedure 26(c), (2) the protective order is overbroad in limiting the scope of discovery, (3) Mr. Sabag should be given reciprocal discovery rights, and (4) Mr. Windhorst and Track Group were unfairly granted unlimited use of Mr. Sabag's discovery. Dkt. 89.

### A.     Magistrate Judge Baker Did Not Clearly Err in Issuing the Protective Order

Magistrate Judge Baker found good cause under Rule 26(c) for a protective order to address concerns about the potential misuse of discovery information in a separate arbitration in New York. Dkt. 89 at 9–10. Mr. Sabag argues that "the sole basis for the protective order is a speculative presumption that Mr. Sabag is presently engaged in a ruse to circumvent the Section 1782 process." Dkt. 91 at 6, 9. He also contends that discovery should not be limited in this proceeding because the parties have agreed in the New York arbitration "that the arbitrator . . . should address the admissibility of evidence." *Id.* at 10–11. Mr. Windhorst responds that the protective order is supported by good cause because of "substantial concerns" about "the possibility of misuse" of § 1782 discovery. Dkt. 92 at 3–4.

While § 1782 does not automatically limit the use of discovery obtained for a foreign proceeding, "a party, for good cause, may [ ] ask the § 1782 court to enter a protective order" under Federal Rule of Civil Procedure 26(c)(1)

4

limiting the use of discovery. *Glock v. Glock, Inc.*, 797 F.3d 1002, 1006–09 (11th Cir. 2015); *see also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) (District courts "may issue protective orders that restrain parties from using the discovery for other purposes" in § 1782 cases.). The court then "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Here, Magistrate Judge Baker limited the use of discovery materials to Mr. Sabag's "stated purpose for obtaining the discovery with his § 1782 application," finding good cause "[g]iven the substantial concerns that have been raised by Windhorst and Track Group about the possibility of misuse." Dkt. 89 at 9.

Section 1782's purpose is to aid foreign tribunals by allowing applicants to obtain documents and other tangible evidence in the United States for use in a foreign or international proceeding. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247–50 (2004). When evaluating a § 1782 application, a court must consider, among other factors, whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265. But "even when no evidence of deception exists, nothing prevents a party from seeking to negotiate a protective order precluding the evidence from being used in United States civil litigation." *Glock*, 797 F.3d at 1009. And if a

5

protective order cannot be negotiated, a concerned party may seek a protective order from the court under Federal Rule of Civil Procedure 26(c).  *Id.*

That's what Mr. Windhorst did here, dkt. 86; dkt. 87 at 4, and Magistrate Judge Baker did not err in granting the protective order limiting the use of § 1782 discovery to the contemplated foreign proceeding.  *See In re Accent Delight*, 869 F.3d at 135.  As Judge Baker explained, that limit "does not impact Sabag's stated purpose for obtaining the discovery" or prevent him from bringing or pursuing civil claims domestically.  Dkt. 89 at 10.  Instead, it reflects that Mr. Sabag's § 1782 application was "premised solely on his intention to initiate criminal proceedings against Windhorst in the U.K."  *Id.*

Mr. Sabag also argues that Magistrate Judge Baker should have left issues of admissibility to the New York arbitrator, because the parties agreed that the arbitrator would have the authority to address evidence admissibility. Dkt. 91 at 10–11.  But having authorized the legal process under § 1782 that required production of discovery to Mr. Sabag, the Court retains authority over how and where that discovery may be used.  *In re Accent Delight,* 869 F.3d at 135; *Glock,* 797 F.3d at 1009.

For these reasons, Mr. Sabag has not shown clear error in the issuance of the protective order based on the facts of this case.

    **B.**    **The Protective Order is Not Overbroad**

Mr. Sabag argues that "[t]he protective order was not narrowly tailored to achieve the purpose for which it was purportedly brought" because it prohibits "any use" of the discovery beyond the contemplated foreign proceedings.  Dkt.

6

91 at 11–12.  Mr. Windhorst responds that the protective order does not affect the purpose Mr. Sabag gave for seeking the discovery and that "his complaints betray his true intentions to improperly use the Section 1782 discovery elsewhere."  Dkt. 92 at 5.

The cases that Mr. Sabag cites do not show that the protective order is overbroad.  In *Citizens First National Bank of Princeton v. Cincinnati Insurance*, the Seventh Circuit held that there had been no good cause under Rule 26(c) for an order that "granted a virtual carte blanche to either party to seal whatever portions of the record the party wanted to seal," without considering the public's interest.  178 F.3d 943, 944 (7th Cir. 1999).  And in *Patterson v. Avery Dennison Corporation*, the Seventh Circuit upheld the district court's ruling that a motion to compel a deposition would have been too costly and burdensome to force.  281 F.3d 676, 681–82 (7th Cir. 2002).  Neither of those cases addresses good cause for limiting § 1782 discovery to the reasons why it was sought, instead of allowing its use in any unrelated proceeding.  Indeed, Mr. Sabag has not explained how a more limited protective order could have accomplished that goal.  Dkt. 91 at 11–12.  Moreover, Mr. Sabag is still able to collect information for his contemplated foreign proceeding and, separately, pursue civil claims against Mr. Windhorst.  *See Glock*, 797 F.3d at 1009.

Magistrate Judge Baker therefore did not clearly err in "allow[ing] Sabag's requested discovery to proceed, while simultaneously addressing the underlying concerns raised by Windhorst and Track Group."  Dkt. 89 at 10; *see In re Accent Delight*, 869 F.3d at 135.

### C. The Supplemental Order Did Not Grant Windhorst and Track Group the Right to Conduct Discovery Against Mr. Sabag

Magistrate Judge Baker ordered that "Sabag shall provide Windhorst and Track Group with copies of the discovery he has received so far in relation to his § 1782 application, as well as the discovery he receives as a result of this order granting his application." Dkt. 89 at 11; *see Intel*, 542 U.S. at 262 (allowing discovery conditioned on a reciprocal exchange of information with "interested persons"); *cf. In re Hornbeam*, 14 Misc. 424, 2015 WL 13647606, at *9 (S.D.N.Y. Sept. 17, 2015) (requiring a § 1782 applicant to share discovery materials with intervenors).

Mr. Sabag argues that Mr. Windhorst and Track Group should not have been allowed to participate in discovery, but if they are, then Mr. Sabag is entitled to "reciprocal rights [for] Mr. Sabag to depose Windhorst and Track Group." Dkt. 91 at 14–15. Mr. Sabag's argument, however, assumes that Magistrate Judge Baker ordered reciprocal discovery—meaning Mr. Windhorst and Track Group can obtain discovery against Mr. Sabag—instead of ordering only that Mr. Windhorst and Track Group can receive copies of discovery that Mr. Sabag receives. *See In re Porsche Automobil Holding S.E.*, 19-mc-166 (RA), 2021 WL 2530277 (S.D.N.Y. June 21, 2021) (explaining reciprocal discovery when a § 1782 discovery applicant may be required to provide discovery to the respondent). Put simply, the protective order gives Mr. Windhorst and Track Group only the right to copies of the discovery received by Mr. Sabag through his § 1782 application. Dkt. 89 at 11; *cf. In re Hornbeam*, 2015 WL 13647606, at *9 (allowing an intervenor access to previously issued subpoenas and all

materials produced in future discovery is consistent with Federal Rule of Civil Procedure 45(a)(4)).  So, even if Magistrate Judge Baker had allowed MCCC to obtain discovery from Mr. Sabag, that would not be included in the discovery that must be provided to Mr. Windhorst and Track Group.  Dkt. 89 at 11.  Similarly, the authority to participate in depositions that Mr. Sabag takes is not the same as receiving discovery from Mr. Sabag.  *See* dkt. 89 at 11; dkt. 92 at 7 ("Mr. Windhorst is not seeking any discovery against Mr. Sabag, he is merely requesting the right to participate and receive copies of the discovery that will purported[ly] be used against him in foreign proceedings.").

Therefore, Magistrate Judge Baker did not clearly err in ruling that Mr. Windhorst and Track Group had the right to receive copies of Mr. Sabag's discovery.

### D. The Supplemental Order Did Not Grant Mr. Windhorst and Track Group Unlimited Use of Discovery

Mr. Sabag argues that the Supplemental Order grants Mr. Windhorst and Track Group "full rights to obtain and possess all of Mr. Sabag's Section 1782 discovery . . . for use outside this proceeding, including for the New York arbitration," while limiting his own use of discovery to the foreign proceeding. Dkt. 91 at 12.  However, Magistrate Judge Baker specifically ordered that "[t]he use of discovery obtained from Sabag's § 1782 application is limited to the foreign proceeding in contemplation at the time of Sabag's application."  Dkt. 89 at 11.  Because that provision's limitation does not apply only to Mr. Sabag, it similarly binds Mr. Windhorst and Track Group—as they acknowledge.  Dkt. 92 at 1–2 ("The protective order limits the use of discovery obtained in this

9

action to only the contemplated foreign proceedings."); dkt. 93 at 7. Since Mr. Windhorst and Track Group—like Mr. Sabag—are not permitted to use Mr. Sabag's § 1782 discovery outside the contemplated foreign proceeding, Mr. Sabag has not shown clear error.

## IV.
## Conclusion

Mr. Sabag's objection to Magistrate Judge Baker's order, dkt. 89, is **OVERRULED**. Dkt. [90]. The **clerk shall close** this case on the docket.

**SO ORDERED.**

Date: 7/14/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Courtney Caprio
AXS LAW GROUP, PLLC
courtney@axslawgroup.com

Evan Carr
HOOVER HULL TURNER LLP
ecarr@hooverhullturner.com

Tai-Heng Chang
SIDLEY AUSTIN LLP
tcheng@sidley.com

Sean Tyler Dewey
ICE MILLER LLP
sean.dewey@icemiller.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Martin B. Jackson
SIDLEY AUSTIN LLP
mjackson@sidley.com

Offer Korin
Stoll Keenon Ogden PLLC
offer.korin@skofirm.com

Brooke Smith
Stoll Keenon Ogden PLLC
brooke.smith@skofirm.com

Gaelle E. Tribie
SIDLEY AUSTIN LLP
gtribie@sidley.com

Meredith Wood
ICE MILLER, LLP
meredith.wood@icemiller.com

Michael A. Wukmer
ICE MILLER LLP (Indianapolis)
michael.wukmer@icemiller.com