STATE OF INDIANA ) MARION SUPERIOR COURT 14
                        ) SS:
COUNTY OF MARION ) CAUSE NO. 49D14-1805-PL-017647

| | | |
|---|---|---|
| ELI SABAG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRACK GROUP, INC., | ) | |
| SAPINDA ASIA LIMITED, | ) | |
| and LARS WINDHORST, | ) | |
| | ) | |
| Defendants. | ) | |

**F I L E D**

April 1, 2019

*Myla A. Eldridge*

CLERK OF THE COURT
MARION COUNTY
VM

## <u>ORDER DENYING DEFENDANTS SAPINDA ASIA LIMITED AND LARS WINDHORST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendants Sapinda Asia Limited and Lars Windhorst having filed their Motion to Dismiss Plaintiff's Complaint, and the Court having considered the submissions filed by each of the parties, hearing arguments on March 15, 2019, and being otherwise duly advised in the premises, now DENIES said Motion.

### I. <u>Service of Process on Lars Windhorst</u>

The record reflects that Defendant Lars Windhorst was served by UPS delivery in the United Kingdom (and through various other means) that comport with the Due Process notice to Defendant Lars Windhorst. *See e.g.*, *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 197 L. Ed. 2d 826 (2017). The Court finds and concludes that Plaintiff has made a *prima facie* showing of service of process on Defendant Lars Windhorst and that Defendant Lars Windhorst has not proven that service was lacking or ineffective to overcome the evidence presented by Plaintiff. Accordingly, the Court finds and concludes that service of process was proper on Defendant Lars Windhorst.

As an extra measure of service, pursuant to Indiana T.R. 4.14 the Court concludes that



good cause exists to authorize Plaintiff to serve Defendant Lars Windhorst's attorneys who have appeared in this action.

## II.   Personal Jurisdiction over Defendants Sapinda Asia Limited and Lars Windhorst

"Before an Indiana court can properly assert personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment requires that the defendant have certain 'minimum contacts' with the state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Arnold v. Long*, 59 N.E.3d 1075, 1079 (Ind. Ct. App. 2016) (citing *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006)).  Defendants Sapinda Asia Limited and Lars Windhorst had "the burden of proving the lack of personal jurisdiction by a preponderance of the evidence" because it was not apparent on the face of the complaint that jurisdiction was lacking.  *Reed v. Reid*, 980 N.E.2d 277, 304 (Ind. 2012).  Defendants have not carried their burden, nor have they overcome the affidavit, allegations and evidence presented by Plaintiff, which the Court must accept as true.  *Search Force, Inc. v. Dataforce Int'l, Inc.*, 112 F. Supp. 2d 771, 774 (S.D. Ind. 2000).

The Court finds and concludes that it has both "general" and "specific" personal jurisdiction over Defendants Sapinda Asia Limited and Lars Windhorst (although the Court is required only to find either "general" or "specific" jurisdiction).

As an initial matter, Track Group, which has material physical operations in the State of Indiana, did not challenge (general) personal jurisdiction.  Based on the evidence presented by Plaintiff, the Court finds the existence of a "joint venture" (or similar relationship) between Track Group, Sapinda Asia Limited, and Lars Windhorst which created sufficient minimum contacts for the joint venture with the State of Indiana.  "Where two or more companies enter a joint venture, the minimum contacts of one co-venturer are attributable to other co-venturers such that personal

2

jurisdiction over one means personal jurisdiction over all." *See*, *Wendt v. Handler, Thayer &Duggan, LLC*, 613 F. Supp. 2d 1021, 1030 (N.D. Ill. 2009).  Thus, the Court concludes that it has "general" jurisdiction over the joint venture (or similar relationship) and all of the members of the joint venture, including Defendants Sapinda Asia Limited and Lars Windhorst.

Likewise, the Court finds and concludes that "specific" personal jurisdiction exists over Defendants Sapinda Asia Limited and Lars Windhorst.  Defendants have "purposefully availed" themselves of the privileges of doing business in the State of Indiana through their contracts for the acquisition of Plaintiff's technology to be deployed in Indiana with Marion County Community Corrections ("MCCC").  Plaintiff's compensation for his technology (to be paid in part by Defendants Sapinda Asia Limited and Lars Windhorst) included an "earn-out" provision that would be determined over a three-year period based on future sales or leases of prison tracking devices.  During that three year period, Track Group entered into a new deal with MCCC that relied on Plaintiff's technology.  Plaintiff alleges, among other things, that Defendants Sapinda Asia Limited and Lars Windhorst manipulated the terms of the MCCC agreement so that (1) Plaintiff would not derive his earn-out rights and (2) Defendants Sapinda Asia Limited and Lars Windhorst could mitigate their expected business losses. *See Calder v. Jones*, 465 U.S. 783 (1984) (applying an "effects" test in cases with insufficient minimum contacts where the action or activities of the defendant is targeted at a particular forum).

The State of Indiana also has a State interest in adjudicating disputes arising from or relating to acts occurring in the State and concerning local transactions, communications and contracts with a local government, such as the MCCC agreement.  The interests of the State should be considered in the personal jurisdiction analysis.  See *Vickery v. Ardagh Glass Inc.*, 85 N.E.3d 852, 865 (Ind. Ct. App.), *reh'g denied,* 95 N.E.3d 213 (Ind. Ct. App. 2017), and *transfer denied,* 98

N.E.3d 71 (Ind. 2018); *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967–68 (Ind. 2006) (State's interest considered).

### III.   Plaintiff Has Sufficiently Stated Plausible Claims to Survive a Motion to Dismiss as to All Counts

As this Court must do on a Motion to Dismiss, all facts alleged by Plaintiff are accepted as true and considered in a light most favorable to Plaintiff with all reasonable inferences drawn in favor of Plaintiff.  *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind. Ct. App. 1999); *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 134–35 (Ind. 2006) (citing *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998)).  Having considered the allegations and submissions by the parties, the Court cannot say to a certainty that Plaintiff is not entitled to any sort of relief or that the allegations and inferences therefrom, read in his favor, show no "possible set of facts upon which he can recover."  Accordingly, the Court finds and concludes that under Indiana's notice pleading standards, Plaintiff has sufficiently plead causes of actions for all counts, inclusive of Counts I through VII for Breach of Contract (Ct. I), Breach of Fiduciary Duty (Ct. II), Tortious Interference with Contract (Cts. III and IV), Unjust Enrichment (Ct. V), Accounting (Ct. VI) and Declaratory Judgment (Ct. VII).  Accordingly, Defendants Sapinda Asia Limited and Lars Windhorst's Motion to Dismiss under Rule 12(B)(6) is hereby DENIED.

### IV.   Arbitration

~~Defendants Sapinda Asia Limited and Lars Windhorst do not have any arbitration agreements in place with Plaintiff that provide either defendant with rights to arbitration with Plaintiff.  The requests by Defendants Sapinda Asia Limited and Lars Windhorst for this Court to compel arbitration is unwarranted and denied.~~

~~[ALTERNATIVELY:~~  The Court finds that Defendants were engaged in a joint venture with respect to the acquisition of Plaintiff's company.  Defendants Sapinda Asia Limited and Lars

4

Windhorst argue that to the extent that a joint venture exists, they should be entitled to arbitration under the same grounds as argued by Track Group, Inc.  Defendants Sapinda Asia Limited and Lars Windhorst's request to arbitrate is ~~denied~~ granted for the same reasons that the Court ~~denies~~ grants Defendant Track Group, Inc.'s Motion to Compel Arbitration.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendants' Motion to Dismiss is ~~DENIED~~ granted.

IT IS SO ORDERED.

Dated: __April 1, 2019__

*James B. Osborn*
Judge, Marion County Superior Court 14

Distribution to:

Offer Korin
okorin@kkclegal.com

Kristopher N. Kazmierczak
kkaz@kkclegal.com

Michael A. Wukmer
Michael.wukmer@icemiller.com

Sean T. Dewey
Sean.dewey@icemiller.com

Andrew W. Hull
awhull@hooverhullturner.com

Evan D. Carr
ecarr@hooverhullturner.com