UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| APPLICATION OF ELI SABAG, FOR AN ) | No. 1:19-mc-00084-JPH-TAB |
| ORDER PURSUANT TO 28 U.S.C. § 1782 TO ) | |
| CONDUCT DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDINGS ) | |
| ) | |

**ORDER ON SUPPLEMENTARY REQUEST FOR DISCOVERY
IN ACCORDANCE WITH 28 U.S.C. § 1782**

**I.   Introduction**

Before the Court is a supplementary request for discovery from Movant Eli Sabag to depose Intervenor Lars Windhorst in Indiana by videotaped deposition, in accordance with 28 U.S.C. § 1782 and pursuant to Rule 30 of the Federal Rules of Civil Procedure.  [Filing No. 98, at ECF p. 1.]  For reasons stated below, Sabag's request is granted.

**II.   Background**

The Court briefly sets forth the background in this matter once again.  On December 31, 2019, Sabag submitted an *ex parte* application with the Court for an order pursuant to 28 U.S.C. § 1782, seeking leave to obtain "targeted discovery from Marion County Community Corrections (MCCC) and various employees of MCCC and Marion County for use in an anticipated criminal investigation conducted before formal accusation in a foreign court."  [Filing No. 1, at ECF p. 1.] The Court originally granted Sabag's *ex parte* application in January 2020 and unsealed it in February 2020.  [Filing No. 13; Filing No. 15.]  Windhorst (and Track Group) moved to intervene in March 2020, and in May 2020, the Court granted Windhorst's request.  [Filing No.

54.] Meanwhile, on March 18, 2020, Windhorst filed a motion to vacate the Court's earlier order granting Sabag's application. [Filing No. 24.]

The Court initially granted Windhost's motion to vacate, concluding that Sabag's application fell short of demonstrating that an actual foreign criminal investigation or proceeding as within reasonable contemplation at the time Sabag filed the application. [Filing No. 69.] Sabag appealed the decision to District Judge Hanlon, who concluded that Sabag's application and supporting exhibits set forth that a foreign proceeding was within reasonable contemplation at the time Sabag filed his application. [Filing No. 80.] Thus, Judge Hanlon sustained Sabag's objection and returned his application to the undersigned magistrate judge for consideration of the maintaining requirements of an application under 28 U.S.C. § 1782. [Filing No. 80, at ECF p. 9.] Windhorst also filed a motion for a protective order, seeking to limit the use of the discovery to the contemplated foreign proceedings. [Filing No. 86.] On July 28, 2021, the Court denied Windhorst's motion to vacate the Court's earlier order, which allowed Sabag's § 1782 application to proceed. [Filing No. 89.] The Court also granted Windhorst's motion for a protective order, limiting the use of discovery obtained from Sabag's § 1782 application to the U.K. proceeding in contemplation at the time of Sabag's application. [Filing No. 89, at ECF p. 11.]

On October 11, 2022, Sabag filed a supplementary request for discovery in accordance with 28 U.S.C. § 1782. [Filing No. 98.] With this latest motion, which now pends, Sabag requests permission from the Court to conduct a videotaped deposition of Windhorst in Indiana at a mutually acceptable time in the near future. Sabag's motion also notes that he consents to limiting the discovery for use only in the U.K. criminal proceedings, except to the extent that Sabag later seeks, and this Court grants, a modification of the protective order. [Filing No. 98, at

ECF p. 14-15.] On October 26, 2022, the Court granted motions to withdraw attorney appearances on behalf of Windhorst. [Filing No. 102, 103.] The Court also granted Windhorst, who is not currently represented by counsel in this litigation, an extension until November 22, 2022, to respond to Sabag's supplementary request. [Filing No. 104.] Windhorst did not respond.

### III. Discussion

#### A. Section 1782 Statutory Requirements

The Court applies the same standard in addressing Sabag's supplemental request for discovery as it did initially. Thus, as set forth in 28 U.S.C. § 1782, a request for discovery under this statute must satisfy the following four statutory requirements:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person;" (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;" (3) the evidence must be "for use in a proceeding a foreign or international tribunal;" and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Medytox, Inc.*, No. 1:18-mc-46-TWP-DLP, 2019 WL 3162174, at *4 (S.D. Ind. Jul. 16, 2019), *report and recommendation adopted*, 2019 WL 3556930 (S.D. Ind. Aug. 5, 2019) (*citing* 28 U.S.C. § 1782).

Sabag argues, and the Court agrees, that he satisfies all four of these statutory factors. [Filing No. 98.] First, Court previously determined Sabag is an interested person in the reasonably contemplated foreign investigation of Windhorst, and his supplementary request indicates that he remains so. [Filing No. 89, at ECF p. 4; Filing No. 98, at ECF p. 2-3.] The motion seeks the sworn deposition testimony of Windhorst, meeting the second requirement of § 1782. Third, the evidence will be obtained for use in the reasonably contemplated criminal

investigation of Windhorst in the U.K.  Finally, Windhorst—the person from whom discovery is sought—is found in this district.

The Seventh Circuit Court of Appeals has not yet explicitly addressed the meaning of "resides or is found" in 28 U.S.C. § 1782(a).  The Second Circuit has ruled that "a person or entity 'resides or is found' in a district when it is subject to personal jurisdiction within that district."  *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d. Cir. 2019).  Many districts outside the Second Circuit have adopted the Second Circuit's interpretation of the phrase "resides or is found" as used in Section 1782.  *See, e.g., In re Tovmasyan*, 557 F. Supp. 3d 348, 354 (D. P.R. Aug. 20, 2021); *Ex parte Under 28 U.S.C. § 1782 to Take Discovery from Américo Fialdini Junior*, No. 21-mc-7-WJM-NYW, 2021 WL 253455 (D. Colo. Jan. 26, 2021); *Matter of de Leon*, No. 19-mc-0197 (TSC), 2020 WL 1047742 (D. D.C. Mar. 4, 2020).[1]  When Windhorst moved to intervene in this § 1782 proceeding as a party to assert his claims and defenses, he waived his right to object to personal jurisdiction or whether he "is found" in the Southern District of Indiana.  *See, e.g., County Sec. Agency v. Ohio Dept. of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002) ("A motion to intervene is fundamentally incompatible with an objection to personal jurisdiction.")

Windhorst intervened as a "party" in this matter under Fed. R. Civ. P. 24(b), and he has been provided with the right to participate in the discovery, which is physically taking place in this district, under Fed. R. Civ P. 45.  Thus, as a party to this proceeding through his own actions, Windhorst can be compelled to travel more than one hundred miles from where he resides to be deposed in this district.  While Windhorst is not currently represented by counsel, he has

---

[1] However, the Fourth Circuit has declined to follow the Second Circuit's approach, at least in the context of a corporation.  *See, e.g., In re Eli Lilly & Co.*, 37 F.4th 160, 163 (4th Cir. 2022) (a corporation requires actual presence to be "found" in a district).

designated his prior lawyers in Indiana both to participate in the litigation of matters in Indiana and to conduct activities in Indiana. Thus, this requirement is also satisfied.

### B. Section 1782 Discretionary Factors

The Court must also consider whether any of the additional discretionary factors bear consideration or weigh against granting Sabag's supplemental request for discovery. These factors include:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent;
>
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
>
> (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4) whether the request is unduly intrusive or burdensome.

*Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241, 264-65 (2004).

Here, each discretionary factor weighs in favor of granting Sabag's request to depose Windhorst. First, Windhorst is not a participant in the reasonably contemplated foreign proceeding, but rather is the non-participant target of those investigations. Thus, this factor weighs in favor of Sabag's request. Second, the Court previously determined that the U.K. criminal agencies would be receptive to any evidence that would indicate whether Windhorst committed a crime under U.K. laws. [Filing No. 80, at ECF p. 7.] Third, the Court has no evidence that Sabag's request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Windhorst previously claimed that Sabag was using his § 1782 discovery request to gain information to use in an

unrelated ICDR arbitration taking place in New York. However, Sabag's motion indicates that Sabag entered into a settlement agreement with Track Group, Sapinda Asia Limited (BVI), and Windhorst to resolve that arbitration. [Filing No. 98, at ECF p. 2.] Conversely, Sabag indicates that he is still pursuing criminal remedies against Windhorst in the U.K. Finally, the request is not unduly intrusive or overly burdensome. The Court previously ruled that Sabag's request for discovery from MCCC would not be unduly intrusive or overly burdensome. [Filing No. 89, at ECF p. 7.] This supplemental request is similarly acceptable given that Windhorst has sought to intervene and the Court already has a protective order in place that will apply to his deposition. Windhorst has not raised any objection or concerns with Sabag's discovery request to the Court.

Accordingly, Sabag's supplemental request for discovery meets the requirements set forth in 28 U.S.C. § 1782. In addition, the discretionary factors support granting his request. Accordingly, Sabag's supplemental request to take Windhorst's deposition is granted. [Filing No. 98.]

**IV.    Conclusion**

For these reasons, Sabag's request to depose Windhorst is granted. [Filing No. 98.] The deposition shall occur at a mutually acceptable time within 45 days, in Indiana, and may be videotaped. Given the protective order that is currently in place, the use of the deposition is limited to the foreign proceeding in contemplation at the time of Sabag's application.

Date: 12/15/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email