UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: | ) |
| The Application of: | ) |
|  | ) Case No.: 1:19-mc-00084-JPH-TAB |
| ELI SABAG, for an Order Pursuant to | ) |
| 28 U.S.C. § 1782 to Conduct Discovery | ) |
| for Use in Foreign Proceedings. | ) |

**APPLICANT ELI SABAG'S NOTICE OF STATUS
OF COMPLIANCE WITH DOCKET ENTRY 105**

Applicant, Eli Sabag ("Sabag"), through counsel, hereby tenders his notice on the status of the parties' compliance with the Court's Order issued on December 15, 2022, under Docket Entry 105. In support of that Notice, Sabag states as follows:

1. On December 15, 2022, this Court issued its Order granting Sabag permission to take the deposition of Lars Windhorst ("Windhorst") "at a mutually acceptable time withing 45 days, in Indiana, and may be videotaped. Given the protective order that is currently in place, the use of the deposition is limited to the foreign proceeding in contemplation at the time of Sabag's application." (Doc. 105, p. 6).

2. On December 29, 2022, undersigned counsel tendered a Notice of Video Deposition and Subpoena to Testify at Deposition on January 27, 2023, via UPS Worldwide Express (and via email) directly to Windhorst. Undersigned counsel also sent a copy of the same materials via UPS Worldwide Express (and via email) to Windhorst "care of" Peter Calamari.[1] A

---

[1] Although Windhorst is a *pro se* party in this matter, his withdrawing local counsel provided both the names of Windhorst and Peter Calamari ("Calamari") as their contact parties. They explained to this Court that "Mr. Windhorst is represented to be Chief Executive Officer of Tennor Holding B.V., and Mr. Calamari is represented to be General Counsel and Chief Administrative Officer of Tennor Holding, B.V." (Doc. 100, ¶ 2; Doc. 101). Out an abundance of caution, Sabag has included Calamari in all communications. Nonetheless, it is well established that *pro se* litigants are not excused from compliance with procedural rules. *See McNeil v. United States,* 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never

1

true and accurate copy of the correspondence is attached hereto as **Exhibit A** and **Exhibit B**. UPS provided Proofs of Delivery, indicating that Calamari was served on January 3, 2023, and Windhorst was served on January 4, 2023.[2] A true and accurate copy of the UPS Proofs of Delivery is attached hereto as **Exhibit C**.

3. Undersigned counsel expressly stated in his communications to Windhorst that, "[i]f you are not available on January 27, 2023, please propose a different agreeable date for your deposition to occur on or before January 29, 2023." *See* Exhibit B. Neither Windhorst nor Calamari responded.

4. Undersigned counsel reached out to Windhorst and Calamari again via emails on January 13, 2023 and January 17, 2023. A true and accurate copy of that correspondence is attached hereto as **Exhibit D** and **Exhibit E**. Neither, Windhorst nor Calamari responded to either email, although we understand that Calamari has, within the last week, initiated new communications with Sabag's old arbitration counsel at Reed Smith (regarding Sabag) while purporting to represent Windhorst and Windhorst's offshore entity.

5. In executing this Court's Order in good faith, Sabag has now tendered multiple communications to ensure Windhorst's appearance for deposition in Indiana within the time allotted by the Court, while also providing Windhorst with ample opportunity to cooperate in selecting a mutually acceptable date.

6. At this time of filing, Windhorst has not responded to any of the communications, and Windhorst has not suggested any alternative dates to the January 27, 2023 date as set forth in

---

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

[2] The package tendered to Calamari was signed for by "Lars." *See* Exhibit C, p. 1.

Sabag's notice.  Therefore, Sabag is undertaking the costs of preparing for Windhorst's deposition to be held on January 27, 2023.

7. Should Windhorst fail to appear, in person, at the deposition noticed for January 27, 2023, Sabag anticipates seeking sanctions and/or all other available remedies from this Court.

Dated: January 20, 2023

        Respectfully submitted,

        *Offer Korin*
        Offer Korin, No. 14014-49
        Brooke Smith, No. 32427-03
        STOLL KEENON OGDEN PLLC
        334 N. Senate Avenue
        Indianapolis, IN  46204
        Office:  317-464-1100; Fax:  317-464-1111
        offer.korin@skofirm.com
        brooke.smith@skofirm.com

        Courtney Caprio [Admitted *pro hac vice*]
        AXS LAW GROUP, PLLC
        2121 NW Second Avenue, Suite 201
        Miami, FL  33127
        Office:  305-297-1873; Fax:  305-397-2336
        courtney@axslawgroup.com

        *Counsel for Movant Eli Sabag*

## CERTIFICATE OF SERVICE

  I hereby certify that on **January 20, 2023**, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system.

| | |
|---|---|
| Sean Tyler Dewey<br>Michael A. Wukmer<br>Meredith Wood<br>ICE MILLER LLP | sean.dewey@icemiller.com<br>michael.wukmer@icemiller.com<br>meredith.wood@icemiller.com |

  I further certify that a copy of the foregoing was sent *via e-mail* and *VIA UPS WORLDWIDE EXPRESS*, postage pre-paid to the following:

| | |
|---|---|
| Lars Windhorst<br>Tennor Holding B.V.<br>6th Floor, 23 Savile Row<br>London W1S 2ET<br>United Kingdom<br>lars.windhorst@tennor.com<br>**1Z FA5 182 66 7624 3233** | Lars Windhorst<br>c/o Peter Calamari<br>Tennor Holding B.V.<br>6th Floor, 23 Savile Row<br>London, England W1S2ET<br>United Kingdom<br>Peter.Calamari@tennor.com<br>**1Z FA5 182 66 7656 2442** |

        *Offer Korin*
        Offer Korin