UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| The Application of: ) | |
| ) | Case No.: 1:19-mc-00084-JPH-TAB |
| ELI SABAG, for an Order Pursuant to ) | |
| 28 U.S.C. § 1782 to Conduct Discovery ) | |
| for Use in Foreign Proceedings. ) | |

**APPLICANT ELI SABAG'S MOTION FOR
ORDER TO SHOW CAUSE ON CIVIL CONTEMPT FOR LARS
WINDHORST'S FAILURE TO COMPLY WITH DOCKET ENTRY 105**

Applicant, Eli Sabag ("Sabag"), through counsel, hereby moves this Court to order Lars Windhorst ("Windhorst") to personally appear before this Court to show cause for his failure to attend a deposition pursuant to this Court's Order on Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782 ("Deposition Order"). Should this Court hold Windhorst in contempt, Sabag requests that this Court order sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii). (Doc. 105). In support of this Motion, Sabag states as follows:

**I.      Factual and Procedural History**

1.      On December 15, 2022, this Court issued its Deposition Order granting Sabag permission to take the deposition of Windhorst "at a mutually acceptable time withing 45 days, in Indiana, and may be videotaped" for use in the foreign criminal matter against Windhorst in the United Kingdom. (Doc. 105, p. 6).

2.      On January 20, 2023, Sabag filed his Notice of Status of Compliance with the Court's Deposition Order (copying Windhorst via UPS Worldwide Express and email), stating that:

   a.   Undersigned counsel served Windhorst with a Notice of Video Deposition and Subpoena to Testify at Deposition on December 29, 2022. (Doc. 106, ¶ 2);

1

    b. Undersigned counsel sent subsequent written communications to Windhorst, on January 13, 2023 and January 17, 2023 inviting him to engage in a dialogue to confirm a mutually acceptable time for his deposition. (Doc. 106, ¶ 2-4);

    c. Windhorst made no effort to communicate with counsel concerning his deposition or otherwise contest his deposition. (Doc. 106., ¶ 5-6);

    d. Sabag had undertaken the cost and expenses of preparing for Windhorst's deposition as scheduled, including the cost and expense of obtaining a court reporter and videographer. (Doc. 106., ¶ 6); and;

    e. Sabag anticipates seeking sanctions and/or all other available remedies from this Court should Windhorst fail to appear, in person, at the deposition noticed for January 27, 2023. (Doc. 106, ¶ 7).

3. Undersigned counsel was made aware that Peter Calamari ("Calamari"), an attorney working on behalf of Windhorst in other matters, had been in recent contact with Sabag's old arbitration counsel at the law firm of Reed Smith and had even attempted to try to negotiate Windhorst's way out of the deposition. (Doc. 106, ¶ 4).

4. Reed Smith, which had not participated in any way in this Section 1782 proceeding, refused to speak to Calamari regarding Windhorst's deposition and instructed Calamari that any discussions regarding the deposition should be made directly with undersigned counsel.

5. Separate from Calamari's contact with Reed Smith (and after Sabag filed his Notice of Status of Compliance with the Court's Deposition Order), undersigned counsel learned that Windhorst's foreign legal counsel reached out to Sabag's foreign legal counsel (not involved with this proceeding) to further attempt to negotiate his way out of the deposition.

6. Sabag's foreign legal counsel admonished Mr. Windhorst's legal counsel for inappropriately raising Section 1782 issues with that counsel, and such counsel directed Windhorst to communicate any issues regarding this Section 1782 proceeding with undersigned counsel.

7. Neither Windhorst, Calamari, nor any other counsel on Windhorst's behalf ever contacted undersigned counsel about Windhorst's deposition or his unavailability on January 27, 2023, at 9:00 a.m. This Court ordered such contact.

8. On January 27, 2023, at 9:00 a.m., undersigned counsel stood ready with a court reporter and videographer to take Windhorst's deposition. *See* **Exhibit A**.

9. At 9:45 a.m., undersigned counsel made a record of Windhorst's failure to appear at the deposition. *See* Exhibit A.

10. The forty-five (45) day window provided by this Court to Windhorst to make himself available for a deposition has now passed.

11. Undersigned counsel is not aware of any reason why Windhorst could not appear at his deposition or why his appearance should be excused.

**II.   The Court should issue an order to show cause on whether Windhorst should be found in contempt of the Deposition Order and should be sanctioned accordingly.**

This Court should issue an order to require Windhorst to appear in person and show cause for his contempt of the Deposition Order. Rule Fed. R. Civ. P. 37(b)(2)(A)(vii) permits the Court to treat a party's "failure to obey any order" as contempt of court. In order to establish civil contempt, the Court must find:

> by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

*U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

Those factors are clearly met here. The Deposition Order sets forth a clear and unambiguous command for Windhorst to sit for a deposition in Indiana at a mutually acceptable time withing 45 days. (Doc. 105, p. 6). Windhorst knowingly failed to make any effort to communicate with (or respond to) undersigned counsel regarding a mutually acceptable date, and he ultimately failed to appear for his deposition when provided substantial advanced notice of a specific date with the 45 day period ordered by this Court. *See* Ex. A. Windhorst was aware of this Court's Order and the deposition notice and subpoena, but purposefully chose not to communicate with undersigned counsel when provided ample opportunity to do so.

**III.  This Court should sanction Windhorst with a fee to compensate Sabag for his losses as well as order fines to ensure Windhorst's attendance at a future deposition.**

Should this Court find Windhorst to be in contempt of the Deposition Order, it should issue sanctions to (1) compensate Sabag for the expenses and preparation for the deposition that Windhorst failed to attend and (2) ensure Windhorst's appearance at a future deposition. "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience…" *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). A contempt fine is considered "civil and remedial" if it coerces the errant party into compliance with the court's order or compensates the complaining party for the losses it sustained. "In contrast with criminal contempt, a court may punish civil contempt by both a fine and imprisonment." *In re Grand Jury Proceedings*, 280 F.3d 1103, 1109-10 (7th Cir. 2002) (citations and quotations omitted).

In this circumstance, the Court's sanctions should consider the nature of the case. Specifically, 28 U.S.C. § 1782 represents a special proceeding whose only purpose is to promote discovery in support of a foreign proceeding.

> District Courts are given considerable discretion [in Section 1782 cases] under the Federal Rules of Civil Procedure to specify the conditions for discovery. One of the primary ways of enforcing these conditions is through the power to impose fees and sanctions. Without this authority, it would be difficult for the Court to follow through on one of Section 1782's primary aims: to provide efficient means of assistance to participants in international litigation in our federal courts.

*In re MTS Bank, Open Joint Stock Co.*, 2021 WL 271525, * 4, (S.D. Fla. Jan. 27, 2021) (citations omitted).

Sabag sustained damages in preparing for and attending a deposition that Windhorst ignored, including fees related to retaining a court reporter and videographer for the deposition and attorneys' fees preparing for and attending the deposition that did not occur.

Section 1782 would seemingly lose all relevance if the target of a Section 1782 order could simply ignore the order. Windhorst intervened in this proceeding to make himself a "party" to successfully secure certain protections from this Court. Now, Windhorst must adhere to his obligations to this Court. To the extent that Windhorst does not show proper cause for his conduct, the Court should re-issue its order requiring Windhorst to appear for deposition in Indiana in the near future and impose fines (*e.g.*, daily per diem fine) and/or other sanctions that will affirmatively coerce Mr. Windhorst to attend and properly participate in the deposition.

WHEREFORE, Sabag respectfully requests this Court to issue an order to Windhorst to personally appear and show cause for his contempt of the Court's order issued under Docket Entry 105. Sabag also requests that this Court sanction Windhorst for ignoring the Court's order, failing to appear at his properly noticed deposition, and provide any other just and proper relief.

Dated: February 1, 2023

                                                Respectfully submitted,

                                                *Offer Korin*
                                                Offer Korin, No. 14014-49
                                                Brooke Smith, No. 32427-03
                                                STOLL KEENON OGDEN PLLC

>334 N. Senate Avenue
>Indianapolis, IN 46204
>Office: 317-464-1100; Fax: 317-464-1111
>offer.korin@skofirm.com
>brooke.smith@skofirm.com
>
>Courtney Caprio [Admitted *pro hac vice*]
>AXS LAW GROUP, PLLC
>2121 NW Second Avenue, Suite 201
>Miami, FL 33127
>Office: 305-297-1873; Fax: 305-397-2336
>courtney@axslawgroup.com
>
>*Counsel for Movant Eli Sabag*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system.

| | |
|---|---|
| Sean Tyler Dewey | sean.dewey@icemiller.com |
| Michael A. Wukmer | michael.wukmer@icemiller.com |
| Meredith Wood | meredith.wood@icemiller.com |
| ICE MILLER LLP | |

I further certify that on February 1, 2023 a copy of the foregoing was sent *via e-mail* and *VIA UPS WORLDWIDE EXPRESS*, postage pre-paid to the following:

| | |
|---|---|
| Lars Windhorst<br>Tennor Holding B.V.<br>6th Floor, 23 Savile Row<br>London W1S 2ET<br>United Kingdom<br>lars.windhorst@tennor.com<br>**1Z FA5 182 66 7875 3723** | Lars Windhorst<br>c/o Peter Calamari<br>Tennor Holding B.V.<br>6th Floor, 23 Savile Row<br>London, England W1S2ET<br>United Kingdom<br>Peter.Calamari@tennor.com<br>**1Z FA5 182 66 7817 2333** |

>*Offer Korin*
>Offer Korin