UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re:<br>The Application of:<br><br>ELI SABAG, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Case No.: 1:19-mc-00084-JPH-TAB |

## DECLARATION OF LARS WINDHORST

Pursuant to 28 U.S.C. § 1746, I, Lars Windhorst, declare as follows:

1. I submit this declaration in support of my Motion to Vacate Under Fed. R. Civ. P. 55 and 60(b), and Alternatively Rule 72(a) Objection to, the Court's Order on Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782 (Doc. 105) and for leave to file an opposition to Applicant Eli Sabag's Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782, and, in the Alternative, Motion to Stay Pending Resolution of the Parties' Arbitration (the "Motion to Vacate the Deposition Order"). I also submit this declaration in support of my Motion to Vacate or Modify Under Fed. R. Civ. P. 60(b) the Court's Order to Show Cause Why Sanctions Are Not Appropriate (Doc. 108), and, in the Alternative, Motion to Stay Pending Adjudication of my Motion to Vacate Under Fed. R. Civ. P. 55 and 60(b), and Alternatively Rule 72(a) Objection to, the Court's Order on Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782 and/or Pending Resolution of the Parties' Arbitration (the "Motion to Vacate the OSC"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Vacate the Deposition Order, Motion to Vacate the OSC, and accompanying memorandum of law.

1

2.	I am a citizen of Germany and I currently work in the United Kingdom.[1]

3.	I am a party to a settlement agreement, dated June 10, 2022, as amended July 11, 2022 ("Settlement Agreement"). Applicant Eli Sabag is also a party to the Settlement Agreement. I have attached a true and accurate copy of the Settlement Agreement as **Exhibit 1** to this Declaration.

4.	After Mr. Sabag and I executed the Settlement Agreement, I started the process for arraigning the payment I was required to make to Mr. Sabag by the Settlement Agreement. I have attached a true and accurate copy of correspondence between Mr. Sabag's attorneys and Mr. Peter Calamari (general counsel of one of my companies), dated June 28, 2022, as **Exhibit 2** to this Declaration.

5.	Unfortunately, I faced administrative issues with my bank, including my bank account being frozen, which created significant liquidity problems for me. Mr. Sabag and I thus agreed on July 11, 2022 to amend the Settlement Agreement to extend my deadline to make the settlement payment until August 1, 2022 in exchange for a $50,000 increase in the amount of the settlement payment. I have attached a true and accurate copy of the Amendment to the Settlement Agreement as **Exhibit 3** to this Declaration.

6.	Three days later, on July 14, 2022, this Court ordered that "[t]he clerk shall close this case on the docket." Doc. 97 at 10. I received and read the Court's July 14, 2022 order shortly after it was entered. I understood the Court's July 14, 2022 order to mean that Mr. Sabag's 1782 Action would be closed such that there would be no further proceedings.

7.	In July 2022, Mr. Sabag, through his attorneys, continued to regularly inquire as to when I would be able to make the settlement payment. I have attached a true and accurate copy

---

[1] Given the nature of my work, I also work in other jurisdictions.

2

of an email from Mr. Sabag's attorney to Mr. Calamari, dated July 26, 2022, as **Exhibit 4** to this Declaration; a true and accurate copy of correspondence between Mr. Calamari and Mr. Sabag's attorney, dated July 30, 2022, as **Exhibit 5** to this Declaration.

8. By August 1, 2022, the administrative issues with my bank were not resolved so I could not wire the multi-million dollar settlement payment. The next day, Mr. Sabag filed in the ICDR Arbitration Mr. Sabag's Motion to Enforce as Amended Against Respondents Sapinda Asia Limited and Lars Windhorst and for Immediate Entry of Summary Award ("Mr. Sabag's Motion to Enforce"), which I understood to mean that Mr. Sabag intended to abide by our Settlement Agreement. I have attached a true and accurate copy of Mr. Sabag's Motion to Enforce as **Exhibit 6** to this Declaration.

9. After Mr. Sabag filed Mr. Sabag's Motion to Enforce, his attorneys repeatedly reached out to Mr. Peter Calamari for payment. I have attached a true and accurate copy of correspondence between Sabag's attorneys and Mr. Calamari, dated August 5, 2022, as **Exhibit 7** to this Declaration; a true and accurate copy of correspondence between Sabag's attorneys and Mr. Calamari, dated August 9, 2022, as **Exhibit 8** to this Declaration; a true and accurate copy of correspondence between Sabag's attorneys and Mr. Calamari, dated August 10, 2022, as **Exhibit 9** to this Declaration; a true and accurate copy of the transaction request form and related correspondence from Eurambank, dated August 9, 2022, as **Exhibit 10** to this Declaration.

10. Mr. Sabag prevailed on his Motion to Enforce, obtaining a summary award requiring me to make the settlement payment with interest. I have attached a true and accurate copy of the Settlement Enforcement Award, dated August 17, 2022, as **Exhibit 11** to this Declaration. I have also attached a true and accurate copy of the Final Award, dated November 7, 2022, as **Exhibit 12** to this Declaration

11. After this, Mr. Sabag's attorneys continued to repeatedly reached out Mr. Calamari for payment. I have attached a true and accurate copy of correspondence between Mr. Sabag's attorneys and Mr. Calamari, dated September 7, 2022, as **Exhibit 13** to this Declaration.

12. In October 2022, I found out that Mr. Sabag filed the Supplementary Request in this proceeding. Doc. 98. On the day Mr. Sabag filed the Supplementary Request my prior counsel, Sidley Austin LLP and Hoover Hull Turner LLP, informed me that they would not continue to represent me.

13. I did not immediately hire new counsel for several reasons. At the outset, I was facing liquidity issues and could not afford new counsel. I also did not expect the Court to entertain the Supplementary Request because I understood the case had already been closed pursuant to the Court's July 15 Order. Additionally, my focus was to resolve my liquidity issues so I could fund the settlement payment and ultimately resolve the parties' dispute while avoiding burdening the Court and the Arbitrator with further litigation and arbitration.

14. Even after Mr. Sabag filed the Supplementary Request in this proceeding, Mr. Sabag's attorneys continued to reach out to Mr. Calamari for payment. I have attached a true and accurate copy of the email from Mr. Sabag's attorney to Mr. Calamari, dated November 23, 2022, as **Exhibit 14**.

15. Throughout this entire period of time, I was committed and focused on resolving my liquidity and financial circumstances to fund the settlement and satisfy the awards to resolve the parties' dispute.

16. It caught me by surprise when, in late December 2022, the Court sent me an order dated December 15, 2022 granting Mr. Sabag's Supplementary Request and stating that a "deposition shall occur at a mutually acceptable time." Doc. 105 at 6. Yet I still believed Mr.

4

Sabag would abide by the Settlement Agreement and dismiss this case if I could make the payment I owed him.  I therefore kept my efforts focused on making the payment.

17. I also did not expect that, on February 1, 2022, Mr. Sabag would file his Motion for OSC.  I never agreed to set an "acceptable time," and, indeed, around this time Mr. Sabag's counsel and my lawyers were communicating about the outstanding payment to Mr. Sabag, which I was attempting to complete but faced some administrative issues, such as for example one of the wires bouncing due to Mr. Sabag's receiving account not accepting the currency denomination of the outbound wire I have attached a true and accurate copy of correspondence between Mr. Sabag's counsel and Mr. Calamari from January 3, 2023 to February 10, 2023, as **Exhibit 15** to this Declaration.

18. I was finally able to successfully wire the payment on February 8, 2023. *See* Ex. 15 at 1, 3 (Mr. Sabag's attorneys confirming receipt of the payment).  I have attached a true and accurate copy of the bank receipt of this wire transfer as **Exhibit 16** to this Declaration.

19. I then retained Quinn Emanuel Urquhart & Sullivan LLP on February 10, 2023 for the purpose of communicating with Mr. Sabag's Indiana counsel about executing a joint stipulation of dismissal of this proceeding pursuant to the Settlement Agreement.

I declare under penalty of perjury under the laws of the State of Indiana and the United States that the foregoing is true and correct.

Executed on March 9, 2023 in London, United United Kingdom.

_____

Lars Windhorst