**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re:<br>The Application of:<br><br><br>ELI SABAG, for an Order Pursuant to 28<br>U.S.C. § 1782 to Conduct Discovery for Use<br>in Foreign Proceedings. | Case No.: 1:19-mc-00084-JPH-TAB |

**DECLARATION OF LUCAS BENTO**

I, Lucas Bento, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1.      I am an attorney duly admitted to practice in New York.  I am Of Counsel in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Lars Windhorst ("Mr. Windhorst") in this matter.

2.      I submit this declaration in support of Mr. Windhorst's Motion to Vacate Under Fed. R. Civ. P. 55 and 60(b), and Alternatively Rule 72(a) Objection to, the Court's Order on Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782 (Doc. 105) and for leave to file an opposition to Applicant Eli Sabag's Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782, and, in the Alternative, Motion to Stay Pending Resolution of the Parties' Arbitration (the "Motion to Vacate the Deposition Order").  I also submit this declaration in support of Mr. Windhorst's Motion to Vacate or Modify Under Fed. R. Civ. P. 60(b) the Court's Order to Show Cause Why Sanctions Are Not Appropriate (Doc. 108), and, in the Alternative, Motion to Stay Pending Adjudication of Mr. Windhorst's Motion to Vacate Under

1

Fed. R. Civ. P. 55 and 60(b), and Alternatively Rule 72(a) Objection to, the Court's Order on Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782 (Doc. 105) and/or Pending Resolution of the Parties' Arbitration (the "Motion to Vacate the OSC"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Motion to Vacate the Deposition Order, Motion to Vacate the OSC, and accompanying memorandum of law.

3.      My law firm was retained to represent Mr. Windhorst on February 10, 2023.

4.      On February 15, 2023, I called Mr. Sabag's Indiana counsel to inform him that my firm represented Mr. Windhorst. On that call, I also informed Mr. Sabag's Indiana counsel that Mr. Windhorst wired the settlement payment on February 8, 2023. I then requested that, in light of the Settlement Agreement and Mr. Windhorst's February 8, 2023 payment, Mr. Sabag's Indiana counsel dismiss this proceeding.

5.      On the February 15, 2023 call, Mr. Sabag's Indiana counsel told me that he would need some time to confer with Mr. Sabag because, *inter alia*, Mr. Sabag's mother had recently passed.

6.      In an effort to respect what must undoubtedly been a difficult time for Mr. Sabag (and in observance of the Jewish Shiva 7-day period), I agreed to give Mr. Sabag's Indiana counsel time to confer with Mr. Sabag, and I agreed that we touch base the following week. I also proposed whether it would make sense to file a letter with the Court advising of the parties' conferral on this issue but Mr. Sabag's Indiana counsel advised me that the filing of letters are not permitted in this District and that in any event he would need to confer with his client first.

7.      The following week, on February 21 and 22, 2023, I contacted Mr. Sabag's Indiana counsel by email for an update. On February 22, 2023, Mr. Sabag's Indiana counsel stated Mr.

Sabag's intention was to depose Mr. Windhorst.  I have attached a true and correct copy of this email correspondence as **Exhibit A** to this Declaration.

8.      On February 23, 2023, I spoke with Mr. Sabag's Indiana counsel over the telephone to better understand Mr. Sabag's position in an effort to avoid further litigation or arbitration while offering to compensate Mr. Sabag for his reasonable legal fees incurred in preparing for the deposition and his motion for an order to show cause.

9.      On February 27, 2023, Mr. Sabag, through his Indiana counsel, stated that  "[a]t this time" he is "committed to depose Mr. Windhorst."  I have attached a true and correct copy of this email correspondence as **Exhibit B** to this Declaration.

10.      On March 2, 2023, I sent a letter to Mr. Sabag's counsel.  In that letter, I once again repeated Mr. Windhorst's request for Mr. Sabag dismiss this proceeding in accordance with the parties' Settlement Agreement, and I asked Mr. Sabag's Indiana counsel to provide a proposed joint stipulation of dismissal by March 3, 2023 with a view to having it filed on March 6, 2023.  I have attached a true and correct copy of my March 2, 2023 letter as **Exhibit C** to this Declaration.

11.      Mr. Sabag's Indiana counsel has not responded to my March 2, 2023 letter.

12.      On March 6, 2023, on behalf of Mr. Windhorst, I filed a motion to enforce the Settlement Agreement in the ICDR Arbitration proceeding based on Mr. Sabag's failure to dismiss this above-captioned proceeding ("§ 1782 Action").  Mr. Windhorst, through this motion, requests that the arbitrator order Mr. Sabag to dismiss this  § 1782 Action and compensate Mr. Windhorst for his attorneys' fees incurred in continuing to litigation this § 1782 Action.  I have attached a true and correct copy of Mr. Windhorst's Motion to Enforce the Settlement Agreement as **Exhibit D** to this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 9, 2023.

New York, New York

_____
Lucas Bento