UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| The Application of: ) | |
| ) | Case No.: 1:19-mc-00084-JPH-TAB |
| ELI SABAG, for an Order Pursuant to ) | |
| 28 U.S.C. § 1782 to Conduct Discovery ) | |
| for Use in Foreign Proceedings. ) | |

**APPLICANT ELI SABAG'S EMERGENCY MOTION TO ORDER LARS WINDHORST TO STAY NEW ARBITRATION AND EMERGENCY RELIEF THEREIN**

Applicant Eli Sabag moves this Court to order the intervening party, Lars Windhorst ("Mr. Windhorst"), to stay his newly filed arbitration and his request for emergency relief before the International Centre for Dispute Resolution ("ICDR") which seeks to have Mr. Sabag force this Court to stay enforcing its outstanding orders (with the intent to later force Mr. Sabag to dismiss this action). On March 6, 2023, Mr. Windhorst initially filed a (non-emergency) motion with the ICDR in the "closed" arbitration (Case No. 01-20-0003-6931) that sought to require Mr. Sabag to dismiss this Section 1782 Proceeding. The ICDR rejected that claim, finding that (1) the purported settlement agreement on which Mr. Windhorst relied required that any enforcement action be filed in Case No. 01-20-0003-6931 and (2) Case No. 01-20-0003-6931 was closed in November 2022. A true and accurate copy of the correspondence from the ICDR is attached hereto as **Exhibit A**.

In response to the ICDR's rejection of Mr. Windhorst's filing, Mr. Windhorst filed a new arbitration and requested the ICDR to appoint an emergency arbitrator to force Mr. Sabag to stipulate to a stay of this Section 1782 Proceeding while Mr. Windhorst prepares a second arbitration claim that seeks to force Mr. Sabag to dismiss this Section 1782 Proceeding. The emergency arbitrator already has been appointed, and he lacks any facts or knowledge of this Section 1782 Proceeding. Furthermore, the emergency arbitrator and the ICDR lack any

1

jurisdiction to proceed, as the parties provided in the settlement agreement only to arbitrate any enforcement actions in the then-current proceeding (Case No. 01-20-0003-6931). The only real "emergency" for Mr. Windhorst is that he wishes to evade this Court's show cause hearing in Indiana on April 11, 2023 by presenting the frivolous argument that a settlement agreement (deemed null and void by the original ICDR arbitrator in a written final award) is still valid. Mr. Windhorst's true goal is to use his position to force months of costly arbitration while telling this Court that it no longer has jurisdiction to enforce its own show cause order against Mr. Windhorst. Mr. Windhorst even seeks, through his emergency stay, to prevent Mr. Sabag from making his planned submissions to this Court to respond to Mr. Windhorst's recent motions to vacate.

In response to Mr. Windhorst's newest filing with the ICDR, Mr. Sabag requests emergency relief from this Court to ensure that his right to respond to Mr. Windhorst's recent filings to this Court are not infringed by Mr. Windhorst's improper request for "emergency" arbitration. If the emergency arbitrator grants Windhorst's motions, Mr. Sabag will be placed in the untenable position of either waiving his meritorious arguments to Mr. Windhorst's motions or being in violation of the emergency arbitration orders requiring that he "stipulate" to not respond. The ICDR has confirmed it will follow an order from this Court staying Mr. Windhorst from proceeding there. This Court should enter its order immediately to permit the parties the ability to finish briefing the issues raised by Mr. Windhorst (which address all the issues he raises in his new arbitration) and allow this Court to adjudicate his pending motions before this Court.

In support of this Emergency Motion, Mr. Sabag states as follows:

1. This Court entered an order on December 15, 2022, permitting Mr. Sabag to take Mr. Windhorst's deposition. (Doc. 105). Mr. Windhorst failed to comply with that Order by failing to select a mutually acceptable date for his deposition and failing to appear at a properly

subpoenaed deposition. (Doc. 108). This Court then issued its Order to Show Cause, setting this matter for a hearing on April 11, 2023 in which Mr. Windhorst must appear and show cause for his contempt of this Court's orders. (Doc. 108).

2. After this Court issued its Order to Show Cause, new counsel appeared on behalf of Mr. Windhorst and filed motions to vacate this Court's Orders ("Motions to Vacate") and to stay these proceedings pending an ICDR determination of whether Mr. Windhorst's claims have any validity. (Doc. 115, Doc. 116, Doc. 117). Mr. Windhorst predicated his motion to stay on his assertions that: (1) the parties had a settlement agreement in the original arbitration matter that required that any disputes thereunder must be submitted under ICDR case number 01-20-0003-693 (Doc. 15, p. 24); (2) Mr. Windhorst believes that Mr. Sabag's pursuit of discovery in this Section 1782 Proceeding violates the settlement agreement from the original arbitration (Doc. 15, p. 23); and (3) Mr. Windhorst has filed a "motion to enforce" the settlement agreement with the ICDR (Doc. 115, p. 10). As stated above, the ICDR has refused to accept Mr. Windhorst's "motion to enforce" under Case Number 01-20-0003-693 because the case was closed pursuant to a final award issued on November 7, 2022.

3. To be clear, Mr. Sabag intends to file timely responses to Mr. Windhorst's Motions to Vacate and Motion to Stay on or before March 23, 2023, demonstrating that the original ICDR arbitrator, when issuing his partial and final awards, dismissed any and all rights that Mr. Windhorst may have had in his settlement agreement (as amended) after Mr. Windhorst breached its terms.

4. However, before Mr. Sabag's deadline to respond to Mr. Windhorst's Motions in this Court, and before this Court has had an opportunity to adjudicate those Motions, Mr. Windhorst filed a new ICDR arbitration and requested emergency relief (purporting it to be filed

3

under the old ICDR case number) by paying a new arbitration filing fee and requesting the appointment of an emergency arbitrator under a new ICDR case number. The ICDR did not accept Mr. Windhorst's second attempted filings in ICDR Case Number 01-20-0003-693, but instead opened a new arbitration when it was presented with a filing fee and a new Notice of Claim. Mr. Windhorst's new request for emergency relief from the ICDR is as follows:

> 68.1 Until further order by the Emergency Arbitrator or a tribunal duly constituted in these proceedings, Mr. Sabag shall execute and file a joint stipulation by April 3, 2023 in the 1782 Action with Mr. Windhorst to stay the Court's March 1, 2023 Order to Show Cause (and for a continuance of the related April 11, 2023 hearing) pending adjudication of this dispute by a tribunal duly constituted in these proceedings;
>
> 68.2 Alternatively, until further order by the Emergency Arbitrator or a tribunal duly constituted in these proceedings, Mr. Sabag shall execute and file a joint stipulation by April 3, 2023 in the 1782 Action with Mr. Windhorst to hold the deposition subpoena directed at Mr. Windhorst in abeyance pending adjudication of this dispute by a tribunal duly constituted in these proceedings;

A true and accurate copy of that motion is attached hereto as **Exhibit B**. A quick briefing schedule is already being set by the emergency arbitrator who seeks to have an emergency hearing on **March 28, 2023** and seeks to have Mr. Sabag to respond to the emergency motion this week.

5.   Mr. Windhorst bases his request for emergency relief from the ICDR on the likelihood he will face supposed "irreparable harm" if this Court is allowed to enforce its own prior Orders by (1) holding Mr. Windhorst in contempt for disobeying this Court's prior Orders and (2) rescheduling Mr. Windhorst's deposition as previously ordered by this Court. Ex. B. In other words, the request presumes that this Court should be prohibited from making its own determinations regarding its own Orders.

6.   Judge Hanlon previously has ruled, when deciding whether this Court should defer to the judgment of the original ICDR arbitrator regarding the admissibility of Section 1782

discovery in Mr. Sabag's old ICDR arbitration, that "having authorized the legal process under § 1782 that required production of discovery to Mr. Sabag, the Court [not the arbitrator] retains authority over how and where that discovery may be used." (Doc. 97, p. 6) (parenthetical added). By the same token, only this Court has the authority to alter its proceedings here, not an emergency arbitrator. District courts "possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process."[1]

7. Nothing in Mr. Windhorst's newly filed, improper arbitration can usurp this Court's authority to enforce its own orders. Indeed, the Supreme Court held just last term that pro-arbitration policy does not trump a federal court's procedures.[2]

8. Mr. Windhorst not only has waived his right to arbitrate his new claims with the ICDR after failing to raise his arbitration claims in a timely manner with this Court to respond to Mr. Sabag's Supplementary Request for Discovery (Doc. 98) and Motion for Order to Show Cause (Doc. 107)[3] but he also has waived his right to arbitrate by voluntarily asking this Court to grant

---

[1] *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018).

[2] *See Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022) (finding that the FAA does not authorize federal courts to create arbitration-specific procedural rules requiring a finding of harm before a party could waive its right to arbitration because (1) the FAA's policy favoring arbitration was not a basis for such a rule and (2) specific language in 9 U.S.C. § 6 directs courts to apply the usual federal procedural rules, including any rules relating to a motion's timeliness).

[3] The Seventh Circuit has ruled, in the context of determining whether a party has waived its rights to arbitration, that lower district courts should ask, "did the party seeking arbitration ... do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?" *Smith v. GC Servs. Ltd. P'ship*, 907 F.3d 495, 499 (7th Cir. 2018) (citing *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995). Mr. Windhorst ignored Mr. Sabag's Supplemental Motion to depose him, and he also ignored Mr. Sabag's Motion for an Order to Show Cause.

him additional substantive relief under Section 1782 in accordance with federal law.[4]  Clearly, Mr. Windhorst's motion for emergency relief is nothing more than an attempt to (1) delay and circumvent this Court's ability to enforce its own discovery and contempt orders; (2) circumvent this Court's authority to manage its own docket; and (3) forum shop for a new adjudicator that will delay this matter and further injure Mr. Sabag by requiring him to engage in an expensive, duplicative, and improper second international arbitration.

9.  The ICDR lacks jurisdiction in any event.  The parties only provided jurisdiction to the ICDR in their (now void) settlement agreement to conduct an arbitration under Case Number 01-20-0003-693.  The original arbitrator then issued final awards in Case Number 01-20-0003-693, which were not vacated, and that arbitration is finished.  The ICDR's rejection of Mr. Windhorst's first attempt to obtain relief from this Court's Orders represents an unambiguous agreement with that position.  Any new arbitrator has no jurisdiction to provide relief to Mr. Windhorst, as the parties' agreement to arbitrate was limited and the exercise of jurisdiction would violate the doctrine of *functus officio*, making any award subject to vacatur pursuant to 9 U.S.C. § 10(a)(3).[5]

10.  Until this Court has had the opportunity to hear and adjudicate Mr. Windhorst's Motions to Vacate and Motion to Stay to determine whether Mr. Windhorst's is merely exhibiting

---

[4] *See Magallanes Inv., Inc. v. Circuit Systems, Inc.*, 994 F.2d 1214, 1218 (7th Cir. 1993) ("Here the parties have waived any right to arbitrate the existence of this contract in England by choosing to contest the issue under Illinois law in federal court. Since they now prefer Illinois litigation to English arbitration, so be it."); *see also Morgan*, 142 S. Ct. 1708.

[5] *Chi. Reg'l Council of Carpenters v. Unique Casework Installations, Inc*., 2015 U.S. Dist. LEXIS 135628 (N.D, Ill. Oct. 5, 2015) (arbitrator exceeded authority and violated *functus officio* doctrine when he entered supplemental award after entry of final award); *LJL 33rd St. Assocs., LLC v. Pitcairn Props*., 725 F.3d 184 (2d Cir. 2013) ("'[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co*., 363 U.S. 574, 582, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960)).

6

more contemptuous conduct to evade this Court's orders, this Court should use its inherent authority to order Mr. Windhorst to stay or postpone any further attempts to interfere with this Court's jurisdiction over its own docket.

WHEREFORE, Mr. Sabag respectfully requests this Court to order Mr. Windhorst to stay any further activities with the ICDR until this Court determines otherwise.

                                                Respectfully submitted,

                                                *Offer Korin*
Offer Korin, No.: 14014-49
Brooke Smith, No. 32427-03
STOLL KEENON OGDEN PLLC
334 N. Senate Avenue
Indianapolis, IN  46204
Office:  317-464-1100; Fax:  317-464-1111
offer.korin@skofirm.com
brooke.smith@skofirm.com

Courtney Caprio [Admitted *pro hac vice*]
AXS LAW GROUP, PLLC
2121 NW Second Avenue, Suite 201
Miami, FL  33127
Office:  305-297-1873; Fax:  305-397-2336
courtney@axslawgroup.com

*Counsel for Applicant Eli Sabag*

**CERTIFICATE OF SERVICE**

  I hereby certify that on **March 20, 2023**, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system.

| | |
|---|---|
| Sean Tyler Dewey<br>Michael A. Wukmer<br>Meredith Wood<br>ICE MILLER LLP<br>*Counsel for Track Group* | sean.dewey@icemiller.com<br>michael.wukmer@icemiller.com<br>meredith.wood@icemiller.com |
| Ann O'Connor McCready<br>TAFT STETTINIUS & HOLLISTER LLP<br>*Counsel for Lars Windhorst* | amccready@taftlaw.com |
| Gavin S. Frisch [PHV]<br>Lucas V.M. Bento [PHV]<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>*Counsel for Lars Windhorst* | gavinfrsich@quinnemanuel.com<br>lucasbento@quinnemanuel.com |

              *Offer Korin*
              Offer Korin