UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re:<br>The Application of:<br><br>ELI SABAG, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Case No.: 1:19-mc-00084-JPH-TAB |

## SUPPLEMENTAL DECLARATION OF LUCAS BENTO

I, Lucas Bento, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1. I am an attorney duly admitted to practice in New York. I am Of Counsel in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Lars Windhorst ("Mr. Windhorst") in this matter.

2. I submit this supplemental declaration in support of Mr. Windhorst's Motion to Vacate Under Fed. R. Civ. P. 55 and 60(b), and Alternatively Rule 72(a) Objection to, the Court's Order on Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782 (Doc. 105) and for leave to file an opposition to Applicant Eli Sabag's Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782, and, in the Alternative, Motion to Stay Pending Resolution of the Parties' Arbitration (the "Motion to Vacate the Deposition Order" (Doc. 115)). I also submit this declaration in support of Mr. Windhorst's Motion to Vacate or Modify Under Fed. R. Civ. P. 60(b) the Court's Order to Show Cause Why Sanctions Are Not Appropriate (Doc. 108), and, in the Alternative, Motion to Stay Pending Adjudication of Mr. Windhorst's Motion to Vacate Under

1

Fed. R. Civ. P. 55 and 60(b), and Alternatively Rule 72(a) Objection to, the Court's Order on Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782 (Doc. 105) and/or Pending Resolution of the Parties' Arbitration (the "Motion to Vacate the OSC" (Doc. 116)). I further submit this declaration in support of Mr. Windhorst Motion for Administrative Interim Stay (the "Motion for Interim Stay" (Doc. 117)). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Motion to Vacate the Deposition Order, Motion to Vacate the OSC, the Motion for Interim Stay, and accompanying memorandum of law.

3. In my first Declaration (Doc. 119 at ¶ 12), dated March 9, 2023, I stated the following:

> *On March 6, 2023, on behalf of Mr. Windhorst, I filed a motion to enforce the Settlement Agreement in the ICDR Arbitration proceeding based on Mr. Sabag's failure to dismiss this above-captioned proceeding ("§ 1782 Action"). Mr. Windhorst, through this motion, requests that the arbitrator order Mr. Sabag to dismiss this § 1782 Action and compensate Mr. Windhorst for his attorneys' fees incurred in continuing to litigation this § 1782 Action. I have attached a true and correct copy of Mr. Windhorst's Motion to Enforce the Settlement Agreement as **_Exhibit D_** to this Declaration.*

4. On March 10, 2023, after the submission of my first Declaration and the filing of Mr. Windhorst's Motion to Enforce the Settlement Agreement, I received an email from Mr. Rafael Carmona, a director at the American Arbitration Association's International Centre for Dispute Resolution ("ICDR"). Mr. Carmona informed me the prior arbitration between Mr. Sabag and Mr. Windhorst, Case No. 01-20-0003-6931, "was closed as per our closing letter of November 7, 2023 [sic]." Mr. Carmona the instructed me that "any new claim under the settlement agreement will require the filing of a new case which will need to comply with the corresponding filing requirements, including payment of the corresponding initial filing fee and the existence of

2

arbitration agreement under which the claims are made." I have attached a true and correct copy of Mr. Carmona's March 10, 2023 email as **Exhibit E** to this Declaration.

5. At the time I filed Mr. Windhorst's Motion to Enforce the Settlement Agreement, I did not know the prior arbitration proceeding had been closed. The November 7, 2022 letter referenced by Mr. Carmona does not mention the parties' prior arbitration proceeding having been "closed." I have attached a true and correct copy of the ICDR's November 7, 2022 letter as **Exhibit F** to this Declaration.

6. Indeed, by filing Mr. Windhorst's Motion to Enforce the Settlement Agreement in the prior proceeding, I was complying with the express language of the Settlement Agreement, which requires "[a]ny issue or dispute relating to the creation, execution, interpretation, performance, or breach of this Agreement shall be submitted to the American Arbitration Association International Centre for Dispute Resolution under case number 01-20-0003-693."[1]

7. In any event, we have complied with Mr. Carmona's instructions in his March 10, 2023 email by initiating a new arbitration proceeding with the ICDR. Specifically, on March 16, 2023, our firm filed on Mr. Windhorst's behalf a Notice of Arbitration and Statement of Claim and an Application for Emergency Relief pursuant to Article 7 of the ICDR Rules. Our firm, at the American Arbitration Association's ("AAA") request, also mailed copies of the exhibits and legal authorities cited in Mr. Windhorst's Notice of Arbitration and Statement of Claim and Application for Emergency Relief to the AAA's case filing department in Voorhees, New Jersey. I have attached a true and correct copy of the ICDR's proof of filing, dated March 16, 2023, and our corresponding emails to casefiling@adr.org, dated March 16, 2023, to initiate the new arbitration proceeding as **Exhibit G** and **Exhibit H** to this Declaration.

---

[1] Settlement Agreement at ¶ 13.

8. Just like Mr. Windhorst's Motion to Enforce the Settlement Agreement, Mr. Windhorst's Notice of Arbitration and Statement of Claim requests that the arbitrator order Mr. Sabag to dismiss this proceeding as required by the Settlement Agreement. I have attached true and correct copies of Mr. Windhorst's Notice of Arbitration and Statement of Claim and Mr. Windhorst's Application for Emergency Relief as **Exhibit I** and **Exhibit J**, respectively, to this Declaration.

9. On March 17, 2023, the AAA provided written confirmation of receipt of Mr. Windhorst's Notice of Arbitration and Statement of Claim and Application for Emergency Relief and set an initial administrative conference for March 24, 2023. The AAA also provided written confirmation that it appointed Mr. Paul Klaas as the emergency arbitrator to consider Mr. Windhorst's requests for emergency relief. Mr. Klaas has proposed a briefing schedule that concludes with a hearing on March 28, 2023. I have attached true and correct copies of the AAA's March 17, 2023 correspondence as **Exhibit K** and **Exhibit L**, respectively, to this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 20, 2023.

New York, New York

*Lucas Bento*
Lucas Bento

4