# INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
Emergency Arbitrator

---

Lars Windhorst,

        Claimant,

v.                                                  ICDR Case No. 01-23-0001-0936

Eli Sabag,

        Respondent.

---

## PROCEDURAL ORDER NO. 1

    I, THE UNDERSIGNED EMERGENCY ARBITRATOR, having been duly appointed by the International Centre for Dispute Resolution (ICDR), a division of the American Arbitration Association (AAA), pursuant to Article 7 of the International Dispute Resolution Procedures ("ICDR Rules"), hereby set forth the schedule to be followed in this emergency proceeding, unless and until it is stayed by Court order:

**I. The Parties**

    **Claimant:** Lars Windhorst

    **Claimant is represented by:**

    Lucas V. M. Bento
    Quinn Emanuel Urquhart & Sullivan LLP
    51 Madison Avenue
    Floor 22
    New York, NY. 10010

    **Respondent:** Eli Sabag

    **Respondent is represented by:**

    Edward M. Mullins
    Reed Smith LLP
    200 South Biscayne Boulevard
    Floor 26
    Miami, FL. 33131

    Claimant and Respondent are referred to collectively as the "Parties."

**II. The Emergency Arbitrator**

    Paul Klaas
    North Coast Arbitration Chambers
    309 Meadow Lane South
    Minneapolis, MN 55416


EXHIBIT C

### III.       The Procedural History of this Arbitration [ICDR Case No. 01-23-0001-0936]

On March 16, 2023, Claimant filed with the ICDR a Notice of Arbitration on the basis of an arbitration clause set out in paragraph 13 of the Confidential Settlement Agreement and Mutual Release, dated June 10, 2022, between the Parties.

On March 16, 2023, Claimant filed with the ICDR an Application for Emergency Relief (the "Application").

On March 17, 2023, the ICDR appointed me as the Emergency Arbitrator to rule on Claimant's Application. The ICDR gave the Parties until March 20 at 5:00 p.m. ET to raise any concerns about my independence or impartiality.

On March 18, 2023, I sent an email message to counsel, citing Article 7(3) of the ICDR Rules and proposing a schedule for considering Claimant's Application, but offering to accommodate (as possible) any schedule agreed to by counsel. I proposed that Respondent's Response to Claimant's Application be submitted by March 23; that Claimant's Reply be submitted by March 27; and that the Application be heard on March 28.

In my March 18, 2023 email message, I also informed the Parties that I would issue no orders until after the deadline to raise concerns about my independence or impartiality had passed, but that, if no concerns were raised, I intended to issue a scheduling order on March 20 at 6:00 p.m.

On March 20, 2023, at 2:00 p.m. ET, Respondent's counsel Mr. Mullins sent an email message to me, with copies to Claimant's counsel and the ICDR, asking that any action in this arbitration be held in abeyance until the United States District Court for the Southern District of Indiana has ruled on Respondent's "Emergency Motion to Order Lars Windhorst to Stay New Arbitration and Emergency Relief Therein." Mr. Mullins attached a copy of the Emergency Motion papers to his March 20 email message.

Mr. Mullins also stated in his March 20, 2023 email message that he could not comply with the schedule I proposed in my March 18 email message to counsel, but that, if required, he could submit a brief on or after March 28 and could appear at a hearing during the week of April 3.

On March 20, 2023 shortly after 5:00 p.m., I was informed by the ICDR that there were no concerns expressed by the Parties as to my independence or impartiality.

On March 20, 2023, at 5:37 p.m. ET, Claimant's counsel Mr. Bento sent an email message to me, with copies to Respondent's counsel and the ICDR. In essence, Mr. Bento stated (accurately) that the only issue before me at the moment is scheduling, not the merits. Mr. Bento urged that I proceed with the schedule I proposed in my March 18 email message to counsel.

On March 20, 2023, shortly after 6:00 p.m., I issued this Procedural Order No. 1.

### IV.       The Federal Court Action

I have been advised by both Parties that an Order to Show Cause hearing is scheduled to be heard by the United States District Court of the Southern District of Indiana on April 11, 2023.

I understand that Respondent's motion to stay this arbitration was filed with the Court on March 20, 2023, but, to the best of my knowledge, Respondent's motion has not been granted or denied by the Court.

If Respondent's motion is granted, this arbitration will be stayed immediately, pending further order from the Court.

Meanwhile, though, I have no choice but to follow the ICDR Rules.

**V.      The Schedule**

Article 7(3) of the ICDR Rules provides that "[t]he emergency arbitrator shall as soon as possible, and in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard and may provide for proceedings by telephone, video, written submissions, or other suitable means, as alternatives to an in-person hearing...."

In his Application for Emergency Relief in this arbitration, Claimant stated that "emergency relief before April 3 2023 is necessary to avoid irreparable harm to Mr. Windhorst, because after the Tribunal issues the interim award, Mr. Sabag will need another week to prepare and file a joint stipulation in the 1782 action."

Given Mr. Mullins's pre-existing commitments, and, in any event, because I believe that a joint stipulation could be prepared and filed in less than a week (if a need for such a joint stipulation were to arise), the schedule for hearing Claimant's application for emergency relief can be altered to accommodate Mr. Mullins.

Therefore…

Unless and until this arbitration is stayed by order of the United States District Court for the Southern District of Indiana, the following schedule shall be followed:

1. By 5:00 p.m. ET on March 28, 2023, Respondent shall submit its Response to the Application.

2. By 5:00 p.m. ET on March 31, 2023, Claimant shall submit its Reply.

3. All Parties' submissions and any attachments thereto as well as any related correspondence from the Parties shall simultaneously be transmitted by email to the other side, me, and the ICDR.

4. I will hear oral argument of Counsel for the Parties by Zoom videoconference on April 4, 2023, starting at 9:00 a.m. ET.  Each side may make a short opening statement and any supplemental points in support of their respective positions regarding the Application.  I will circulate a Zoom invitation, and the ICDR and will circulate a Notice of Emergency Hearing in due course.  Mr. Windhorst and Mr. Sabag may join and observe the videoconference, but I will hear only from their counsel.

5. I will render a reasoned decision, pursuant to Article 7(4) ICDR Rules, as soon as reasonably possible after the oral argument.

6. No time extensions will be granted with respect to the foregoing schedule, except for good cause shown, as determined by me in my discretion, or as ordered by the Court, or as agreed by the Parties.

7. I may, at my own initiative, vary this Order if I consider that the circumstances so require for the proper consideration of the Application.

March 20, 2023                    _____/s/_____
                                  Paul Klaas, Emergency Arbitrator