

**FILED HIGH COURT TERRITORY OF THE VIRGIN ISLANDS**

The Insolvency Act 2003
The Insolvency Rules 2005

# Originating Application (Company)

Rule 14

**Form R14A**

**Submitted Date:06/10/2022 17:06**

**Filed Date:07/10/2022 08:30**

**Fees Paid:811.84**

| THE EASTERN CARIBBEAN SUPREME COURT IN THE HIGH COURT OF JUSTICE VIRGIN ISLANDS COMMERCIAL DIVISION | |
|---|---|
| Matter No: | CLAIM NO. BVIHC (COM) [     ] of 2022 |
| Applicant: | ELI SABAG |
| Respondent: | SAPINDA ASIA LIMITED |

**IN THE MATTER OF:**

SAPINDA ASIA LIMITED

AND

IN THE MATTER OF SECTIONS 159(1)(a) AND 162(1)(a) OF THE BVI INSOLVENCY ACT, 2003 (as amended)

*For Court Use Only*

To: **SAPINDA ASIA LIMITED**, of Start Chambers, Wickhams Cay II, PO Box 2221, Road Town, Tortola, British Virgin Islands

This application will be heard by the Judge on the          day of ….………………….., 2022 at a time to be specified in the Final Court List for the Commercial Division for the period in question.

If you do not attend at the time shown the Court may make an order in your absence.

We, Conyers Dill & Pearman, on behalf of the Applicant, Mr Eli Sabag (**"Mr Sabag"** or the **"Applicant"**), hereby applies to the Court pursuant to Sections 159(1)(a), 162(1)(a) and 162(2)(b) of the BVI Insolvency Act, 2003 (as amended) (the "**Act**") for an order that:

1) Roy Bailey and Joel Edwards ("**the Liquidators**") of the firms Ernst & Young Ltd

1



EXHIBIT E

    located at Ritter House, Wickhams Cay 2, Road Town, Tortola, British Virgin Islands VG1110 and EY Bermuda Ltd., 3 Bermudiana Road, Hamilton HM08, Bermuda respectively, be appointed as joint and several liquidators of Sapinda Asia Limited ("**the Company**"), pursuant to the BVI Insolvency Act, 2003 (as amended).

2) The Liquidators shall have the powers necessary to carry out the functions and duties of a liquidator under the Act and the powers conferred on them by the Act.

3) The powers of the Liquidators listed at paragraphs 2(a) to 2(e) of the draft Order shall only be exercisable with the sanction of the Court and the powers of the Liquidators listed at paragraphs 2(f) to 2(p) of the draft Order shall be exercisable without the sanction of the Court.

4) The costs of the liquidation including the proper fees and disbursements of the Liquidators are to be paid out of the assets of the Company, in priority to all other claims.

5) The Applicant is to be paid the costs of this Application, out of the assets of the Company in priority to the unsecured creditors of the Company.

A draft of the order sought is attached.

The grounds upon which the Applicant seeks the order may be summarized as follows, and are more fully set out in the Affidavit of Mr. Eli Sabag:

1) The Company was incorporated in the BVI on August 24, 2010. The registered office of the Company is located at Start Chambers, Wickhams Cay II, PO Box 2221, Road Town, Tortola, British Virgin Islands.

2) The Applicant is a creditor of the Company in the amount of US$2,850,000 ("**the Debt**"). The Debt arose by virtue of the Company's default of its obligations under a Settlement Agreement dated 10 June 2022 (as amended on 11 July 2022) (the **"Settlement Agreement"**).

3) The Settlement Agreement was negotiated and concluded in order to settle claims brought by Mr Sabag against (i) Track Group Inc, (ii) the Company, and (iii) Mr Lars Windhorst, the Company's ultimate beneficial owner (**"Mr Windhorst"**) in an ICDR Arbitration seated in New York, case number 01-20-0003-6931 (the **"ICDR Arbitration"**).

4) Pursuant to the Settlement Agreement, the Company and Mr Windhorst were jointly and severally liable to pay Mr Sabag US$2,800,000 by 24 June 2022 in full and final settlement of the claims in the ICDR Arbitration. Mr Windhorst and the Company failed to make payment within the time stipulated by the Settlement Agreement.

5) By amendment to the Settlement Agreement dated 11 July 2022, Mr. Sabag granted Mr Windhorst and the Company an extension of time to pay until 1 August 2022, and the payment amount was increased to US$2,850,000 (the **"Amendment"**). The Amendment provided further that if the Company and Mr Windhorst fail to meet the extended deadline, Mr Sabag had the right to seek an immediate summary international arbitration award and that Mr Windhorst and the Company shall not contest whether the payment under the Settlement Agreement is due and owing.

6) Mr Windhorst and the Company failed to make the payment by 1 August 2022. On 2 August 2022, Mr Sabag filed a motion to enforce the Settlement Agreement and sought a summary arbitration award from the arbitral tribunal. On 17 August 2022, the tribunal issued an award in which it found, declared and awarded that, inter alia, (the **"Arbitration Award"**):

   a) The Company and Mr Windhorst are in breach of the Settlement Agreement; and
   b) The Company and Mr Windhorst are liable to and shall pay Mr Sabag the sum of US$2,850,000.

7) The Company has acknowledged the Debt, which it does not dispute, and has stated its intention to pay via correspondence from its US counsel to the arbitral tribunal and to Mr Sabag's US counsel. Notwithstanding the Company's stated intention to pay the Debt, the Debt remains unpaid as at the date of this application.

8) By reason of the above (and the matters more fully set out in the evidence in support of this application) the Company is insolvent on the basis that it is unable to pay its debts as they fall due (pursuant to section 8(1)(c)(ii) of the Act).

9) In view of the Company's insolvency, the Applicant makes this application for the appointment of a liquidator over the Company. To the best of the Applicant's information and belief, Roy Bailey and Joel Edwards are eligible to act as insolvency practitioners in relation to the Company and have consented to do so. The Liquidators' Consents to Act are exhibited to the affidavit of Mr Sabag.

10) In all the circumstances, it would be just for Roy Bailey and Joel Edwards to be appointed as joint and several liquidators of the Company.

The names and addresses of the persons on whom it is intended to serve the application are as follows: The Company

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows: The Company

This application is filed by Conyers Dill & Pearman, the Legal Practitioners for the Applicant whose address for service is at Commerce House, Wickhams Cay 1, P.O. Box 3140, Road Town, Tortola, British Virgin Islands.

Dated the 6th day of October 2022

**Conyers Dill & Pearman**
Per:

………………………....
Alecia Johns
**Legal Practitioners for the Applicant**

4

The Insolvency Act 2003
The Insolvency Rules 2005

# Originating Application (Company)

| THE EASTERN CARIBBEAN SUPREME COURT IN THE HIGH COURT OF JUSTICE VIRGIN ISLANDS COMMERCIAL DIVISION |
|---|

**ELI SABAG**
<u>APPLICANT</u>

-AND-

**SAPINDA ASIA LIMITED**
<u>RESPONDENT</u>

**IN THE MATTER OF:**

| SAPINDA ASIA LIMITED AND IN THE MATTER OF SECTIONS 159(1)(a) AND 162(1)(a) OF THE BVI INSOLVENCY ACT, 2003 (as amended) |
|---|

Conyers Dill & Pearman
Legal Practitioners for the Applicant
Commerce House
Wickhams Cay 1
Road Town
Tortola
British Virgin Islands
VG1110
Tel: +1 284 852 1000
Fax: +1 284 852 1001
Mark.Forte@conyers.com
Alecia.Johns@conyers.com
Ben.Mellett@conyers.com