Case Number :BVIHCOM2022/0172

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

**FILED**
**HIGH COURT**
**TERRITORY OF**
**THE VIRGIN ISLANDS**

CLAIM NO. BVIHC (COM) 0172 of 2022

**Submitted Date:06/12/2022 13:08**

IN THE MATTER OF SAPINDA ASIA LIMITED

**Filed Date:06/12/2022 13:09**

AND IN THE MATTER OF SECTIONS 159(1)(a) AND 162(1)(a) OF THE BVI INSOLVENCY ACT, 2003

**Fees Paid:72.59**

BETWEEN:

ELI SABAG

**Applicant**

-and-

SAPINDA ASIA LIMITED

**Respondent**

---

**ORDER**

---

**BEFORE:** The Honourable Mr Justice Gerhard Wallbank

**DATED:** 5 December 2022

**ENTERED:** 7 December 2022

**UPON THE ORIGINATING APPLICATION** filed by the Applicant on 7 October 2022 ("**Application**"), seeking appointment of a liquidator, pursuant to Sections 159(1)(a), 162(1)(a) and 162(2)(b) of the Insolvency Act 2003, coming on for hearing;

**AND UPON** the following documents in support of the Application: the Affidavit of Eli Sabag and Exhibit ES-1 dated 7 October 2022; the Affidavit of Eldore Estridge and Exhibit EE-1 dated 11 October 2022; and the Affidavit of Charles Goldblatt and Exhibit CG-1 dated 24 November 2022.

**AND UPON HEARING** Dr Alecia Johns, of Counsel, of Conyers Dill & Pearman for the Applicant and Mr Benjamin Mellett appearing with her; and there being no appearance for the Respondent, Sapinda Asia Limited

**AND UPON** the Court being satisfied that Sapinda Asia Limited was duly served with the Application and on notice of the hearing

**IT IS HEREBY ORDERED THAT:**

1) Roy Bailey of the firm Ernst & Young Ltd located at Ritter House, Wickhams Cay 2, Road Town, Tortola, British Virgin Islands VG1110 and Joel Edwards of the firm EY Bermuda Ltd., 3 Bermudiana Road, Hamilton HM08, Bermuda ("**the Liquidators**"), be appointed as joint


EXHIBIT F

and several liquidators of Sapinda Asia Limited (the **"Company"**), pursuant to the BVI Insolvency Act, 2003 (as amended).

2) The Liquidators shall have all the powers necessary to carry out the functions and duties of a liquidator under Schedule 2 of the BVI Insolvency Act, 2003 (as amended) ("**the Act**"), including the following:

   a) Power to pay any class of creditors in full.

   b) Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Company, whether present or future, certain or contingent, ascertained or not.

   c) Power to compromise, on such terms as may be agreed

      (i) calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and

      (ii) questions in any way relating to or affecting the assets or the liquidation of the company;

      and take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

   d) Power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Company.

   e) Power to carry on the business of the Company so far as may be necessary for its beneficial liquidation.

   f) Power to sell or otherwise dispose of property of the Company.

   g) Power to do all acts and execute, in the name and on behalf of the Company, any deeds, receipts or other document.

   h) Power to use the Company's seal.

   i) Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

   j) Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business.

    k) Power to borrow money, whether on the security of the assets of the company or otherwise.

    l) Power to take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company.

    m) For the purpose of enabling the liquidator to take out letters of administration or do any other act under this paragraph, to be due to the liquidator himself.

    n) Power to call meetings of creditors or members for

        (i) the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

        (ii) the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation; or

        (iii) such other purpose connected with the liquidation as the liquidator considers fit.

    o) Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

    p) Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

3) The powers of the Liquidators listed at paragraphs 2(a) to 2(e) shall only be exercisable with the sanction of the Court and the powers of the Liquidators listed at paragraphs 2(f) to 2(p) shall be exercisable without the sanction of the Court.

4) The costs of the liquidation including the proper fees and disbursements of the Liquidators are to be paid out of the assets of the Company, in priority to all other claims.

5) The Applicant is to be paid the costs of this Application, out of the assets of the Company in priority to the unsecured creditors of the Company.

BY THE COURT

_[signature]_

Dep. REGISTRAR

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO. BVIHC (COM) 0172 of 2022

IN THE MATTER OF SAPINDA ASIA LIMITED

AND IN THE MATTER OF SECTIONS 159(1)(a) AND 162(1)(a) OF THE BVI INSOLVENCY ACT, 2003

BETWEEN:

**ELI SABAG**
<u>Applicant</u>

-and-

**SAPINDA ASIA LIMITED**
<u>Respondent</u>

___

**ORDER**

___

Conyers Dill & Pearman
Legal Practitioners for the Applicant
Commerce House
Wickhams Cay 1
Road Town
Tortola
British Virgin Islands
VG1110
Tel: +1 284 852 1000
Fax: +1 284 852 1001
<u>Mark.forte@conyers.com</u>
<u>Alecia.Johns@conyers.com</u>
<u>Ben.Mellett@conyers.com</u>

4