UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re:<br>The Application of:<br><br>ELI SABAG, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Case No.: 1:19-mc-00084-JPH-TAB |

**LARS WINDHORST'S EXPEDITED MOTION FOR STAY OF SANCTIONS PENDING RESOLUTION OF OBJECTIONS**

Lars Windhorst ("Mr. Windhorst"), through counsel, hereby moves this Court to enter an interim stay of its April 21, 2023 order (the "Sanctions Order," Doc. 141)[1] to the extent the Sanctions Order imposes sanctions on Mr. Windhorst pending resolution of Mr. Windhorst's contemporaneously filed Rule 72(a) Objections to the Sanctions Order, Order on Supplementary Request for Discovery in Accordance with 28 U.S.C. § 1782 ("Deposition Order," Doc. 105), and Order to Show Cause Why Sanctions Are Not Appropriate ("OSC Order," Doc. 108) ("Mr. Windhorst's Rule 72(a) Objections").  Mr. Windhorst hereby further moves that this Court consider Mr. Windhorst's Motion to Stay on an expedited basis.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Irving Materials, Inc. v. Zurich Am. Ins. Co.*, 2008 WL 1971468, at *2 (S.D. Ind. May 5, 2008) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  Courts in this

---

[1] Specifically, the Magistrate Judge sanctioned Mr. Windhorst to pay Applicant Eli Sabag (Mr. Sabag) his "attorneys' fees and costs related to the filing of that motion, the time and effort spent in connection with the deposition, and attending the April 11 hearing." Doc. 141 at 7.  The Magistrate Judge directed the parties to "resolve these costs on their own," and held that in the case the parties are unable to do so, Mr. Sabag may file a motion for fees with the Court within 21 days of the Sanctions Order. *Id.*

1

District "consider[] three factors to determine the appropriateness of a stay: '(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *Joyner v. Tyson Foods, Inc.*, 2007 WL 9751846, at *1 (S.D. Ind. May 3, 2007) (quoting *Azar v. Merck & Co.*, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006)).

First, a stay will not substantially prejudice Mr. Sabag, especially in light of Mr. Sabag being contractually bound to dismiss, release, and not pursue this proceeding, *see* Doc. 118-1 [Settlement Agreement], and the Sanctions Order granting Mr. Windhorst's alternative motion to stay the Deposition Order pending resolution of the parties' arbitration.  Doc. 141 at 9-10.  At the April 11, 2023 hearing, Mr. Sabag's counsel represented the only prejudice Mr. Sabag has suffered from Mr. Windhorst's delay has been "extra costs" and vague and unsubstantiated "personal harm."  Doc. 139 at 34:6-35:1.  Yet the immediate payment of these "extra costs" do not appear to be important to Mr. Sabag, as he refused Mr. Windhorst's offer in February 2023 to compensate him for his fees and costs related to the filing of the motion for an order to show cause and the deposition.  Doc. 119 [Bento Decl.] ¶¶ 8-9.

Second, Mr. Windhorst will suffer substantial and irreparable hardship absent a stay.  Mr. Sabag has directly put Mr. Windhorst's reputation at issue, framing Mr. Windhorst as a serial promise-breaker, *see* Doc. 141 at 4 (Mr. Windhorst "is well-known around the world for evading debts and breaching payment terms of settlement agreements") (quoting Doc. 126 [Sabag Opp.] at 14), despite Mr. Windhorst making payment to Mr. Sabag as soon as he was able to resolve his liquidity issues.  *Id.* at 8-9; *see also* Doc. 118 [Windhorst Decl.] ¶¶ 13-18.  The imposition of sanctions exacerbates this reputational harm, which courts have recognized is a typical form of irreparable injury.  *See City of Chi. v. Sessions*, 264 F. Supp. 3d 933, 949 (N.D. Ill. 2017), *aff'd*,

888 F.3d 272 (7th Cir. 2018) ("Injury to reputation … is not easily measurable in monetary terms, and so often is deemed irreparable.") (citing *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 680 (7th Cir. 2012)). Indeed, courts have generally recognized that sanctions cause reputational harm to the sanctioned party. *See Brown v. Pierce Mfg., Inc.*, 169 F.R.D. 118, 119 (E.D. Wis. 1996) ("Beyond the monetary impact, sanctions impugn [the sanctioned party]'s reputation and challenge the [sanctioned party's] integrity."); *DR Distribs. v. 21 Century Smoking, Inc.*, 2022 WL 5245340, at *7 (N.D. Ill. Oct. 6, 2022) (acknowledging sanctions order of attorneys' fees resulted in reputational harm to the sanctioned party). Moreover, as explained in Mr. Windhorst's contemporaneously filed Rule 72(a) Objections, (at p. 33-34), the Magistrate Judge lacked authority to order sanctions as Rule 37 sanctions are considered "dispositive" in the Seventh Circuit, thereby requiring a report and recommendation from the magistrate judge. Given these circumstances, Mr. Windhorst has established he will suffer substantial hardship in the form of reputational harm absent a stay of sanctions.

Finally, a stay would conserve judicial resources related to adjudicating Mr. Sabag's motion for fees. It appears likely Mr. Sabag and Mr. Windhorst will not reach an agreement on the amount of money the Sanctions Order awarded to Mr. Sabag,[2] (Doc. 141 at 7, 10), which will presumably result in Mr. Sabag filing a motion for fees by May 15, 2023. *See id.* at 7.[3] If the Court ultimately sustains Mr. Windhorst's Rule 72(a) Objections, any dispute over attorneys' fees may be rendered moot. Indeed, since Mr. Windhorst has called the Court's subject matter jurisdiction into question, which "has the potential to eliminate the case in this court altogether,"

---

[2] The parties have been conferring but have not reached any agreement.

[3] As Mr. Sabag will presumably be filing his motion for fees within the next week, Mr. Windhorst requests the Court consider his Motion on an expedited basis in order to minimize further costs being incurred in this case. *See Joyner*, 2007 WL 9751846, at *1 (granting motion to expedite concurrently filed motion to stay).

a stay will simplify the issues in question and conserve resources while the Court considers Mr. Windhorst's Rule 72(a) Objections. *Soares v. Meeks*, 2021 WL 5748438, at *3 (S.D. Ind. Oct. 4, 2021) (granting motion to stay pending resolution of motion to dismiss based on Rule 12(c)(1)); *see also U.S. ex rel. Glaser v. Wound Care Consultants, Inc.*, 2007 WL 2934885, at *1 (S.D. Ind. Oct. 5, 2007) (granting "motion to stay discovery pending the Court's ruling on [defendants'] motion to dismiss for lack of subject matter jurisdiction"). Thus, if the Court enters a stay, both the parties and the court may ultimately conserve resources by avoiding adjudication of a potentially moot issue. *See, e.g.*, *Joyner*, 2007 WL 9751846, at *2 (granting motion to stay as it "would conserve the judicial resources of this Court and would be in the best interests of both parties in conserving their resources as well."); *GEFT Outdoor, L.L.C. v. City of Westfield, Hamilton Cnty., Indiana*, 2020 WL 6047910, at *4 (S.D. Ind. Oct. 13, 2020) (granting in part motion to stay to "preserve the time and resources" of the Court).

For the foregoing reasons, the Court should stay the Sanctions Order to the extent it imposes sanctions on Mr. Windhorst until this Court resolves Mr. Windhorst's contemporaneously filed Rule 72(a) Objections.

WHEREFORE, Mr. Windhorst respectfully requests this Court to issue an order staying the Sanction Order pending resolution of Mr. Windhorst's contemporaneously filed Rule 72(a) Objections.

DATED: May 8, 2023     */s/ Ann O'Connor McCready*
Ann O'Connor McCready, Atty. No. 32836-53
Taft Stettinius & Hollister LLP
One Indiana Square, Ste. 3500
Indianapolis, IN 46204

(317) 713-3500
ammcready@taftlaw.com

*/s/ Lucas V.M. Bento*
Lucas V.M. Bento (New York Bar No. 4907986)
lucasbento@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave. 22d Floor
New York, NY 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100

Gavin S. Frisch (Mass. Bar No. 704216)
gavinfrsich@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Ave, Ste. 520
Boston, MA 02199
Telephone: (617) 712-7100
Fax: (617) 712-7200

*Attorneys for Lars Windhorst*