UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| APPLICATION OF ELI SABAG, FOR AN ) | No. 1:19-mc-00084-JPH-TAB |
| ORDER PURSUANT TO 28 U.S.C. § 1782 TO ) | |
| CONDUCT DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDINGS ) | |
| ) | |

**ORDER ON LARS WINDHORST'S EXPEDITED MOTION FOR STAY OF SANCTIONS PENDING RESOLUTION OF OBJECTIONS**

Intervenor Lars Windhorst seeks an interim stay of the April 21, 2023, order sanctioning Windhorst pending resolution of Windhorst's contemporaneously filed Rule 72(a) objections to that order. [Filing No. 144.] Windhorst argues a stay will not substantially prejudice Applicant Eli Sabag, that he suffer substantial and irreparable hardship absent a stay, and that a stay would conserve judicial resources related to adjudicating Sabag's motion for fees.[1] Sabag opposes the motion, accusing Windhorst of continuing "to engage in more gamesmanship which should be further sanctioned[.]" [Filing No. 147, at ECF p. 1.]

First, the parties dispute what standard of review applies to Windhorst's motion for a stay of the sanctions order. Windhorst noted the Court's broad discretion to stay proceedings and cited to the three-factor test noted in *Joyner v. Tyson Foods, Inc.*, No. 1:07-cv-0141-LJM-TAB, 2007 WL 9751846, at *1 (S.D. Ind. May 3, 2007):

> [T]he Court considers three factors to determine the appropriateness of a stay: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that

---

[1] Windhorst advises the Court that while the parties have conferred on the issue of fees, they have not reached any agreement and it appears unlikely they will do so. [Filing No. 144, at ECF p. 3.]

>would be saved by avoiding duplicative litigation if the cases are in fact consolidated."

(Internal citation and quotation marks omitted)).  Sabag argues that this standard does not apply, because *Joyner* "involved a stay of a 'proceeding' based on this Court's inherent authority to manage its own docket[,]" whereas Windhorst is actually seeking a stay of a payment obligation "pending appeal," which requires that he show that he would likely prevail on appeal.  [Filing No. 147, at ECF p. 2.]  This then leads to a dispute as to whether Windhorst seeks a stay pending his objections, or an appeal, and a further discussion regarding whether to treat the underlying sanctions order as dispositive or non-dispositive.[2]

The undersigned magistrate judge need not delve into whether Windhorst is likely to succeed on the merits of his objections, given that Windhorst's objections are to the undersigned's order and are now pending before the district judge.  In any event, whether to grant a stay of sanctions pending resolution of the objections raised on the underlying order is clearly a decision within the Court's discretion.  Granting the requested stay would not reward Windhorst's alleged bad conduct.  Rather, a stay would preserve judicial resources and streamline matters.  Two Rule 72 objections to the underlying sanctions order pend before the district judge—from both Windhorst and Sabag.  [Filing No. 142; Filing No. 143.]  In addition, a settlement conference is scheduled for June 14, 2023, before the undersigned magistrate judge which could resolve the underlying fee dispute.  Thus, as a practical matter, any prejudicial impact on

---

[2] Unsurprisingly, the parties similarly disagree on the appropriate standard to apply for review of the undersigned magistrate judge's sanctions order and whether that order is a dispositive or non-dispositive ruling.  While the issue has not been squarely addressed by the Seventh Circuit, this Court's recent ruling in *Annie Oakley Enters. v. Amazon.com, Inc.*, No. 1:19-cv-1732-JMS-MJD, 2021 WL 2373779, at *8, n.2 (S.D. Ind. June 10, 2021), supports the view that a Rule 37 award of attorneys' fees and costs is a non-dispositive order.

Sabag—from what should be a modest stay while those appeals pend and the parties attempt to resolve the fee dispute in June—is minimal.

Sabag further claims that Windhorst's motion undermines his own credibility, "as he now files a new motion to vigorously fight the payment of sanctions that he previously told this Court that he was offering to pay." [Filing No. 147, at ECF p. 1.]  However, as Windhorst points out in reply, while he voluntarily offered to compensate Sabag for his legal fees in connection with setting the deposition and briefing his order to show cause motion, he never agreed to be sanctioned.  Rather, Windhorst moved to vacate the show cause order [Filing No. 116] and repeatedly stated at the April 11, 2023, hearing that he opposed any sanctions.  Thus, Windhorst's opposition to sanctions is entirely consistent with his prior position.

Accordingly, Windhorst's motion to stay the Court's April 21, 2023, sanctions order is granted.  [Filing No. 144.]  The order is stayed pending the June 14 settlement conference and resolution of Windhorst's contemporaneously filed Rule 72(a) objections.

Date: 5/25/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email